UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                          Chapter 11

IT'SUGAR FL I LLC,                                   Case No. 20-20259-RAM

        Debtor.
_____/

IT'SUGAR LLC,                                         Case No. 20-20261-MAM

        Debtor.
_____/

IT'SUGAR ATLANTIC CITY LLC,              Case No. 20-20263-MAM

        Debtor.
_____/

IT'SUGAR FLGC LLC,                                Case No. 20-20264-MAM

        Debtor.
_____/

## DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION

It'Sugar FL I LLC, It'Sugar LLC, It'Sugar Atlantic City LLC, and It'Sugar FLGC LLC (collectively, "***It'Sugar***" or the "***Debtors***"), by and through undersigned counsel, and pursuant to Fed.R.Bankr.P. 1015(b) and Local Rules 1015-1(A)(2), 9013-1(C)(14) and 5005-1(G)(1)(a), file this *ex parte* motion (the "***Motion***") seeking joint administration of their Chapter 11 cases. In support of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors are affiliates of each other as contemplated by 11 U.S.C. § 101(2)(A).

## II. BACKGROUND

3. On September 22, 2020 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. The Debtors manage and operate their business as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. The Debtors operate as a single business and are known throughout the industry as It'Sugar. It'Sugar is a specialty candy retailer whose products include bulk candy, candy in giant packaging, and licensed and novelty items. It'Sugar's portfolio includes approximately 100 retail locations across 28 states.

6. The Debtors operate as a single business and may also be known throughout the industry as one or more of the following:

   a) It'Sugar FL I LLC;
   b) It'Sugar LLC;
   c) It'Sugar Atlantic City LLC; and
   d) It'Sugar FLGC LLC.

7. The Debtors deposit all receipts from the business operations into separate store deposit accounts. It'Sugar LLC sweeps all store deposit accounts and uses those funds to pay all the Debtors' obligations.[1]

8. It'Sugar LLC pays all payables of the Debtors and no party has been prejudiced by this arrangement.

## III. Relief Requested

9. The Debtors respectfully request that this Court enter an order directing the joint administration of the Debtors' Chapter 11 bankruptcy cases for procedural purposes only pursuant

---

[1] The cash management system will be set forth in more detail in the Debtors' Emergency Motion for (A) Authority to (I) Maintain Existing Bank Accounts and Continue to Use Existing Business Forms and Checks, and (II) Continue to Use Existing Cash Management System, and (B) Waiver of Certain Investment and Deposit Guidelines.

to Federal Rule of Bankruptcy Procedure 1015(b) and Local Rule 1015-1. Specifically, the Debtors request that these cases be jointly administered under the lead case: IT'SUGAR FL I LLC, Case No. 20-20259-RAM.

### IV.     Basis for Relief Requested

10.     Bankruptcy Rule 1015(b) provides in relevant part as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors.[2]

11.     As described above, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Joint administration is proper in these cases. First, the issues that will be addressed in the Debtors' bankruptcy cases will be related and overlapping. To that end, joint administration will result in simplified supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee. Further, the interests of the Debtors, their estates, and all parties-in-interest would best be served by joint administration of these cases. The Debtors believe that joint administration of these cases will obviate the need for duplicative notices, motions, applications, and hearings, and as such, will save the Debtors considerable time and expense. Accordingly, there is a sufficient basis to authorize the relief requested.

12.     Pursuant to Local Rule 1015-1(A)(2), the Debtors state that joint administration of their cases will not give rise to any conflict of interest among the estates of the Debtors. The rights of the respective creditors of the Debtors will not be adversely affected by the joint administration.

---

[2]*See In re GlycoGenesys*, 352 B.R. 568 (Bankr. D.Mass. 2006).

13. Pursuant to Local Rules 1015-1(A)(3) and 5005-1(G)(1)(a), a proposed order jointly administering the cases and confirming to Local Rule 1015-1(A)(3) is attached as **Exhibit A**.

**WHEREFORE**, the Debtors respectfully request entry of an Order in the form attached as **Exhibit A** granting the relief requested herein and granting such other and further relief this Court deems fair and equitable.

Dated:   September 22, 2020.

                                               s/ Michael S. Budwick
                                               Michael S. Budwick, Esquire
                                               Florida Bar No. 938777
                                               mbudwick@melandbudwick.com
                                               Joshua W. Dobin, Esquire
                                               Florida Bar No. 93696
                                               jdobin@melandbudwick.com
                                               James C. Moo, Esquire
                                               Florida Bar No. 938211
                                               jmoon@melandbudwick.com
                                               MELAND BUDWICK, P.A.
                                               3200 Southeast Financial Center
                                               200 South Biscayne Boulevard
                                               Miami, Florida 33131
                                               Telephone: (305) 358-6363
                                               Telecopy: (305) 358-1221

                                               *Proposed Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:

IT'SUGAR FL I LLC,
IT'SUGAR LLC,
IT'SUGAR ATLANTIC CITY LLC,
IT'SUGAR FLGC LLC,

    Debtors.
_____/

Chapter 11
Case No. 20-20259-RAM
Case No. 20-20261-MAM
Case No. 20-20263-MAM
Case No. 20-20264-MAM
(Jointly Administered)

## ORDER JOINTLY ADMINISTERING CHAPTER 11 CASES

This matter came before the court

☐ ex parte or ;

☐ at a hearing on _____

on a motion filed pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1(A)(2).

The cases identified in the caption of this order are pending in this court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general members of a partnership, or (4) a debtor and an

1

EXHIBIT A

affiliate. It appears that these cases should be jointly administered as authorized under Bankruptcy Rule 1015 and Local Rule 1015-1.

Accordingly it is

**ORDERED** that:

1. These cases shall be jointly administered. Case No. 20-20259-RAM is designated the "lead case". Case numbers 20-20261-MAM, 20-20263-MAM and 20-20264-MAM are transferred to the undersigned judge.

2. A single case docket and court file will be maintained hereafter under the "lead case" number.

3. Pleadings filed in other than the lead case shall be captioned under the lead case name(s) and case number followed by the words "(Jointly Administered)" and beneath that caption, the case names and numbers for the cases in which the document is being filed. Claims filed shall indicate only the case name and number of the case in which the claim is asserted. Separate claims registers shall be maintained for each case. Ballots shall be styled and filed only in the case name and number of the member case for which the plan being voted on was filed.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4.    The debtor-in-possession, or if applicable, trustee, will not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

### ###

**Submitted by:**

Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
MELAND BUDWICK, P.A.
*Proposed Attorneys for the Debtors-in-Possession*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:    (305) 358-6363
Telefax:         (305) 358-1221

**Copies Furnished To:**
Joshua W. Dobin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

3