UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

          Chapter 11

| | |
|---|---|
| IT'SUGAR FL I LLC, | Case No. 20-20259-RAM |
| IT'SUGAR LLC, | Case No. 20-20261-RAM |
| IT'SUGAR ATLANTIC CITY LLC, | Case No. 20-20263-RAM |
| IT'SUGAR FLGC LLC, | Case No. 20-20264-RAM |
| | (Joint Administration *pending*) |

    Debtors.
_____/

**DEBTORS' EMERGENCY MOTION PURSUANT TO SECTIONS 105(A), 363(B), AND 503(B)(1) OF THE BANKRUPTCY CODE FOR AUTHORIZATION <u>TO HONOR CERTAIN PREPETITION CUSTOMER PROGRAMS</u>**

<u>**(Emergency Hearing Requested)**</u>

<u>**Basis for Requested Emergency Hearing**</u>

The Debtors respectfully request that the Court conduct a hearing on this Motion consistent with Local Rule 9013-1(F). The Debtors operate a retail candy business and have determined that this relief is necessary in order to ensure customer satisfaction, develop and sustain customer loyalty, improve profitability, and generate goodwill for the Debtors, their business and their products, and thereby retain current customers, attract new ones, and ultimately enhance net income. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1 (B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

      It'Sugar FL I LLC, It'Sugar LLC, It'Sugar Atlantic City LLC, and It'Sugar FLGC LLC (collectively, "***It'Sugar***" or the "***Debtors***"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105(a), 363(b), and 503(b)(1) of the Bankruptcy Code, file this motion ("***Motion***") seeking entry of an order authorizing the Debtors to honor certain prepetition customer programs. In support of the Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are §§ 105(a), 363(b), and 503(b)(1) of the Bankruptcy Code, Rule 6003 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and Local Rule 9013-1(I).

**Procedural Background**

4. On September 22, 2020 ("**Petition Date**"), the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

5. The Debtors are operating their business and managing their affairs as a debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6. The Debtors operate as a single business and are known throughout the industry as It'Sugar. It'Sugar is a specialty candy retailer whose products include bulk candy, candy in giant packaging, and licensed and novelty items. It'Sugar's portfolio includes approximately 100 retail locations across 28 states.

**Relief Requested**

7. Prior to commencement of these chapter 11 cases, both in the ordinary course of business and as customary in the retail industry, the Debtors engaged in certain activities to develop and sustain a positive reputation with the consumers to whom the Debtors market their products (collectively, the "**Customers**"). To that end, the Debtors implemented various customer programs and policies (collectively, the "**Customer Programs**") designed to ensure customer satisfaction, drive sales, meet competitive pressures, develop and sustain customer loyalty, improve

profitability, and generate goodwill for the Debtors and their products, and thereby retain current customers, attract new ones, and ultimately enhance net income. By this Motion, pursuant to §§ 105(a), 363(b), and 503(b)(l) of the Bankruptcy Code, the Debtors seek authority to continue the Customer Programs in the ordinary course of business and to perform and honor up to approximately $200,000 of their prepetition obligations thereunder.[1]

## The Customer Programs

8.  The benefits of the Customer Programs are integral to the Debtors' efforts to stabilize their business, restore vitality, and ultimately deliver the most value to all stakeholders in these chapter 11 cases. The Debtors believe they must quickly assure Customers of the Debtors' continued ability to fulfill their obligations under the prepetition Customer Programs in order to maintain their valuable customer relationships following the commencement of these chapter 11 cases.

9.  The following are general descriptions of the Debtors' Customer Programs:

   a)  In the ordinary course of business, the Debtors sell gift cards ("**Gift Cards**") to customers. The Debtors have gift card liability in the amount of approximately $200,000. Gift Cards do not expire.

   b)  In the ordinary course of business, the Debtors permit a customer to return certain purchases within thirty (30) days from the purchase date at the retail locations and sixty (60) days from the purchase date online.

---

[1] Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' right to dispute any claim, or an approval or assumption of any agreement, contract, or lease under § 365 of the Bankruptcy Code. Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order granting this Motion is not intended and should not be construed to be an admission as to the validity of any claim or a waiver of the Debtors' right to subsequently dispute such claim.

**Ample Support Exists to Authorize the Debtors to Continue Their Customer Programs**

10. The Debtors seek authorization pursuant to §§ 105(a), 363(b), and 503(b)(1) of the Bankruptcy Code to maintain and continue the Customer Programs and to honor their undisputed prepetition obligations in respect thereof, in the ordinary course of business without interruption in accordance with prepetition practices.

11. Sections 1107(a) and 1108 of the Bankruptcy Code authorize a debtor in possession to continue to operate its business. 11 U.S.C. §§ 1107(a), 1108. Pursuant to § 503(b)(1) of the Bankruptcy Code, a debtor may incur, and a court, after notice and a hearing, shall allow as administrative expenses, among other things, "the actual, necessary costs and expenses of preserving the estate." *Id.* § 503(b)(l). In addition, pursuant to § 363(b) of the Bankruptcy Code, a debtor may, in the exercise of its sound business judgment and after notice and a hearing, use property of the estate outside of the ordinary course of business. *Id.* § 363(b). The Debtors believe the use of estate funds to continue the Customer Programs is permitted by §§ 503(b)(l) and 363(b) as necessary costs of preserving the estate. Honoring the Customer Programs will enable the Debtors to retain valuable relationships which, in turn, will help strengthen the Debtors' business.

12. Additionally, § 507(a)(7) of the Bankruptcy Code establishes a priority for "unsecured claims of individuals, to the extent of $3,025 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided." *Id.* § 507(a)(7). The Debtors submit that the holders of Gift Cards issued prepetition may be entitled to priority claims under § 507(a)(7) of the Bankruptcy Code if the Court does not authorize the Debtors to honor same.

*In re WW Warehouse, Inc.,* 313 B.R. 588 (Bankr. D. Del. 2004) (finding that gift certificate holders are entitled to priority status under § 507(a)(7)). As priority claimholders, holders of the certificates would be paid in full before any general unsecured obligations of the Debtors are satisfied. Accordingly, the relief requested may affect only the timing of the Debtors' performance of their obligations to honor the certificates and will not prejudice the rights of general unsecured creditors or other parties in interest.

13. Furthermore, to supplement the explicit powers described above, § 105(a) of the Bankruptcy Code authorizes a "court [to] issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Id.* Section 105(a). Numerous courts have used their § 105(a) powers under the "doctrine of necessity" to authorize payment of prepetition obligations where, as here, such payment is essential to the Debtors' business. *See, e.g, In re Justfor Feet, Inc.,* 242 B.R. 821, 825 (D. Del. 1999) ("The Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize the payment of prepetition claims when such payment is necessary for the debtor's survival during Chapter 11."); *In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("The ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept.") (citation omitted); *In re Gulf Air, Inc.,* 112 B.R. 152, 153 (Bankr. W.D. La. 1989) ("While prepetition claims are normally disposed of in a plan of reorganization and in accordance with statutory priorities, there are well-established 'necessity of payment' and similar exceptions."); *see also In re Lehigh & N. England Ry. Co.,* 657 F.2d 570,581 (3d Cir. 1981); *In re Tropical Sportswear Int'l Corp.,* 320 B.R. 15 (Bankr. M.D. Fla. 2005) (recognizing and applying §§ 105(a) and 363 of the Bankruptcy Code to justify the payment of prepetition obligations in appropriate

circumstances); *In re NVR L.P.,* 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("Under Section 105, the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor.") (citing *Ionosphere Clubs,* 98 B.R. at 177).

14. The continuity, viability, and revitalization of the Debtors' business is dependent on the development and maintenance of the loyalty of their Customers. It is essential that the Debtors be permitted to continue the Customer Programs and honor their prepetition obligations thereunder. If the Debtors are unable to do so, their operations will be irreparably harmed.

15. The Customer Programs are standard practice in the specialty retail industry. The Debtors' principal competitors maintain programs similar, if not identical, to those offered by the Debtors. As such, Customers have come to expect these types of programs to be offered in the ordinary course of business by all participants in the Debtors' industry, including the Debtors.

16. The Debtors' ability to continue the Customer Programs, which have proven beneficial, is necessary to reassure Customers and preserve goodwill. The Debtors submit that the resulting benefit of continued Customer satisfaction and loyalty during the pendency of these cases will far exceed the cost of such programs. Considering the potential for loss of competitiveness absent the relief requested herein, and the resulting impact on the Debtors' business, the Debtors submit that their request for authorization to continue the Customer Programs in the ordinary course of business and to perform and honor their prepetition obligations thereunder, as they deem appropriate in their business judgment, without further application to the Court, is in the best interest of the Debtors, their estates, and their creditors, and should be approved in all respects.

17. The Debtors submit that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein, Rule 6003 of the Federal Rules of Bankruptcy Procedure has been satisfied.

18. To successfully implement the foregoing, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen day stay under Bankruptcy Rule 6004(h).

**WHEREFORE**, the Debtors respectfully request the entry of an order in the form attached hereto as **Exhibit A** (i) granting the Motion; (ii) authorizing the Debtors to continue the Customer Programs in the ordinary course of business and to perform and honor their prepetition obligations thereunder; and (iii) granting such other and further relief as is just and proper.

Dated: September 23, 2020.

 s/ Michael S. Budwick
Michael S. Budwick, Esquire
Florida Bar No. 938777
mbudwick@melandbudwick.com
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Proposed Attorneys for Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                              Chapter 11

IT'SUGAR FL I LLC,                          Case No. 20-20259-RAM
IT'SUGAR LLC,                                 Case No. 20-20261-RAM
IT'SUGAR ATLANTIC CITY LLC,      Case No. 20-20263-RAM
IT'SUGAR FLGC LLC,                        Case No. 20-20264-RAM
                                                              (Joint Administration *pending*)

           Debtors.
_____/

**ORDER GRANTING DEBTORS' EMERGENCY MOTION PURSUANT TO SECTIONS 105(A), 363(B), AND 503(B)(1) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO HONOR CERTAIN PREPETITION CUSTOMER PROGRAMS**

**THIS MATTER** came before the Court on _____, 2020 at ___ ___.m. upon the *Debtors' Emergency Motion Pursuant to Sections 105(a), 363(b), and 503(b)(1) of the Bankruptcy Code for Authorization to Honor Certain Prepetition Customer Programs* [ECF No. ____] (the "***Motion***"). The Court considered the Motion and finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C.

1

EXHIBIT A

§ 157(b)(2); (d) notice of the Motion and the hearing thereon was sufficient under the circumstances; and (e) the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein. Accordingly, it is:

**ORDERED AND ADJUDGED** as follows:

1. The Motion is **GRANTED**.

2. The Debtors[1] are authorized, but not directed, pursuant to §§ 105(a), 363(b), and 503(b)(1) of the Bankruptcy Code, to continue the Customer Programs, and to provide refunds in connection with returned or reversed e-commerce sales, in the ordinary course of their business in the same manner and on the same basis as the Debtors implemented and maintained prior to commencement of their chapter 11 cases.

3. The Debtors are authorized, but not directed, to honor all prepetition obligations relating to the Customer Programs in the ordinary course of business, in the same manner and on the same basis as the Debtors honored such obligations prior to commencement of the chapter 11 cases.

4. Any requirements of Rule 6003 of the Bankruptcy Rules have been satisfied.

5. The requirements of Bankruptcy Rule 6004(a) and 6004(h) are waived and the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

6. Further, nothing in this Order or Motion shall be construed as prejudicing any rights the Debtors may have to contest the amount or basis of any prepetition or postpetition obligations relating to the Customer Programs.

---

[1] Capitalized terms used herein shall have the meanings ascribed in the Motion.

2

7.	The Court shall retain jurisdiction over this matter to provide for such additional and further relief necessary to enforce the terms and conditions of this Order.

###

**Submitted By:**
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
MELAND BUDWICK, P.A.
Counsel for Debtors
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:	(305) 358-6363
Telefax:	(305) 358-1221

**Copies Furnished To:**
Joshua W. Dobin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.
and to file a Certificate of Service.

3