UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Chapter 11

IT'SUGAR FL I LLC,                    Case No. 20-20259-RAM
IT'SUGAR LLC,                          Case No. 20-20261-RAM
IT'SUGAR ATLANTIC CITY LLC,            Case No. 20-20263-RAM
IT'SUGAR FLGC LLC,                     Case No. 20-20264-RAM
                                       (Joint Administration *pending*)

            Debtors.
_____/

**DEBTORS' EMERGENCY MOTION FOR AUTHORIZATION TO (I) CONTINUE THEIR INSURANCE PROGRAMS; AND (II) PAY ALL INSURANCE OBLIGATIONS**

**(Emergency Hearing Requested)**

**Basis for Requested Emergency Hearing**

The Debtors respectfully request that the Court conduct a hearing on this Motion consistent with Local Rule 9013-1(F). The Debtors operate a retail candy business requiring certain insurance to remain in place. It is critical that the Debtors obtain immediate approval to pay insurance premiums. Absent the ability to pay insurance premiums, the Debtors will be unable to operate their business and creditors and parties in interest will be severely prejudiced. In contrast, approval of the insurance premium payments will enable the Debtors to continue their operations and allow for an orderly reorganization. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1 (B), which requires an affirmative statement that a *bona fide* effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

It'Sugar FL I LLC, It'Sugar LLC, It'Sugar Atlantic City LLC, and It'Sugar FLGC LLC,

("***It'Sugar***" or "***Debtors***") by and through undersigned counsel, and pursuant to 11 U.S.C. §§

105(a), 363(b), and 503(b)(1) file this motion ("***Motion***") authorizing, but not directing, the

Debtors to (i) maintain their existing insurance policies; and (ii) pay all associated insurance

obligations. In support, the Debtors respectfully state as follows:

## I.    Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    Background

2.      On September 22, 2020, ("**Petition Date**"), the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

3.      The Debtors are operating their business and managing their affairs as debtors in possession. 11 U.S.C. §§ 1107(a) and 1108.

4.      The Debtors operate as a single business and are known throughout the industry as It'Sugar. It'Sugar is a specialty candy retailer whose products include bulk candy, candy in giant packaging, and licensed and novelty items. It'Sugar's portfolio includes approximately 100 retail locations across 28 states.

## III.    The Debtors' Insurance Programs

5.      In connection with the operation of its business, the Debtors maintain various insurance policies. Attached as **Exhibit A** is a Schedule of Insurance Policies, describing the insurance policies the Debtors hold ("**Insurance Policies**").

6.      As set forth on Exhibit A, the Insurance Policies include coverage for general liability, automobile liability, and umbrella liability.

7.      As of the Petition Date, the Debtors are current on all premium obligations arising under the Insurance Policies ("**Insurance Obligations**").

8.      The policies are essential to the ongoing operation of the Debtors' business.

2

#### IV.    Relief Requested

9.      The Debtors request authority, but not direction, pursuant to sections 105(a), 363(b), and 503(b) of the Bankruptcy Code, to (i) maintain their existing Insurance Policies; and (ii) pay all Insurance Obligations arising thereunder or in connection therewith, whether arising prepetition or postpetition.

#### V.    Basis for Relief

10.     The Court has authority pursuant to §§ 503(b), 363(b) and 105(a) of the Bankruptcy Code to grant the relief requested herein. Section 503(b)(I) of the Bankruptcy Code provides that, "[a]fter notice and a hearing, there shall be allowed, administrative expenses [ ], including . . . the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Accordingly, the Court may authorize the Debtors to use estate funds to pay any Insurance Obligations arising or relating to the period after the Petition Date.

11.     Pursuant to § 363(b) of the Bankruptcy Code, the Court may also authorize the Debtors to pay Insurance Obligations arising or relating to the period before the Petition Date. *See In re Ionosphere Clubs, Inc.,* 98 BR. 174, 175 (Bankr. S.D.N.Y. 1989) (authorizing payment of certain prepetition obligations under section 363(b)). Section 363(b) provides that "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(l). To approve the use of a debtor's assets outside the ordinary course of business under § 363(b), a court must find that a "good business reason" exists for the use of such assets. *See, e.g., Official Comm. of Unsecured Creditors v. Enron Corp. (In re Enron Corp.)*, 335 B.R. 22,27-28 (S.D.N.Y. 2005) (quoting *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)).

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

12.     The business judgment rule is satisfied where "'the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)), appeal dismissed, 3 F.3d 49 (2d Cir. 1993). "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

13.     Additionally, the Court has the authority, pursuant to its equitable powers under §105(a) of the Bankruptcy Code, to authorize the Debtors to pay or otherwise satisfy any Insurance Obligation because such payments are necessary for the Debtors to carry out their fiduciary duties under §1107(a) of the Bankruptcy Code. Section 1107(a) "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "protect and preserve the estate, including an operating business' going-concern value," on behalf of the debtor's creditors and other parties in interest. *In re CEI Roofing, Inc*., 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C*., 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232-33 (Bankr. S.D.N.Y. 1998) ("upon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee"). Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a); *see Schwartz v. Aquatic Dev. Group, Inc.*

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

*(In re Aquatic Dev. Group, Inc.)*, 352 F.3d 671, 680 (2d Cir. 2003) ("it is axiomatic that bankruptcy courts are 'courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process'") (quoting *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994)).

14.     It is well-established that courts consistently have permitted postpetition payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See, e.g., Miltenberger v. Logansport, C&S W.R. Co.*, 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of [crucial] business relations"). The modern application of this "doctrine of necessity" is largely unchanged from the United States Supreme Court's reasoning in *Miltenberger. See Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir.) (extending doctrine for payment of prepetition claims beyond railroad reorganization cases), *cert. denied*, 325 U.S. 873 (1945); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285-86 (S.D.N.Y. 1987) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits); *In re Lehigh & New Eng. Rv.*, 657 F.2d 570, 581-82 (3d Cir. 1981) ("[I]n order to justify payment under the 'necessity of payment' rule, a real and immediate threat must exist that failure to pay will place the continued operation of the [debtor] in serious jeopardy.").

15.     The "[doctrine of necessity] recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay pre-petition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc.* 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989); *see also In re Just for Feet, Inc.*, 242 B.R. 821, 826 (D. Del. 1999) (noting that where the debtor "cannot survive" absent payment of certain prepetition claims, the "doctrine

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

of necessity" should be invoked to permit payment); *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[T]he court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor."). Indeed, the "doctrine of necessity" functions in Chapter 11 reorganization as a mechanism by which the Court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code. *See In re Boston & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing "existence of a judicial power to authorize trustees ... to pay claims [for] goods and services indispensably necessary" to debtors' continued operation); *In re Structurelite Plastics Corp.*, 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988) ("[A] *per se* rule proscribing the payment of pre-petition indebtedness may well be too inflexible to permit the effectuation of the rehabilitative purposes of the Code."). Accordingly, the purpose of the "doctrine of necessity" parallels the ultimate goal of Chapter 11: "facilitating the continued operation and rehabilitation of the debtor." *In re Ionosphere Clubs, Inc.,* 98 BR. at 176.

16.     Sound business reasons exist for the Debtors to maintain the Insurance Policies as it is in the best interests of its estate, employees, and creditors. The Debtors cannot operate their business without the Insurance Policies and any interruption in the Debtors' insurance coverage would have a substantially adverse impact upon the Debtors' ability to maintain their business operations and mitigate their liabilities. For instance, inability to pay any Insurance Obligation could result in one or more of the Insurance Carriers declining to renew an Insurance Program or refusing to enter into new insurance agreements with the Debtors in the future. If the Insurance Programs lapse without renewal, the Debtors could be exposed to substantial liability to the detriment of all parties in interest.  Accordingly, the continuation of the Insurance Programs and

the ability to pay, in the Debtors' discretion, all Insurance Obligations arising under the Insurance Programs is essential to preserve the Debtors' business and the value of the Debtors' estates for all parties in interest.  In addition, in order to comply with the guidelines of the Office of the United States Trustee, the Debtors must maintain the Insurance Programs.

17.      A proposed order is attached as **Exhibit B**.

## VI.      Reservation of Rights

18.      Nothing within this Motion is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' right to dispute any claim, or an approval or assumption of any agreement, contract, or lease under Bankruptcy Code § 365. The Debtors expressly reserve their right to contest any claim related to the relief sought herein. Likewise, if the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## VII.      Waiver of Bankruptcy Rule 6004(a) and 6004(h)

19.      To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day period under Bankruptcy Rule 6004(h).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**WHEREFORE**, the Debtors respectfully request entry of an Order in the form attached as **Exhibit B** granting the relief requested herein and granting such other and further relief this Court deems fair and equitable.

Dated: September 23, 2020.

 s/ Michael S. Budwick
Michael S. Budwick, Esquire
Florida Bar No. 938777
mbudwick@melandbudwick.com
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Proposed Attorneys for Debtors*

| Named Insured | Entity Covered | Policy Type | Policy Number | Insurer | Policy Inception | Policy Expiration | Broker | Premium incl taxes, surch, fees | Broker Contact Info | BBX Master Program |
|---|---|---|---|---|---|---|---|---|---|---|
| It'Sugar LLC | It'Sugar LLC | General Liability-$5K ded | CC3GL000 30-201 | Everest Premier Insurance Company | 08/01/20 | 08/01/21 | AJG | $64,517.00 | Gladys Matthews Gladys_Matthews@ajg.com 713-358-5892 | NO |
| It'Sugar LLC | It'Sugar LLC | Workers Compensation | CC8WC000 32-201 | Everest Premier Insurance Company | 08/01/20 | 08/01/21 | AJG | $184,710.00 | Gladys Matthews Gladys_Matthews@ajg.com 713-358-5892 | NO |
| It'Sugar LLC | It'Sugar LLC | D&O, EPL, Fiduciary ERP 6 Years | ML760220 500 | Argonaut Insurnace | 10/30/16 | 06/16/23 | AMWINS/R mpart Brokerage | $24,494.00 | Unknown | NO |
| It'Sugar LLC | It'Sugar LLC | Product Recall Expense | BGPR0270 02 | Berkley Assurance | 08/01/20 | 08/01/21 | RMS-Maximum | $3,252.90 | Ed Perdomo EdP@MAXIB.com     813-999-4976 | NO |
| It'Sugar LLC | It'Sugar LLC | Rep & Warranty | W1F0A717 0101 | Lloyds | 06/16/17 | 06/16/23 | Marsh | $315,300.00 | Kevin Rogan Kevin.P.Rogan@marsh.com 954-838-3506 | NO |
| BBX Capital Corp | It'Sugar LLC | Foreign Commercial Package | WR100010 19 | World Source | 08/01/20 | 08/01/21 | AJG | $0.00 | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Active Shooter & Malicious Attack Property & Liability | UTS256245 020 | Hiscox | 03/28/20 | 03/28/21 | Maximum-RMS | $809.49 | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Network Liability- $6M primary | 01-382-47-16 | National Union Fire Insurance Co of Pitt | 06/01/20 | 06/01/21 | NFP | $10,035.00 | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Network Liability- $4M excess | 100038655 | QBE | 06/01/20 | 06/01/21 | NFP | incl above | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Excess-$15M xs $15M | CX00DEQ2 0 | Aspen | 08/01/20 | 08/01/21 | AJG | $85,562.00 | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Umbrella -$15M | XC5EX010 80-021 | Everest National | 08/01/20 | 08/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Special Crime | UKA30107 57.19 | Hiscox | 05/17/19 | 05/17/22 | JLT | $500.00 | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (10% of $10M Primary) | CX D42304426 001 | Ace American Insurance Company | 04/01/20 | 04/01/21 | AJG | $181,950.44 | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (20% of $10M Primary) | ESP300016 01500 | Endurance American Specialty Insurance Company | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (15% of $10M Primary) | 100040256 2-01 | Ironshore | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property ($10M Primary) | EW009722 0 | Lloyds Underwriter | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (5% of $10M Primary) | DF0001066 4 | National Fire & Marine Ins Co (Kemah Capital) | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (10% of $15M xo $10M) | ELF636879-20 | AXIS Surplus Insurance Company | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (23.33% of $15M xo $10M) | 000658923 0 | Lexington Insurance Company | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property ($15M xo $10M) | EW009742 0 | Lloyds Channel | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (11.33% of $15M xo $10M) | 20-ASC-0015B | Various - Risk Smith | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (20% of $25M xo deductibles) | ESP300016 01500 | Endurance American Specialty Insurance Company | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegree nvacations.com 561-912-7849 | YES |

EXHIBIT A

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| BBX Capital Corp | It'Sugar LLC | Property (15% of $25M xo deductibles) | W233D2200301 | (Beazley) Underwriters at Lloyds London | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property ($25M Primary) | EW0096620 | Lloyds Argo | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (8.33% of $25M x/o $25M) | PX00G6Y20 | Aspen Specialty Insurance Co | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (20% of $25M x/o $25M) | D42265925002 | Westchester Surplus Lines Insurance Company | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (100% of $25M x/o $100M) | Various | QBE Specialty Ins, General Security Indemnity Co of AZ & Starstone Specialty | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (15% of $50M xo $50M) | 01-B-XP-00003665-0 | Ategrity Specialty Insurance Co | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (10% of $50M xo $50M) | 73PRX20A55A | Hallmark Specialty Ins Company | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property ($50M x/o $50M) | EW0097720 | Lloyds Fidelis | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (20% of $75M x/o $25M) | CA3X001593-201 | Everest Indemnity Ins Co | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (33.33% of $75M xo $25M) | SLSTPTY11286320 | Starr Surplus Lines Insurance Co | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (10% of $75M x/o $25M) | Various | Velocity (Independent Specialty Ins Co; Interstate Fire & Cas Co; Certain Underwriters at Lloyds) | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Property (8.33% of $90M x/o $10M) | MKLV14XP013853 | Evanston  Insurance Co | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital LLC | It'Sugar LLC | Terrorism Policy | FC0272220 | Underwriters at Lloyds London | 04/01/20 | 04/01/21 | AJG | incl above | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Employment Practices Liability ($5 M x $500K) | QPL-1181993 | QBE | 11/15/19 | 11/15/20 | Marsh | $7,939.62 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Employment Practices Liability Excess ($3 xo $5) | V2533F190201 | Beazley | 11/15/19 | 11/15/20 | Marsh | $4,820.48 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Directors & Officers ($10 M/$1M retention) | PE2002178 | Beazley | 08/10/20 | 08/10/21 | NFP | $5,901.75 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | 1st Excess D&O ($5 xs $10) | 100040384 | QBE | 08/10/20 | 08/10/21 | NFP | $1,859.00 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | 2nd Excess D&O ($5xs $15) | PE2002193 | Hiscox | 08/10/20 | 08/10/21 | NFP | $1,523.37 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | 3rd Excess $5M xs $20M | PE2002194 | Starpoint | 08/10/20 | 08/10/21 | NFP | $1,234.46 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | 4th Excess $5M xs $25M | DO20201081-01 | CapSpecialty | 08/10/20 | 08/10/21 | NFP | $852.00 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | 5th Excess $5M x $30M | MLX4261623-0 | Argo | 08/10/20 | 08/10/21 | NFP | $1,100.00 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |

| BBX Capital Corp | It'Sugar LLC | Side A DIC $10M | ELU169573-20 | AXA XL | 08/10/20 | 08/10/21 | NFP | $900.00 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
|---|---|---|---|---|---|---|---|---|---|---|
| BBX Capital Corp | It'Sugar LLC | Excess Side A DIC $5M x $10M | BPRO8053327 | Berkley | 08/10/20 | 08/10/21 | NFP | $440.00 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Crime Coverage ($10M) | V20CB5190301 | Beazley | 11/15/19 | 11/15/20 | Marsh | $3,127.76 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Crime Coverage -Excess ($10M xs $10M) | ELU164867-19 | XL Specialty Ins. Co. | 11/15/19 | 11/15/20 | Marsh | $2,362.04 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Fiduciary Liability ($10 - $25k ret) | V20CCA190301 | Beazley | 11/15/19 | 11/15/20 | Marsh | $25.52 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |
| BBX Capital Corp | It'Sugar LLC | Fiduciary Liability Excess | QPL-1167432 | Beazley | 11/15/19 | 11/15/20 | Marsh | $8.72 | Toni Hartman Antoinette.Hartman@bluegreenvacations.com 561-912-7849 | YES |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Chapter 11

IT'SUGAR FL I LLC,                          Case No. 20-20259-RAM
IT'SUGAR LLC,                               Case No. 20-20261-RAM
IT'SUGAR ATLANTIC CITY LLC,                 Case No. 20-20263-RAM
IT'SUGAR FLGC LLC,                          Case No. 20-20264-RAM
                                            (Joint Administration *pending*)

            Debtors.
_____/

**ORDER GRANTING DEBTORS' EMERGENCY MOTION
FOR AUTHORIZATION TO (I) CONTINUE THEIR
INSURANCE PROGRAMS; AND (II) PAY ALL INSURANCE OBLIGATIONS**

      **THIS MATTER** came before the Court on _____, 2020 at ___

___.m. upon the *Debtors' Emergency Motion for Authorization to (I) Continue its Insurance

Programs; and (II) Pay All Insurance Obligations* [ECF No. ____] ("***Motion***"). The Court

reviewed the Motion, heard the statements of counsel in support of the relief requested in the

Motion at the hearing before the Court ("***Hearing***"); finds that: (a) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court

1

EXHIBIT B

pursuant to 28 U.S.C. § 1408; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the Motion and the Hearing was sufficient under the circumstances; and (e) therefore just cause exits to grant the relief requested in the Motion as set forth herein. Accordingly, it is:

**ORDERED AND ADJUDGED** as follows**:**

1.    The Motion is **GRANTED**.

2.    The Debtors are authorized to continue their Insurance Programs[1] and to perform with respect to all of the Insurance Obligations.

3.    The Court shall retain jurisdiction over this matter to provide for such additional and further relief necessary to enforce the terms and conditions of this Order.

###

**Submitted By:**
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
MELAND BUDWICK, P.A.
Counsel for Debtors
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:    (305) 358-6363
Telefax:    (305) 358-1221

**Copies Furnished To:**
Joshua W. Dobin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.