UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Chapter 11

IT'SUGAR FL I LLC,                          Case No. 20-20259-RAM
IT'SUGAR LLC,                               Case No. 20-20261-RAM
IT'SUGAR ATLANTIC CITY LLC,                 Case No. 20-20263-RAM
IT'SUGAR FLGC LLC,                          Case No. 20-20264-RAM
                                            (Joint Administration *pending*)

            Debtors.
_____/

**APPLICATION OF THE DEBTORS FOR AN ORDER, ON AN INTERIM
BASIS, AUTHORIZING THE EMPLOYMENT AND RETENTION OF
MELAND BUDWICK, P.A. AS ATTORNEYS FOR THE DEBTORS
AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

**(Emergency Hearing Requested)**

**Basis for Requested Emergency Hearing**

The Debtors respectfully request that the Court conduct a hearing on this Motion
consistent with Local Rule 9013-1(F). Delay in obtaining approval of counsel's
retention until a final hearing is scheduled will cause immediate and irreparable
harm to the Debtors inasmuch as the Debtors are corporate entities which need
legal counsel in order to handle first day motions. The Debtors respectfully
request that the Court waive the provisions of Local Rule 9075-1 (B), which
requires an affirmative statement that a bona fide effort was made in order to
resolve the issues raised in this Motion, as the relief requested herein is urgent in
nature and does not lend itself to advance resolution.

It'Sugar FL I LLC, It'Sugar LLC, It'Sugar Atlantic City LLC, and It'Sugar FLGC LLC

(collectively, "*It'Sugar*" or the "*Debtors*"), by and through undersigned counsel, submits this

application ("*Application*") seeking entry of an Order of the Court, pursuant to § 327(a) of Title

11 of the United States Code, Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy

Procedure and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court

for the Southern District of Florida, authorizing the employment and retention of Michael S.

Budwick, Esquire and the law firm of Meland Budwick, P.A. as attorneys for the Debtors *nunc pro tunc* to the commencement of this Chapter 11 cases.  In support of the Application, the Debtors respectfully represent as follows:

## I.    Jurisdiction and Venue

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The bases for the relief requested herein are §§ 327(a), 328(a) and 330 of Title 11 of the United States Code ("***Bankruptcy Code***"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure ("***Bankruptcy Rules***") and Rule 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "***Local Rules***").

## II.    Background

4.    On September 22, 2020 ("***Petition Date***"), the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

5.    The Debtors are operating their business and managing their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

6.    The Debtors operate as a single business and are known throughout the industry as It'Sugar. It'Sugar is a specialty candy retailer whose products include bulk candy, candy in giant packaging, and licensed and novelty items. It'Sugar's portfolio includes approximately 100 retail locations across 28 states.

## III.    Relief Requested

7.    The Debtors desire to employ Michael S. Budwick, Esquire (***"Mr. Budwick"***) and

the law firm of Meland Budwick, P.A. (**"MB"**) as general counsel in this Chapter 11 case.

8.      The Debtors have determined that it is necessary to engage attorneys with knowledge and experience in the areas of bankruptcy and litigation.  Such legal counsel will enable the Debtors to carry out their duties in this Chapter 11 case and to assist in the administration of their estate. The Debtors, therefore, propose to retain the law firm of MB as counsel in all phases of their Chapter 11 cases.

9.      The Debtors have selected MB as their attorneys because of the firm's knowledge of the Debtors' business and financial affairs, and its extensive general experience and institutional knowledge, and, in particular, MB's recognized expertise with complex corporate bankruptcy cases under Chapter 11 of the Bankruptcy Code.  MB has been actively involved in Chapter 11 cases in this and other districts for over 20 years.

10.      MB is intimately familiar with the Debtors' business and financial affairs and is well qualified to provide the services required by the Debtors in connection with these Chapter 11 cases. MB has served as counsel to the Debtors since March 2020 to provide services including advising the Debtors with respect to restructuring matters and assisting in the preparation of the chapter 11 cases.

11.      The Debtors firmly believe that MB, because of its experience in Chapter 11 cases and its historical representation of the Debtors, is well qualified and uniquely situated to represent the Debtors' interests and the interests of their estates.  Accordingly, the Debtors believe that they will be unduly prejudiced if forced to retain counsel other than MB in connection with the prosecution of these Chapter 11 cases. MB has stated its desire and willingness to act in these cases and render the necessary professional services as attorneys for the Debtors.  As such, the Debtors

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

believe that the retention of MB is in the best interests of their estates and all parties in interest in these Chapter 11 cases.

12.    Subject to the order of this Court, the Debtors propose to employ MB to render the following professional services, among others:

a)    advise the Debtors with respect to their powers and duties as debtors-in-possession and the continued management of their business operations;

b)    advise the Debtors with respect to their responsibilities in complying with the U.S. Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

c)    prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of these cases;

d)    protect the interests of the Debtors and their estates in all matters pending before the Court; and

e)    represent the Debtors in negotiations with their creditors and other parties in interest, and in the preparation of a plan.

13.    To the best of the Debtors' knowledge, the partners, counsel and associates of MB do not have any connection with, or any interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, except as set forth in the Declaration of Michael S. Budwick, Esquire ("***Budwick Declaration***") attached as **Exhibit A**.

14.    Based upon the Budwick Declaration, the Debtors submit that MB is a "disinterested person" as such term in defined in Bankruptcy Code § 101(14), as modified by Bankruptcy Code 1107(b).

15.    MB intends to apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with these Chapter 11 cases on an hourly basis, subject to Court approval and in accordance with the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, including the guidelines established by the United States Trustee for the Southern District of Florida ("*Guidelines*") and any further orders of this Court.

16.    Prepetition, MB was paid the following amounts from the Debtor, It'Sugar LLC:

a)    $20,126.25 on June 1, 2020;
b)    $5,673.45 on June 15, 2020;
c)    $1,163.83 on July 20, 2020; and
d)    $147,983.35 on September 22, 2020.

On the Petition Date, there was a post-petition fee retainer of $115,000 and cost retainer of $10,000 on hand. Pre-petition, at the Debtors' request, MB provided a 10% discount on its fees. MB has agreed to continue to provide the same discount post-petition.

17.    The Debtors request authority for MB to maintain time records in support of any application for compensation and reimbursement of costs with respect to the Debtors on a consolidated basis without the necessity for tracking time separately as to each Debtor inasmuch as It'Sugar LLC pays for each of the Debtors' expenses.

18.    Pursuant to Local Rule 2014-1(A), a copy of the executed Legal Representation Agreement is attached as **Exhibit B**.

## Basis for Relief Requested

19.    Pursuant to this Application, the Debtors seek entry of an order authorizing the employment and retention of MB as attorneys for the Debtors effective as of the Petition Date, pursuant to Bankruptcy Code §§ 327(a) and 330, Bankruptcy Rules 2014(a), 2016 and 6003 and Local Rules 2014-1 and 2016-1. Pursuant to Bankruptcy Code § 328(a), the Debtors further request that the Court approve the retention of MB under a general retainer, as its attorneys, in accordance

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

with MB's normal hourly rates in effect at the time services are rendered, less a 10% discount, and

normal reimbursement policies.

### V.    <u>Authority for Relief Requested</u>

20.    The Debtors seek retention of MB as its attorneys pursuant to Bankruptcy Code §

327(a), which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other
> professional persons, that do not hold or represent an interest adverse to the estate, and that
> are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s
> duties under this title.

11 U.S.C. § 327(a).

21.    The Debtors seek retention of MB under a general retainer pursuant to § 328(a) of

the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [May] employ or authorize the employment of a professional person under section 327 or
> 1103 of this title, as the case may be, on any reasonable terms and conditions of
> employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis,
> or on a contingent fee basis.

11 U.S.C. § 328(a)

22.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm]
> to be employed, the reasons for the selection, the professional services to be
> rendered, any proposed arrangement for compensation, and, to the best of the
> applicant's knowledge, all of the [firm's] connections with the debtor, creditors,
> any other party in interest, their respective attorneys and accountants, the United
> States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

23.    The Debtors submit that for all the reasons stated above and in the Budwick

Declaration, the retention of MB as counsel to the Debtors is warranted. Further, as stated in the

Budwick Declaration, MB is a "disinterested person" within the meaning of Bankruptcy Code

section 101(14), as required by Bankruptcy Code section 327(a), and does not hold or represent an interest adverse to the Debtors' estate and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Budwick Declaration. Accordingly, the retention of MB as counsel to the Debtors should be approved.

24.     Moreover, delay in obtaining approval of MB's retention until a final hearing is scheduled will cause immediate and irreparable harm to the Debtors inasmuch as the Debtors are corporate entities which need legal counsel in order to handle first day motions. As such, the Debtors seek entry of an order, on an interim basis, approving the retention of MB and scheduling a final hearing to consider the Application.

WHEREFORE, the Debtors respectfully request entry of an Order in the form attached hereto as **Exhibit C** (i) authorizing the employment and retention of Michael S. Budwick, Esquire and the law firm of Meland Budwick, P.A., as general counsel to the Debtors in these chapter 11 cases, *nunc pro tunc* to the Petition Date, on a general retainer, pursuant to 11 U.S.C. §§ 327 and 330; (ii) granting such other and further relief as the Court deems just and proper.

Dated: September 23, 2020.

> It'Sugar FL I LLC
> By: s/Anton Gladnikov (e-filed with consent)
>       Anton Gladnikov, its CFO
>
> It'Sugar LLC
> By: s/Anton Gladnikov (e-filed with consent)
>       Anton Gladnikov, its CFO
>
> It'Sugar Atlantic City LLC
> By: s/Anton Gladnikov (e-filed with consent)
>       Anton Gladnikov, its CFO

7

It'Sugar FLGC LLC
By: s/Anton Gladnikov (e-filed with consent)
    Anton Gladnikov, its CFO

E-filed by:

 s/ Michael S. Budwick
Michael S. Budwick, Esquire
Florida Bar No. 938777
mbudwick@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Proposed Attorneys for Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                Chapter 11

IT'SUGAR FL I LLC,                          Case No. 20-20259-RAM
IT'SUGAR LLC,                                 Case No. 20-20261-RAM
IT'SUGAR ATLANTIC CITY LLC,       Case No. 20-20263-RAM
IT'SUGAR FLGC LLC,                       Case No. 20-20264-RAM
                                                        (Joint Administration *pending*)

              Debtors.
_____/

**DECLARATION OF MICHAEL S. BUDWICK IN SUPPORT
OF DEBTORS' APPLICATION TO EMPLOY AND RETAIN
MELAND BUDWICK, P.A. AS ATTORNEY FOR THE DEBTORS
AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Michael S. Budwick, being duly sworn, says:

1.      I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida and qualified to practice in the U.S. Bankruptcy Court for the Southern District of Florida.

2.      I am a shareholder and employed by the law firm of Meland Budwick, P.A. (**"MB"**) with offices located at 200 South Biscayne Boulevard, Suite 3200, Miami, Florida 33131.

3.      I am familiar with the matters set forth herein and make this declaration (**"Declaration"**) in support of the application (**"Application"**) of It'Sugar FL I LLC; It'Sugar LLC; II'Sugar Atlantic City LLC; and It'Sugar FLGC LLC (**"Debtors"**) for authority to employ and retain MB as attorneys for the Debtors, effective as of the Petition Date. MB proposes to charge its normal hourly rates in effect from time to time (less a 10% discount to be applied to each invoice consistent with pre-petition billing) and in accordance with MB's normal

1

**EXHIBIT A**

reimbursement policies, in compliance with Bankruptcy Code sections 327(a), 328(a) and 330, and to provide disclosure required under Rules 2014(a), 2016 and 5002 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida ("**Local Rules**").

4.      MB has served as counsel to the Debtors since March 2020 as a result of the impact on business operations caused by COVID-19.  As such, MB is familiar with the Debtors' business and financial affairs and is well qualified to provide the services required by the Debtors in connection with these Chapter 11 cases.

5.      To the best of my knowledge and information, no member of MB has an interest materially adverse to the interests of the Debtors' estates or to any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, as specified in subparagraph (C) of Section 101(14) of the Bankruptcy Code, or for any other reason.

6.      MB neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

7.      MB discloses the following "connections":

a)      In the past MB has represented parties in interest in matters in which Algon Capital LLC and/or Troy Taylor have served as a financial advisor and/or chief restructuring officer. Those representations have concluded and none of the matters were related to the Debtors.

b)      In 2014, Mark Meland, Esq. and MB represented Mr. Taylor in connection with an acquisition of a condominium unit in Miami Beach, Florida and ancillary real estate related services. This representation has concluded and that matter was unrelated to the Debtors.

c)      MB represented BBX Capital Asset Management, LLC in the case styled *In re: Aberdeen Land, LLC*, Chapter 11 Case No. 3-13-bk-04103 in the U.S. Bankruptcy Court for the Southern District of Florida. The representation concluded in 2015 and the

matter was unrelated to the Debtors. BBX Capital Corporation owns BBX Capital Florida LLC, which through a subsidiary owns BBX Capital Asset Management, LLC.

d)      BBX Capital Florida LLC owns BBX Sweet Holdings LLC, which owns It'Sugar Holdings LLC, which owns 90% of the common membership interest It'Sugar LLC, which owns the other Debtors.

e)      SHL Holdings, Inc. is a secured creditor of three of the Debtors. BBX Capital Florida LLC, through subsidiary entities owns SHL Holdings, Inc.

f)      In 2017, MB represented BBX Capital Corporation and certain current and former executives in connection with potential claims against BB&T Corporation and Branch Banking and Trust Company ("**BB&T**") for severance related to BB&T's acquisition of BankAtlantic Bancorp, Inc. The executives included Valerie Toalson, Susan McGregor, Alan Levan, Jack Abdo, Jarett Levan, Jay McClung, Lewis Sarraca, and Lloyd DeVaux. Prior to the commencement of these bankruptcy cases, Alan Levan and Jarett Levan were among the managers of some of the Debtors. Jarett Levan is the Interim Chief Operating Officer for the Debtors. This representation concluded in 2017 and the matter was unrelated to the Debtors.

g)      In 2014, MB represented BBX Capital Corporation related to a possible acquisition of debt secured by a mortgage on property located in Palm Beach County. The representation concluded in 2014 and the matter was unrelated to the Debtors.

h)      In 2020, MB represented Hoffman's Chocolates in connection with a case styled *Assignment for the Benefit of Creditors of Peterbrooke Franchising of America, LLC,* Case No. 16-2020-CA-003929. Hoffman's Chocolates primarily operates through The Hoffman Commercial Group, Inc., which through subsidiaries is owned by BBX Capital Florida LLC and is a creditor of the Debtors in the amount of approximately $1,565.74. That representation has concluded and the matter was unrelated to the Debtors.

i)      MB has purchased products from Hoffman's Chocolates as seasonal gifts. In the aggregate, these purchases were not for nominal amounts.

j)      MB represented Florida Asset Resolution Group, LLC and FAR 3, LLC in the cases styled *In re: Ftlss LLC*, Case No. 12-33087-JKO, *In re: FTLL Robo Vault LLC*, Case No. 12-33090-RBR. BBX Capital Florida LLC owns these entities through subsidiaries. This representation has concluded and the matter was unrelated to the Debtors.

k)      MB represented Heartwood 47, LLC in connection with *In re: Thomas and Nathalie DiGiorgio*, Case No. 14-15163-JKO in the U.S. Bankruptcy Court for the Southern District of Florida. BBX Capital Florida LLC through subsidiaries owns this entity. This representation concluded in 2015 and the matter was unrelated to the Debtors.

l)      MB represented Heartwood 23, LLC in connection with *In re John E. Cork*, Case No. 2:11-bk-33110-CGC in the U.S Bankruptcy Court for the District of Arizona. BBX Capital Florida LLC through subsidiaries owns this entity. This representation concluded in 2014 and the matter was unrelated to the Debtors.

m)      MB represented FAR 2, LLC in connection with the cases of *In re Joseph P. Akra,* Case No. 14-37639 and *In re James R. Davis* Case No. 14-37641, both in the U.S. Bankruptcy Court for the Southern District of Florida. MB also represented FAR 2, LLC in the cases of *In re Robert Halpern*, Case No. 16-20824-BKC-JKO and *In re Martin Zeller* Case No. 16-20825-BKC-JKO both in the U.S. Bankruptcy Court for the Southern District of Florida. BBX Capital Florida LLC through subsidiaries owns FAR 2 LLC. These representations have concluded and the matters were unrelated to the Debtors.

n)      MB represented Florida Asset Resolution Group, LLC in connection with an assignment for benefit of creditors for *In re Pearl Artist & Craft Supply, Corp.* Case No. CACE-14-012499 in the 17th Judicial Circuit for Broward County. This representation concluded in 2014 and the matter was unrelated to the Debtors.

o)      MB represented Heartwood 24, LLC in connection with *In re: American Petroleum of 79th St LLC*, Case No. 13-11681 in the U.S. Bankruptcy Court for the Southern District of Florida. BBX Capital Florida LLC through subsidiaries owns this entity. This representation concluded in 2013 and the matter was unrelated to the Debtors.

p)      Along with co-counsel, MB represents Heartwood 4, LLC in connection with *In re Martin A. and Abby Tabor*, Case No. 14-20731-EPK pending in the U.S. Bankruptcy Court for the Middle District of Florida, and two ancillary related litigation matters in the 19th Judicial Circuit for Martin County, Florida Cases Nos. 18-CA-000289 and 2016-CA-000002. BBX Capital Florida LLC through subsidiaries owns this entity. The representation is ongoing and the matters are unrelated to the Debtors. Deborah Menotte, as Trustee for the estates for Mr. and Mrs. Tabor retained MB as special counsel to pursue certain claims on behalf of the estate. The special counsel retention for Trustee Menotte has concluded and the matter was unrelated to the Debtors.

q)      MB represents Bluegreen Vacations Corporation and Bluegreen Vacations Unlimited, Inc. in the bankruptcy cases styled *In re American Resource Management, Group LLC (DE) ("**ARMG**")*, Case No. 19-14605-SMG and *In re Totten Franqui Davis & Burk, LLC*, Case No. 19-17278-SMG. This representation is ongoing and the matters are unrelated to the Debtors. Barry Mukamal, as Trustee for ARMG is expected to file a motion in the ARMG bankruptcy case to approve MB's retention as special counsel to pursue certain claims against a former insider (and related parties) of ARMG. Mr. Mukamal's general counsel in that case is Kozyak Tropin & Throckmorton, P.A.

r)    Both BBX Capital Corporation and Bluegreen Vacations Corporation ("**Bluegreen**") are public companies traded on the New York Stock Exchange. BBX Capital Corporation is a majority shareholder of Bluegreen. MB refers to the Form 10-Q filed by BBX Capital Corporation for the quarter ending June 30, 2020 for the details of a proposed spinoff transaction, pursuant to which (as more fully stated therein) BBX Capital Corporation will be renamed Bluegreen Vacations Holding Corporation and hold the investment in Bluegreen while BBX Capital Florida LLC will become a publicly traded company known as BBX Capital Corporation.

8.    Neither I nor our firm has or will represent any other entity in connection with these cases, and neither I nor our firm will accept any fee from any other party or parties in this case, except the Debtors, unless otherwise authorized by the Court.

9.    Prepetition, MB was paid the following amounts from the Debtor, It'Sugar LLC:

a)    $20,126.25 on June 1, 2020;
b)    $5,673.45 on June 15, 2020;
c)    $1,163.83 on July 20, 2020; and
d)    $147,983.35 on September 22, 2020.

On the Petition Date, there was a post-petition fee retainer of $115,000 and cost retainer of $10,000 on hand.

10.    The professional fees and costs incurred by MB in the course of its representation of the Debtors in these cases shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and Bankruptcy Rule 2014 and 2016.

11.    There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by MB, nor any member or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

12.    No attorney at MB holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

13.     No attorney at MB is or has served as an officer, director or employee of the Debtors within two years before the Petition Date.

14.     No attorney at MB is in control of the Debtors.

15.     No attorney at MB is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within two years before the Petition Date.

16.     No attorney at MB has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within three years before the Petition Date.

17.     No attorney at MB has any other interest, direct or indirect, that may be affected by the proposed representation.

18.     Except as set forth herein, no attorney at MB has had or presently has any material connection with the captioned Debtors, the Debtors' creditors, any other party in interest or their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the United States trustee, or any matters in which the firm is to be engaged, except that I, MB, or our attorneys, (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of such parties may be involved; and (ii) may represent or may have represented certain of the Debtors' creditors, in matters unrelated to these cases.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 22, 2020.

_____
MICHAEL S. BUDWICK



MELAND | BUDWICK

A T T O R N E Y S   A T   L A W

Michael S. Budwick
mbudwick@melandbudwick.com

September 21, 2020

**_Via Electronic Mail_**
It'Sugar LLC
Attn: Anton Gladnikov,
Chief Financial Officer
agladnikov@itsugar.com

## LEGAL REPRESENTATION AGREEMENT

**Re:**     Potential Chapter 11 Voluntary Petitions for It'Sugar FL I LLC; It'Sugar LLC;
It'Sugar Atlantic City LLC; and It'Sugar FLGC LLC

Dear Mr. Gladnikov:

We are pleased that It'Sugar FL I LLC; It'Sugar LLC; It'Sugar Atlantic City LLC; and It'Sugar FLGC LLC (**_"Clients" or "you(r)"_**) have engaged Meland Budwick, P.A. ("**_Firm_**") to perform legal services on your behalf. We have found that clients generally appreciate a clear statement and agreement regarding the services that we will perform and the basis upon which they will be expected to pay for these services. This Agreement is intended to set forth our understanding as to the nature and scope of the services we have agreed to render, the amount of our fee for those services, the manner in which our fees will be determined, and the terms on which we will be paid. This Agreement is not a guaranty on the outcome of the matter and because of the uncertainty of legal proceedings, the interpretation and changes in the law and other unknown factors, the Firm cannot predict the outcome of any case.

1.     <u>Nature of Legal Service</u>.  You have previously engaged us to consult with and advise you on issues related to the impact on your business operations as a result of the Covid-19 pandemic. I understand that tomorrow the Clients will consider the possibility of a potential Chapter 11 filing. If the decision is made to file a Chapter 11 petition, then through this Agreement the Firm will be engaged to represent the Clients in their Chapter 11 proceedings, subject to any requisite Bankruptcy Court approval. If the decision is made not to file a Chapter 11 petition, then this agreement will terminate and any unused portion of any Advance Deposit will be promptly refunded. If you wish to have the Firm represent you in other matters outside the scope of this representation, any such matter would have to be covered by a separate agreement.

2.     <u>No Guaranty</u>. The Firm agrees to provide conscientious, competent and diligent services and at all times will seek to achieve solutions which are just and reasonable for you. However, because of the uncertainty of legal proceedings, the interpretation and changes in the

MELAND | BUDWICK

3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363 F 305-358-1221
MELANDBUDWICK.COM

**EXHIBIT B**



law and many unknown factors, attorneys cannot and do not warrant, predict or guarantee results or the final outcome of any case.

3.    <u>Fee for Services</u>. We will charge for our services on the basis of our standard hourly rates, as in effect from time to time, based on the time records kept by us.  It is our practice to charge for actual time expended on your behalf.  Our hourly rates at the present time for those persons who we anticipate working on your behalf are as follows:

| | |
|---|---|
| Michael S. Budwick | $695 |
| Joshua W. Dobin | $580 |
| James C. Moon | $495 |
| Meaghan E. Murphy | $365 |
| Paralegals | $180 - $260 |

These rates may adjust in January of each year and new rates may apply thereafter. At your request, we have agreed to apply a 10% discount to fees on any invoices.

4.    <u>Advances</u>. The Firm requires a refundable advance retainer deposit in the amount of $115,000 plus a refundable advance cost deposit in the amount of $10,000[1] ("**Advance Deposit**") at the time of the filing of the Chapter 11 Voluntary Petition.  The $125,000 Advance Deposit will be deposited into our Firm's Trust Account.

5.    <u>Source of Advances/Retainers</u>.  The Firm has advised the Clients that we cannot accept any funds that could be subject to avoidance by a trustee in any bankruptcy case as a fraudulent transfer or conveyance.  The Clients represent and warrant that the funds used to pay the Firm's Advance Deposit or any other fees and expenses are not the property of any bankruptcy estate.  The Clients further acknowledge that this representation and warranty is material to the Firm, and any misrepresentation regarding the source of the Advance Deposit shall be a material breach of this Agreement.

6.    <u>Costs</u>.  In connection with our engagement, we anticipate that certain expenses may be incurred and advanced by us on your behalf.  These expenses may include, but are not limited to, our actual costs for expenses such as filing fees, services by outside consultants and vendors regarding electronically stored information, delivery charges / messenger services, long distance telephone charges, special postage (overnight courier services, express mail, certified mail, etc.), facsimile transmissions, costs of investigation, computer-assisted research charges, secretarial overtime, court reporting, 15¢ per page for photocopies, and other incidental expenses.  You agree to pay us for these various costs in addition to our fees for legal services.  We reserve the right to withdraw should these costs not be paid.  Further, we may ask that additional sums be deposited

---

[1] This pre-petition cost Advance Deposit includes the court required filing fee of $1,717 for each of the chapter 11 filings.



in our trust account should it appear necessary to cover such expenses, and we may pass along certain charges to you for direct payment to the vendor(s).

7.    <u>Payment of Invoices</u>. Bills will be rendered for the time spent on this matter and for expenses incurred on your behalf.  You agree to pay each bill within ten days of receipt or as otherwise set forth pursuant to applicable Bankruptcy Court orders and procedures.

8.    <u>Non-Payment of Fees and Costs</u>.  Unless we mutually reach another agreement regarding the payment of fees and costs, you understand that non-payment of any invoice for fees and costs within a timely basis will constitute a default and several different consequences will result from such non-payment.  Subject to any potential need for Bankruptcy Court approval, these consequences include the following:

   a)    The Firm retains the right, in our sole and absolute discretion, to charge interest at the maximum legal rate.

   b)    The Firm may suspend further legal services, in which event you will be liable to the Firm for the payment of any fees earned and any costs incurred by us prior to that time.

   c)    Florida Law provides the Firm with the right to impose a lien upon documents, money and other intangibles and materials coming into the Firm's possession to receive the payment of its fees and expenses.

9.    <u>Records Retention</u>.  In the course of representing you, it is likely that numerous records and documents (originals and copies) will come into the Firm's possession and numerous additional documents will be generated by the Firm. Naturally, you may examine any written materials in the Firm's files at any time the Firm agrees prior to the termination of our representation, but you acknowledge that all of the Firm's work product is owned by the Firm. Upon the termination of the Firm's representation in connection with this engagement, we will retain our files for at least two (2) years, after which any written materials not returned to you may be destroyed by the Firm.  Your execution of this Agreement constitutes your consent to this procedure.

10.    <u>Commencement of Representation</u>. If this arrangement is acceptable to you, please acknowledge your understanding and agreement by signing, dating and returning a copy of this Agreement to us.  Our representation will commence upon receipt of this executed Agreement and any required Advances/Retainers set forth herein.

11.    <u>Counter-Parts</u>.  The Parties may execute this Agreement in whole or counterparts, and execution of counterparts shall have the same force and effect as if the Parties had signed the same instrument. Signatures transmitted electronically shall have the same effect as original signatures.



MELAND | BUDWICK
ATTORNEYS AT LAW

12.    <u>Right of the Firm to Withdraw / Right of Client to Terminate</u>.  You will have the right to terminate the Firm's representation at any time, but the provisions of this Agreement related to payment and collection of fees and disbursements will not terminate.  The Firm will have the same right to terminate its representation at any time with or without cause, subject to the Firm's obligation to give you reasonable notice to arrange other representation. Withdrawal with cause shall be considered a Constructive Termination and is based on: (1) the Clients' failure to behave in an ethical fashion; (2) the Clients' failure to follow any pertinent orders or rules of the court, arbitration forum, or panel; or (3) the Clients' failure to follow the Firm's advice or failure or refusal to cooperate with the Firm.  The Clients' cooperation shall include, but not be limited to, providing the Firm with all accurate, material information pertinent to the representation and keeping the Firm advised of Clients' current mailing addresses, telephone numbers, and other necessary contact information.

13.    <u>Procedure for Dispute Resolution</u>. With regard to any dispute relating to this representation, Clients and the Firm agree that this Agreement shall be construed and enforced pursuant to the laws of the State of Florida, both substantive and procedural. The parties agree that the sole and exclusive venue for any action in any way related to this Agreement shall be Miami-Dade County, Florida, and both parties expressly waive any objection or defense that such venue is an inconvenient or otherwise an improper forum for any dispute in any way related to this Agreement. Both parties waive any and all objections to personal jurisdiction as they may relate to the enforcement of the terms of this Agreement in Miami-Dade County, Florida. Both parties agree to accept service of process via certified mail, Federal Express, United Postal Service, DHL, or by email to the addresses below.

| To Clients: | For the Firm: |
|---|---|
| It'Sugar LLC | Michael S. Budwick |
| Attn: Anton Gladnikov, | mbudwick@melandbudwick.com |
| Chief Financial Officer | MELAND BUDWICK, P.A. |
| agladnikov@itsugar.com | 3200 Southeast Financial Center |
| | 200 South Biscayne Boulevard |
| | Miami, Florida 33131 |
| | Telephone:    (305) 358-6363 |
| | Telefax:        (305) 358-1221 |

The parties knowingly, irrevocably, voluntarily, and intentionally waive any right either may have to a trial by jury with respect to any action, defense, counterclaim, or other proceeding arising under or in any way related to this agreement. Any mediator so designated must be acceptable to all parties.

In the event of litigation between the parties arising out of or related to this Agreement, the prevailing party shall be entitled to recover its costs, including reasonable attorneys' fees, expended

MELAND | BUDWICK

3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363 F 305-358-1221
MELANDBUDWICK.COM



in connection with such dispute from the non-prevailing party. This provision applies to fees and costs incurred both at the trial and appellate levels, including any petitions. Also per this provision, the prevailing party shall be entitled to recover not only those fees and costs incurred in conjunction with all efforts to achieve prevailing-party status and to determine the issue of entitlement to fees and costs, but also those fees and costs incurred in conjunction with all efforts to establish the proper amount of such fees and costs. The client agrees to compensate the Firm for the defense of any fee disputes.

14.    Waiver.  A party's failure to insist on compliance or enforcement of any provision of this Agreement shall not affect the validity or enforceability or constitute a waiver of future enforcement of that provision or of any other provision of this Agreement by that party or any other party.

15.    Amendments.  This Agreement may be amended at any time by mutual consent of the parties hereto, with any such amendment to be unenforceable unless in writing, signed by the Firm and you, along with any necessary approvals by the Bankruptcy Court.

16.    Applicable Law.  This Agreement shall be governed for all purposes by the laws of the State of Florida.  If any provision of this Agreement is declared void, such provision shall be deemed severed from this Agreement, which shall otherwise remain in full force and effect. Notwithstanding anything else herein, in the event of a banking filing, the terms of this retention may be impacted by applicable federal and local bankruptcy rules as well as by orders of the Bankruptcy Court.

17.    Electronic Discovery and Retention of Documents.  Various rules and regulations require that once a party reasonably anticipates litigation or has knowledge that litigation is pending, all documents, including electronic documents, pertaining to the litigation must be properly retained.  If you have a routine document destruction policy, you must immediately suspend it, implement a litigation hold (as discussed below), and ensure that all relevant data is safeguarded against destruction moving forward.  As your attorney, we will oversee and guide you through these efforts.

In view of these obligations, we have created the attached template litigation hold letter ("***Litigation Hold Letter***"), which generally explains those documents that must be retained.  You are required to immediately identify those employees who may have relevant documents ("***Document Custodians***") and locate where potentially relevant documents are stored.  The identified Document Custodians must understand their document-retention obligations; we will assist you as needed in educating the Document Custodians on their obligations.  You must ensure that all of the Document Custodians and IT personnel receive the Litigation Hold Letter, and ensure that all relevant documents are preserved.  You must also follow up with all Document Custodians throughout the litigation to ensure that all potentially relevant documents are being properly preserved.  It is likely that you will need to involve your IT personnel throughout this process.  We will need to understand how your records management program operates, including how long and



where records are stored, and you will need to provide us documentation to reflect all actions taken on your part to ensure that all relevant data is preserved, including evidence that you have distributed the Litigation Hold Letter as required.

If at any time you have any questions about your document-retention obligations, including electronic storage issues, please do not hesitate to contact us. By executing this Agreement, you acknowledge your document-retention obligations and that you have read and understood the contents of this Paragraph.

18.    <u>Disclaimer Regarding Tax Consequences</u>. Please be advised that the Firm is not tax counsel and will not provide you with any advice regarding any of the tax consequences associated with the resolution of the matters related to our retention.  To determine any such tax consequences or implications, you should consult your particular tax advisor. A non-exclusive list of matters that you may wish to discuss with your tax advisor would be the implications of cancellation of debt income, the tax consequences of a "short sale" of a parcel of real estate as opposed to a foreclosure, how foreclosures (and deeds in lieu of foreclosure) are taxed, and the tax consequences of receiving or paying any amounts to settle litigation or to satisfy a judgment. By executing this Agreement you acknowledge that you have read and understood the contents of this paragraph.

19.    <u>Nonclients</u>. The Firm represents the Clients only and does not represent the Clients' officers, directors, members, managers, employees, subsidiaries, affiliates, founders, partners (whether general or limited), spouses, domestic partners, parents or children unless specifically set forth herein.

20.    **Conflict Waiver.  As you may recall we have advised as to our former and concluded representations of BBX Capital Asset Management, BBX Capital Corporation and certain current and former executives, Hoffman's Chocolates, and several subsidiaries directly or indirectly owned by BBX Capital. We have also advised we currently represent Bluegreen Vacations Corporation ("BVC"), Bluegreen Vacations Unlimited, Inc. ("BVU") and Heartwood 4, LLC ("HW4"). None of the matters that were the subject of these representations are related to the Clients and the Clients agree that our representation of BVC, BVU and HW4 and the Clients does not constitute a conflict of interest. To the extent that such representation does represent a conflict of interest, you agree that any such conflict is hereby fully and completely waived.**

MELAND | BUDWICK

3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363 F 305-358-1221
MELANDBUDWICK.COM



21.    <u>Common Representation</u>.    Each of the Clients understands that the Firm is jointly representing all of the Clients and agrees to the Firm's joint representation.  The Firm has advised the Clients of the implications of the common representation and the advantages and risks involved.

We appreciate your confidence in our Firm and we assure you that we shall make every effort to perform our services in a prompt and efficient manner.

Very truly yours,

*Michael Budwick*
Michael S. Budwick

MSB/gv

MELAND | BUDWICK

3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363 F 305-358-1221
MELANDBUDWICK.COM



### MELAND | BUDWICK
#### ATTORNEYS AT LAW

### CONCLUSION

If the above correctly reflects the understanding reached between the Firm and you regarding the terms and conditions of the Firm's representation, please sign this Agreement where indicated below, return it to our office along with any required funds described above payable to Meland Budwick, P.A., and upon receipt of this signed Agreement and accompanying Advance Deposit check or wire transfer, the Firm officially shall commence its representation.

We appreciate the trust and confidence you have shown us in retaining the Firm to represent you, and we look forward to what we hope will be a favorable resolution of this matter.

**BY SIGNING BELOW I REPRESENT THAT I HAVE AUTHORITY TO EXECUTE THIS AGREEMENT ON BEHALF OF THE PARTY INDICATED ABOVE MY NAME, AND I REPRESENT THAT I HAVE READ, UNDERSTAND, AND AGREE TO ALL OF THE TERMS SET FORTH IN THIS AGREEMENT.**

REVIEWED, ACKNOWLEDGED
AND ACCEPTED on September **21**, 2020.

IT'SUGAR LLC

By:_____
ANTON GLADNIKOV, CFO

IT'SUGAR FL I LLC

By:_____
ANTON GLADNIKOV, CFO

IT'SUGAR ATLANTIC CITY LLC

By:_____
ANTON GLADNIKOV, CFO

IT'SUGAR FLGC LLC

By:_____
ANTON GLADNIKOV, CFO

MELAND | BUDWICK

3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363 F 305-358-1221
MELANDBUDWICK.COM

MELAND | BUDWICK

A T T O R N E Y S   A T   L A W

[IT'SUGAR LLC]

TO:        ALL PERSONNEL
FROM:
RE:        Retention of Documents Relating To [LITIGATION MATTER]
DATE:

[DESCRIBE LITIGATION]. As a party to this lawsuit, we are obligated to preserve and gather all documents, including electronic documents, which may relate to [LITIGATION MATTER].

Please thoroughly search all of your files, wherever located, for such documents, including, but not limited to:

- Memos
- Letters
- Reports
- Charts
- Tables
- Drawings
- Graphs
- Photographs
- Handwritten or typewritten notes
- Computer and electronic files (including, but not limited to, files on laptop computers, desk top computers, floppy discs, hard drives, zip drives, memory cards, personal digital assistants, handheld wireless devices, and cellular telephones)
- Emails
- Text messages
- Voice messages
- Invoices
- Accounting Records
- Contracts
- Agreements
- Back up files preserving computer and electronic files
- Back up files preserving any of the above communication which have been "deleted"
- Communications of any other kind

Please immediately provide these documents to _____.  These documents may not be destroyed, recycled, deleted or otherwise disposed of.  Destruction of such documents, whether in hard copy of electronic medium, can lead to judicial sanctions.

MELAND | BUDWICK

3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363 F 305-358-1221
MELANDBUDWICK.COM

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

                              Chapter 11

IT'SUGAR FL I LLC,               Case No. 20-20259-RAM
IT'SUGAR LLC,                   Case No. 20-20261-RAM
IT'SUGAR ATLANTIC CITY LLC,    Case No. 20-20263-RAM
IT'SUGAR FLGC LLC,            Case No. 20-20264-RAM
                               (Joint Administration *pending*)

               Debtors.

_____/

**INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF MICHAEL S. BUDWICK AND MELAND BUDWICK, P.A.
AS ATTORNEYS FOR THE CHAPTER 11 DEBTORS-IN-POSSESSION
*NUNC PRO TUNC* TO THE PETITION DATE AND SETTING FINAL HEARING**

      **THIS MATTER** came before the Court on _____, 2020 at ___ ___.m. upon the

*Application of the Debtors for an Order, on an Interim Basis, Authorizing the Employment and*

*Retention of Meland Budwick, P.A. As Attorneys for the Debtors and Debtors in Possession*

*Nunc Pro Tunc to the Petition Date* [ECF No. ___] (the **"Application"**), pursuant to § 327(a) of

1

Title 11 of the United States Code (the ***"Bankruptcy Code"***), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the ***"Bankruptcy Rules"***) and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the ***"Local Rules"***); the Court having reviewed the Application, the declaration of Michael S. Budwick, Esq. in support of the Application, (the ***"Budwick Declaration"***); the Court being satisfied based upon the representations made in the Application and the Budwick Declaration that (a) Michael S. Budwick and Meland Budwick, P.A. ("**MB**") do not hold or represent an interest adverse to the Debtors' estates and (b) Michael S. Budwick and MB are a "disinterested person" as defined in § 101(14) of the Bankruptcy Code and as required by § 327(a) of the Bankruptcy Code and Local Rule 2014-1; due and proper notice of the Application having been provided, and after due deliberation and sufficient cause appearing therefore, it is accordingly

    **ORDERED AND ADJUDGED** as follows:

    1.    The Application is **GRANTED** on an interim basis, *nunc pro tunc* to the Petition Date.

    2.    It'Sugar FL I LLC, It'Sugar LLC, It'Sugar Atlantic City LLC, and It'Sugar FLGC LLC (collectively, the "***Debtors***") are authorized to employ and retain MB as their general counsel in these Chapter 11 cases in accordance with the terms and conditions set forth in the Application and this Interim Order.

    3.    MB shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

4.  The Court shall conduct a final hearing (the "***Final Hearing***") on the Application on _____, at _____, prevailing Eastern Time, by telephone through CourtSolutions. To participate through CourtSolutions, you must make a reservation in advance no later than 3:00 p.m., one business day before the date of the hearing.  Reservations should be arranged online at https://www.court-solutions.com/.  If a party is unable to register online, a reservation may also be made by telephone at (917) 746−7476.

5.  Any party in interest objecting to the relief sought in the Application shall serve and file written objections, which objections shall be served upon (a) the Debtors; (b) MB; (c) the Office of the United States Trustee for the Southern District of Florida; (d) the entities listed on the Master Service List, if any, filed pursuant to Local Bankruptcy Rule 2002-1(K); and (e) counsel to any Official Committee of Unsecured Creditors Committee, to the extent one is appointed prior to the Final Hearing (collectively, the "***Notice Parties***") and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, to allow actual receipt by the foregoing no later than _____ at 4:30 p.m., prevailing Eastern Time.

6.  Notice will be provided to all parties by mailing a copy of this Interim Order setting the Final Hearing upon all parties on the Master Service List pursuant to Local Rule 2002-1 (H), Designation of Master Service List in Chapter 11 Cases.

7.  In the event the Application is not granted on a final basis, MB shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Hearing.  Any party in interest may object to the fee

application; provided, however, that such party shall file such objection with this Court and serve a copy of the objection upon the Notice Parties.

8.      Time records in support of any application for compensation and reimbursement of costs may be maintained by MB with respect to the Debtors on a consolidated basis without the necessity for tracking time separately as to each Debtor.

9.      The requirements for emergency motions set forth in Local Rule 9075-1 and for entry of the relief requested earlier than the period set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Application.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Application and the record.

11.     Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* basis at the Final Hearing.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

###

**Submitted By:**
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
MELAND BUDWICK, P.A.
Counsel for Debtors
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:     (305) 358-6363
Telefax:       (305) 358-1221


**Copies Furnished To:**
Joshua W. Dobin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.