UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

IT'SUGAR FL I LLC,
IT'SUGAR LLC,
IT'SUGAR ATLANTIC CITY LLC,
IT'SUGAR FLGC LLC,

        Debtors.
_____/

Chapter 11

Case No. 20-20259-RAM
Case No. 20-20261-RAM
Case No. 20-20263-RAM
Case No. 20-20264-RAM
(Joint Administration)

# AMENDED[1] APPLICATION OF THE DEBTORS FOR AN ORDER, ON AN INTERIM BASIS, AUTHORIZING THE EMPLOYMENT AND RETENTION OF RICKI S. FRIEDMAN, ESQ. AND THE LAW FIRM OF RICKI S. FRIEDMAN PLLC AS SPECIAL COUNSEL *NUNC PRO TUNC* TO SEPTEMBER 22, 2020
(Emergency Hearing Requested)

### Basis for Requested Emergency Hearing

**The Debtors respectfully request that the Court conduct a hearing on this Motion consistent with Local Rule 9013-1(F). Delay in obtaining approval of counsel's retention until a final hearing is scheduled will cause immediate and irreparable harm to the Debtors inasmuch as the Debtors are corporate entities which need legal counsel in order to negotiate leases relative to a first day motion. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1 (B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.**

It'Sugar FL I LLC, It'Sugar LLC, It'Sugar Atlantic City LLC, and It'Sugar FLGC LLC (collectively, "*It'Sugar*" or "*Debtors*"), by and through undersigned counsel, respectfully requests an Order of the Court, pursuant to § 327(e) of Title 11 of the United States Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure and Rules 2014-1 and 2016-1 of the Local

---

[1] Amended solely to seek hearing on an emergency basis.

Rules for the United States Bankruptcy Court for the Southern District of Florida, authorizing the employment and retention of Ricki S. Friedman, Esquire ("**Special Counsel**") and the Law Firm of Ricki S. Friedman PLLC (the "**Firm**") *nunc pro tunc* to September 22, 2020 to represent the Debtors in this case as its special counsel, and states:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Florida (the "**Court**") has jurisdiction over the Debtors, property of the Debtors' estates and this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. This Application is authorized by 11 U.S.C. §§ 327(e) and 330 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1.

3. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. The Debtors operate as a single business and are known throughout the industry as It'Sugar. It'Sugar is a specialty candy retailer whose products include bulk candy, candy in giant packaging, and licensed and novelty items. It'Sugar's portfolio includes approximately 100 retail locations across 28 states.

5. On September 22, 2020 (the "**Petition Date**"), each of the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code. Each Debtor continues to operate its business and manage its properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3

**RELIEF REQUESTED**

6. The Debtors desire to employ and retain Special Counsel and the Firm *nunc pro tunc* to September 22, 2020 as its special counsel in connection with commercial real estate and general contracts. The Firm formerly represented IT'SUGAR LLC, IT'SUGAR FL 1 LLC AND IT'SUGAR ATLANTIC CITY LLC in connection with (a) negotiating leases and amendments, (b) negotiating estoppels and SNDA's, (c) interpreting lease provisions and (d) negotiate general contracts.

7. The Debtors desire to retain Special Counsel and the Firm to represent them in the negotiation of commercial real estate agreements and related documents as set forth in the Engagement Letter attached hereto as "**Exhibit A**" because: (a) Special Counsel has extensive experience and knowledge in the field of commercial real estate, (b) Special Counsel is very familiar with the Debtors' businesses especially as it relates to the scope of her proposed employment, and (c) the Debtors believe Special Counsel is both able and uniquely qualified to represent them in these Chapter 11 Cases for the limited purposes described below.

8. The professional services Special Counsel and the Firm may be required to render, in a special counsel role, include but are not limited to ("***Professional Services***"):

   a) Negotiate leases and amendments;

   b) Interpretation of lease provisions;

   c) Resolving disputes with landlords;

   d) Negotiation of SNDA's and estoppels; and

   e) Negotiation of contracts.

9. The Debtors believe that Special Counsel and the Firm are duly qualified to perform the requested Professional Services.

10. The Firm's proposed compensation shall continue at the Firm's previously agreed upon hourly rates with the Debtors at $350.00 for partners, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

11. No agreement exists, nor will any be made, to share any compensation received by the Firm for its services with any other person or firm, except as permitted by 11 U.S.C. § 504(b) and Bankruptcy Rule 2016.

12. No promises have been made to or received by the Firm as to payment or compensation in connection with these bankruptcy cases other than in accordance with the provisions of the United States Bankruptcy Code an applicable Bankruptcy Rules.

13. To the best of the Debtor's knowledge, and as set forth in the proposed attorney's declaration ("*Friedman Declaration*") attached to this motion as **Exhibit B** Special Counsel and the Firm do not have an adverse interest with respect to the matter on which Special Counsel and the Firm are to be employed as required by 11 U.S.C. § 327(e).

14. The Firm intends to apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred on or after the Petition Date in connection with this Chapter 11 case on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the United States Trustee for the Southern District of Florida and any further orders of this Court.

## **NUNC PRO TUNC RELIEF IS APPROPRIATE**

15. Pursuant to the Debtors' request, Special Counsel and the Firm have agreed to serve as special counsel on and after the Petition Date with assurances that the Debtors would seek approval of its employment and retention *nunc pro tunc* to the Petition Date so that the Firm may be compensated for its pre-Application services. The Debtors believe that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as provided in this Application, because Special Counsel and the Firm have provided, and continue to provide, valuable services to the Debtors' estates in the interim period.

16. The Debtors further request authority for Meland Budwick, P.A. to maintain time records in support of any application for compensation and reimbursement of costs with respect to the Debtors on a consolidated basis without the necessity for tracking time separately as to each Debtor inasmuch as It'Sugar LLC pays for each of the Debtors' expenses.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

WHEREFORE, the Debtor respectfully requests entry of an order in the form attached hereto as **Exhibit C** (i) authorizing the employment and retention of Special Counsel and the Firm *nunc pro tunc* to the Petition Date, as special counsel to the Debtors in these chapter 11 cases on a general retainer, pursuant to 11 U.S.C. §§ 327(e) and 330; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: September 23, 2020.

 s/ Michael S. Budwick
Michael S. Budwick, Esquire
Florida Bar No. 938777
mbudwick@melandbudwick.com
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Proposed Attorneys for Debtors*

**The Law Firm of Ricki S. Friedman PLLC**
**1 Huckleberry Lane**
**Hewlett Harbor, New York 11557**
**(516) 428-3978**

Anton Gladnikov
Chief Financial Officer
IT'SUGAR LLC

Dear Anton:

    I am pleased that IT'SUGAR LLC and its related entities: (i) IT'SUGAR FLGC LLC, (ii) IT'SUGAR FL 1 LLC and (iii) IT'SUGAR ATLANTIC CITY LLC (collectively, the "IT'SUGAR LLC ENTITIES") are interested in engaging this firm to act as special counsel for the IT"SUGAR ENTITIES in connection with the following professional services ("Professional Services"): (i) Negotiate leases and amendments, (ii) Interpretation of lease provisions, (iii) Resolving disputes with landlord's, (iv) Negotiation of SNDA's and estoppels and (v )Negotiation of contracts.

    I understand my retention requires and is subject to the filing of an employment application with the Bankruptcy Court (the "Application") and entry of an order by the Bankruptcy Court approving my employment ("Retention Order"). To the extent the Application or Retention Order contradicts any term of this Legal Representation Agreement, the Application or Retention Order, as the case may be, shall control. I have agreed that my engagement is limited to my performance of the Professional Services.

    My fee for this representation will be Three Hundred Fifty ($350.00) Dollars per hour. Any expenses which are incurred by this representation will also be billed to you, provided that all expenses will be preapproved by IT'SUGAR LLC ENTITIES. No agreement exists, nor will be made, to share any compensation received by my firm for its services with any other person or firm, except as permitted by 11 U.S.C. § 504(b) and Bankruptcy Rule 2016. The firm intends to apply to the Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court") for allowances of compensation and reimbursement of out-of-pocket expenses incurred on or after the date the IT"SUGAR ENTITES file chapter 11 bankruptcy petitions (the "Petition Date") on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the Bankruptcy Court, the guidelines established by the United States Trustee for the Southern District of Florida and any further orders of the Bankruptcy Court. .

    Subject to general standards of professional responsibility of the legal profession, I will have the right to terminate my representation of you if any fees and/or expenses are not timely paid after a statement with respect to them is rendered. IT'SUGAR LLC ENTITIES may terminate this engagement at any time upon written notice to me. If the engagement is terminated, IT'SUGAR LLC ENTITIES shall be liable for all fees and expenses incurred to the date of such exercise subject to approval by the Bankruptcy Court.

Please review this document carefully and advise me if any of the information is incorrect, or if any additional details should be included.

I appreciate your interest in allowing me to represent the IT'SUGAR LLC ENTITIES in your commercial real estate negotiations.

Sincerely,

**Ricki S. Friedman Esq.**

Agreed to and accepted on September 21, 2020:

**IT'SUGAR LLC**

By: _[signature]_

**IT'SUGAR FLGC LLC**

By: _[signature]_

**IT'SUGAR ATLANTIC CITY LLC**

By: _[signature]_

**IT'SUGAR FL 1 LLC**

By: _[signature]_

{02488397.DOCX.}

I appreciate your interest in allowing me to represent the IT'SUGAR LLC ENTITIES in your commercial real estate negotiations.

Sincerely,

*Ricki Friedman*
Ricki S. Friedman Esq.

Agreed to and accepted on September 21, 2020:

**IT'SUGAR LLC**

By: _____

**IT'SUGAR FLGC LLC**

By: _____

**IT'SUGAR ATLANTIC CITY LLC**

By: _____

**IT'SUGAR FL 1 LLC**

By: _____

{02488397.DOCX.}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Chapter 11

IT'SUGAR FL I LLC,                    Case No. 20-20259-RAM
IT'SUGAR LLC,                          Case No. 20-20261-RAM
IT'SUGAR ATLANTIC CITY LLC,            Case No. 20-20263-RAM
IT'SUGAR FLGC LLC,                     Case No. 20-20264-RAM
                                       (Joint Administration *pending*)

Debtors.
_____/

**DECLARATION OF RICKI S. FRIEDMAN, ESQ. ON BEHALF OF THE LAW FIRM OF RICKI S. FRIEDMAN PLLC AS PROPOSED SPECIAL COUNSEL TO DEBTOR**

Ricki S. Friedman of the Law Firm of Ricki S. Friedman PLLC (the "*Firm*") submits this Declaration pursuant to 28 U.S.C. §1746, sections 327(e) of the United States Bankruptcy Code ("*Bankruptcy Code*") and Fed R. Bankr. P. 2014(a) and 2016(b) ("*Bankruptcy Rules*"), in support of the *Application of the Debtors for an Order Authorizing the Employment and Retention of Ricki S. Friedman, Esq. and the Law Firm of Ricki S. Friedman PLLC as Special Counsel Nunc Pro Tunc to September 22, 2019* (the "*Application*").

1. I am a shareholder of the Firm, which maintains offices at 1 Huckleberry Lane, Hewlett Harbor, New York 11557.

2. Neither I nor the Firm represents any interest adverse to the captioned Debtors or their estates with respect to the matters for which I am to be employed. I am admitted to practice in the state courts of New York .

3. I am authorized to make this Declaration on behalf of the Firm and I am the attorney at the Firm that will be responsible for the representation of the Debtors in these cases, in accordance with the scope of services defined in the Application.

{02487200.DOCX.}

**EXHIBIT B**

4. This Declaration is submitted pursuant to Bankruptcy Rule 2014(a) in support of the Application.

5. The Firm has extensive experience and knowledge in the field of commercial estate. The Firm is familiar with the Debtors' businesses and financial affairs, and is well qualified to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

6. The Firm formerly represented IT'SUGAR LLC, IT'SUGAR FL 1 LLC AND IT'SUGAR ATLANTIC CITY LLC in connection with (a) negotiating leases and amendments, (b) negotiating estoppels and SNDA's, (c) interpreting lease provisions and (d) negotiate general contracts.

7. I have extensive experience and knowledge in the field of commercial real estate, (b) I am very familiar with the Debtors' businesses especially as it relates to the scope of my proposed employment, and (c) I am both able and uniquely qualified to represent the Debtors in these Chapter 11 Cases for the limited purposes of performing the Professional Services (defined below).

8. The professional services Special Counsel and the Firm may be required to render, in a special counsel role, include but are not limited to ("***Professional Services***"):

    a) Negotiate leases and amendments;

    b) Interpretation of lease provisions;

    c) Resolving disputes with landlords;

    d) Negotiation of SNDA's and estoppels; and

    e) Negotiation of contracts.

9. The Firm's proposed compensation shall continue at the Firm's previously agreed upon hourly rates with the Debtors at $350.00 for partners, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

10. No agreement exists, nor will any be made, to share any compensation received by the Firm for its services with any other person or firm, except as permitted by 11 U.S.C. § 504(b) and Bankruptcy Rule 2016.

11. No promises have been made to or received by the Firm as to payment or compensation in connection with these bankruptcy cases other than in accordance with the provisions of the United States Bankruptcy Code an applicable Bankruptcy Rules.

12. Prepetition, the Firm is not owed any money by the Debtors. Further, the Firm received $22,112.75 from Debtors in the 90 days prior to bankruptcy filing.

13. Except for the performance of services for the Debtors, I do not and will not represent any other entity in connection with this case, and I will not accept any fee from any other party or parties in this case in connection with my work in the instant case.

14. The Firm does not have an adverse interest with respect to the matters on which I and the Firm are to be employed as required by 11 U.S.C. § 327(e).

15. Pursuant to the disclosure requirement of Bankruptcy Rule 5002(a) of the Bankruptcy Rules, to the best of my knowledge, neither I nor any person with whom I am associated in the practice of law at the Firm is a relative by blood or marriage to any Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of Florida.

16. Based on the foregoing, the Firm believes none of its representations or engagements described above are materially adverse to the interests of the estates or any class of creditors or equity security holders. In addition, pursuant to section 327(e) of the Bankruptcy Code,

the Firm should not be disqualified from acting as the Debtors' special counsel simply because it has represented in the past, and may continue to represent creditors or parties in interest in matters that are wholly unrelated to the Debtors and these bankruptcy cases. Accordingly, the Firm submits that it does not represent an interest adverse to the bankruptcy estates of the Debtors and does not represent a creditor in connection with these bankruptcy cases.

17. The Firm intends to apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred on or after September 22, 2020 in connection with this Chapter 11 case on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and any further orders of this Court.

18. I am authorized to submit this Declaration on behalf of the Firm, and if called upon to testify, I would testify competently as to the facts set forth herein.

[Remainder of page intentionally left blank. Next page is signature page.]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This Declaration is executed by me on this 22nd day of September, 2020.

*Ricki S Friedman*
Ricki S. Friedman
Law Firm of Ricki S. Friedman PLLC
1 Huckleberry Lane,
Hewlett Harbor, New York 11557
ricki@rickifriedman.com
Tel: (516) 428-3978

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| IT'SUGAR FL I LLC, | Case No. 20-20259-RAM |
| IT'SUGAR LLC, | Case No. 20-20261-RAM |
| IT'SUGAR ATLANTIC CITY LLC, | Case No. 20-20263-RAM |
| IT'SUGAR FLGC LLC, | Case No. 20-20264-RAM |
| | (Joint Administration *pending*) |
| Debtors. | |
| _____/ | |

**INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF RICKI S. FRIEDMAN, ESQ. AS SPECIAL COUNSEL
FOR THE CHAPTER 11 DEBTORS-IN-POSSESSION ON AN INTERIM BASIS
<u>NUNC PRO TUNC</u> TO THE PETITION DATE AND SETTING FINAL HEARING**

**THIS MATTER** came before the Court on \_\_\_\_, 2020 at \_\_\_ \_\_\_.m. upon the *Application of the Debtors for an Order, on an Interim Basis, Authorizing the Employment and Retention of Ricki S. Friedman, Esquire as Special Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [ECF No. \_\_\_] (the **"Application"**), pursuant to

1

§ 327(e) of Title 11 of the United States Code (the **"Bankruptcy Code"**), Rules 2014(a), 2016 and 6003 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**) and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the **"Local Rules"**); the Court having reviewed the Application, the declaration of Ricki S. Friedman, Esq. in support of the Application, (the **"Friedman Declaration"**); the Court being satisfied based upon the representations made in the Application and the Friedman Declaration that (a) Ricki S. Friedman, Esquire ("**Special Counsel**") and the Law Firm of Ricki S. Friedman PLLC (the "**Firm**") does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed and Local Rule 2014-1; due and proper notice of the Application having been provided, and after due deliberation and sufficient cause appearing therefore, it is accordingly

**ORDERED AND ADJUDGED** as follows:

1. The Application is **GRANTED** on an interim basis, *nunc pro tunc* to the Petition Date.

2. It'Sugar FL I LLC, It'Sugar LLC ("**ITS** or **Sugar**"), It'Sugar Atlantic City LLC, and It'Sugar FLGC LLC (collectively, the "**Debtors**") are authorized to employ and retain the Firm as their special counsel in these Chapter 11 cases in accordance with the terms and conditions set forth in the Application and this Interim Order.

3. The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

4.       The Court shall conduct a final hearing (the "***Final Hearing***") on the Application on _____, at _____, prevailing Eastern Time, by telephone through CourtSolutions. To participate through CourtSolutions, you must make a reservation in advance no later than 3:00 p.m., one business day before the date of the hearing. Reservations should be arranged online at https://www.court-solutions.com/. If a party is unable to register online, a reservation may also be made by telephone at (917) 746−7476.

5.       Any party in interest objecting to the relief sought in the Application shall serve and file written objections, which objections shall be served upon (a) the Debtors; (b) Debtor's Counsel; (c) the Office of the United States Trustee for the Southern District of Florida; (d) the entities listed on the Master Service List, if any, filed pursuant to Local Bankruptcy Rule 2002-1(K); and (e) counsel to any Official Committee of Unsecured Creditors Committee, to the extent one is appointed prior to the Final Hearing (collectively, the "***Notice Parties***") and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, to allow actual receipt by the foregoing no later than _____ at 4:30 p.m., prevailing Eastern Time.

6.       Notice will be provided to all parties by mailing a copy of this Interim Order setting the Final Hearing upon all parties on the Master Service List pursuant to Local Rule 2002-1 (H), Designation of Master Service List in Chapter 11 Cases.

7.       In the event the Application is not granted on a final basis, the Firm shall be authorized to submit a fee application with this Court for compensation for services rendered in the period between the Petition Date and the Final Hearing. Any party in interest may object to the fee application; provided, however, that such party shall file such objection with this Court and serve a copy of the objection upon the Notice Parties.

8.  Time records in support of any application for compensation and reimbursement of costs may be maintained by the Firm with respect to the Debtors on a consolidated basis without the necessity for tracking time separately as to each Debtor.

9.  The requirements for emergency motions set forth in Local Rule 9075-1 and for entry of the relief requested earlier than the period set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Application.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Application and the record.

11. Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* basis at the Final Hearing.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

###

**Submitted By:**
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
MELAND BUDWICK, P.A.
Counsel for Debtors
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:   (305) 358-6363
Telefax:     (305) 358-1221

**Copies Furnished To:**
Joshua W. Dobin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.