UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

It'Sugar FL I LLC, *et al.*,

      Debtors.
_____/

Case No. 20-20259-RAM
(Jointly Administered)

Chapter 11

**DEBTORS' MOTION PURSUANT TO SECTION 503(b)(9)
OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES
FOR SUBMITTING AND RESOLVING CLAIMS RELATED TO GOODS
RECEIVED WITHIN TWENTY DAYS PRIOR TO THE PETITION DATE**

It'Sugar FL I LLC, It'Sugar LLC, It'Sugar Atlantic City LLC, and It'Sugar FLGC LLC (collectively, **"It'Sugar"** or the **"Debtors"**), by and through undersigned counsel, file this motion (the "**Motion**") seeking the entry of an order in substantially the form attached hereto as **Exhibit "A"** (i) establishing a bar date (the "***Section 503(b)(9) Bar Date***") for administrative expense claims (the "***Section 503(b)(9) Claims***" asserted under section 503(b)(9) of title 11 of the Bankruptcy Code, (ii) approving the form, manner, and sufficiency of the Section 503(b)(9) Bar Date, and (iii) granting related relief as set forth in the proposed order, and respectfully represent as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 503(b), and 507(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "***Bankruptcy Code***"),

and Rules 2002(a)(7), 3003, and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### Background

4. On September 22, 2020, the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code ("**Petition Date**") commencing the instant bankruptcy cases, which are being jointly administered pursuant to the Court's *Order Jointly Administering Cases* [ECF No. 10] as of September 23, 2020.

5. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

6. The Debtors operate as a single business and are known throughout the industry as It'Sugar. It'Sugar is a specialty candy retailer whose products include bulk candy, candy in giant packaging, and licensed and novelty items. It'Sugar's portfolio includes approximately 100 retail locations across 28 states.

### Relief Requested

7. By this Motion, the Debtors seek entry of an order establishing the Section 503(b)(9) Bar Date as the date that is forty-five (45) days after the service of the Section 503(b)(9) Bar Date Notice (as defined below), approving the form, manner, and sufficiency of notice of the Section 503(b)(9) Bar Date, and granting related relief as set forth in the proposed order.

### Basis for Relief

8. Section 503(b)(9) of the Bankruptcy Code provides that sellers of goods to a debtor may request allowance of an administrative expense claim for the value of goods received by a debtor in the ordinary course of business within twenty (20) days of the commencement of a case.

*See* 11 U.S.C. § 503(b)(9).

9. The Bankruptcy Code does not set any date by which Section 503(b)(9) Claims must be asserted. However, section 503(a) of the Bankruptcy Code provides that "an entity may timely file a request for payment of an administrative request." *See* 11 U.S.C. § 503(a) (emphasis added); *In re Am. Metallurgical Prods. Co. v. Kirkpatrick & Lockhart*, 228 B.R. 146, 154 (Bankr. W.D. Pa. 1998) (noting that an administrative expense claim may be tardily filed only for cause). Pursuant to section 105 of the Bankruptcy Code, this Court may issue any order "necessary or appropriate" to carry out, among other things, the mandate of section 503(a) of the Bankruptcy Code. *See* 11 U.S.C. § 105(a). Additionally, sections 105 and 503 of the Bankruptcy Code and Bankruptcy Rule 9007 together permit the Court to approve the proposed filing procedures set forth herein and to approve the form, manner and sufficiency of notice of the Section 503(b)(9) Claim Deadline. In addition, as Congress recognized, Section 503(b)(9) Claims potentially overlap with reclamation claims. *See, e.g.,* 11 U.S.C. § 546(c)(2).

10. The Debtors may have received goods, products, supplies, and related items (collectively, the "***Goods***") prior to the Petition Date from their suppliers and vendors (collectively, the "***Vendors***"). Thus, the Debtors believe that the Vendors that may have delivered Goods to the Debtors during the 20 days prior to the Petition Date (the "***Section 503(b)(9) Claimants***") will likely seek allowance of Section 503(b)(9) Claims.

11. The Debtors seek approval of the Section 503(b)(9) Bar Date and related procedures that would, among other things, permit an expeditious determination of the Section 503(b)(9) Claims. Moreover, an understanding and estimate of the potential amount of valid Section 503(b)(9) Claims may affect the Debtors' formulation of an appropriate plan strategy

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

and/or other actions to be taken in these cases.

12.     In addition, the Debtors respectfully request that the Court approve the notice procedures set forth herein designed to apprise holders of potential Section 503(b)(9) Claims that if they fail to file a request for payment of such claims on or before the Section 503(b)(9) Bar Date, such holders will be forever barred and estopped from asserting their Section 503(b)(9) Claims against the Debtors and/or their estates.

A.     **Proposed Procedures Regarding Section 503(b)(9) Claims**

13.     To properly address all Section 503(b)(9) Claims, and avoid a race to be paid, the Debtors request that the Court establish a date that is forty-five (45) days after the service of the Section 503(b)(9) Bar Date Notice (as defined below) as the Section 503(b)(9) Bar Date. The Debtors believe that such time period is adequate and appropriate under the circumstances because: (i) Bankruptcy Rule 2002 only requires twenty one (21) days' notice of a claims bar date; and (ii) holders of reclamation claims are provided, by statute, only twenty (20) days to file reclamation claims and, as noted above, Section 503(b)(9) Claims might overlap with reclamation claims (but also involve a shorter prepetition "look back" period).

14.     To provide adequate notice, the Debtors propose to serve notice substantially in the form of **Exhibit "B"** (the "*Section 503(b)(9) Bar Date Notice*"), attached hereto and incorporated by reference herein, on (i) all of the Debtors' Vendors which the Debtors believe, based on their books and records, may have provided Goods to the Debtors within 20 days prior to the Petition Date (collectively, the "*Vendor Notice Parties*"), and (ii) any party filing a request for notice pursuant to Bankruptcy Rule 2002, by United States first-class mail, postage prepaid. The Debtors will serve the Section 503(b)(9) Bar Date Notice as soon as practicable after entry of an order

approving this Motion, but in no event later than five (5) business days following entry of the order. The Debtors believe that service of the Section 503(b)(9) Bar Date Notice on the Vendor Notice Parties, instead of all of the Debtors' prepetition Vendors, is sufficient to cover the universe of Section 503(b)(9) Claimants, and is reasonable and appropriate under all of the circumstances. The Debtors reasonably believe, based on the Debtors' books and records, that service on all other Vendors (other than the Vendor Notice Parties) would be significantly overinclusive, unnecessary, and wasteful (in a case with limited estate resources).

**B.      Filing of Section 503(b)(9) Claims**

15.     All Section 503(b)(9) Claimants seeking payment of Section 503(b)(9) Claims from the Debtors will be required to submit a request (a "***Section 503(b)(9) Claim Request***")[1]. For any Section 503(b)(9) Claim Request to be timely and properly filed, a signed original of the Section 503(b)(9) Claim Request must be delivered to the Clerk of the Bankruptcy Court (the "***Clerk***"), at the address set forth in the Section 503(b)(9) Bar Notice, so as to be actually received by the Clerk no later than 4:00 p.m. (prevailing Eastern Time) on the Section 503(b)(9) Bar Date.

16.     The Debtors request that all Section 503(b)(9) Claimants be required to set forth in their Section 503(b)(9) Claim Request with specificity: (i) the amount of the Section 503(b)(9) Claim; (ii) the particular Debtor against which the Section 503(b)(9) Claim is asserted; and (iii) the value of the Goods that the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date. The Debtors further request that the Court require the Section 503(b)(9) Claim Request to include or attach documentation identifying: (i) the particular invoices for which any such Section 503(b)(9) Claim is being asserted; and (ii) a copy of any prior demand to reclaim Goods sold to the Debtors under section 546(c) of the Bankruptcy Code.

---

[1] A copy of the Section 503(b)(9) Claim Request form is attached hereto as **Exhibit "C"**.

17. With respect to service and filing of the Section 503(b)(9) Claim Requests, the Debtors propose that holders of Section 503(b)(9) Claims be permitted to submit their Section 503(b)(9) Claim Requests in person or by courier service, hand delivery, or mail. Facsimile submissions will not be accepted, and a Section 503(b)(9) Claim Request will be deemed filed only when actually delivered to and received by the Clerk. If a Section 503(b)(9) Claimant wishes to receive acknowledgment of the Clerk's receipt of a Section 503(b)(9) Claim Request, the holder must submit, along with the original, an extra copy of the Section 503(b)(9) Claim Request and a self-addressed, stamped envelope.

18. The Debtors further request that any Section 503(b)(9) Claim Request that is not timely filed and served so as to be actually received on or before the Section 503(b)(9) Bar Date in the manner set forth herein, be disallowed, and that the holder of such Section 503(b)(9) Claim be forever barred, estopped, and permanently enjoined from asserting such Section 503(b)(9) Claim against the Debtors or their estates, and that such holder not be entitled to receive any distribution in these chapter 11 cases on account of such Section 503(b)(9) Claim or receive further notices regarding such Section 503(b)(9) Claim (but Section 503(b)(9) Claimants shall not be prevented from filing non-priority general unsecured claims for such amounts prior to the applicable bar date).

19. The Debtors also request that Section 503(b)(9) Claimants be precluded from filing a motion to compel the allowance of payment of administrative expenses for their Section 503(b)(9) Claims. The Debtors propose that all timely filed Section 503(b)(9) Claims shall be deemed allowed unless and until objected to by the Debtors or any other party-in-interest. Should

such an objection be filed, the Section 503(b)(9) Claim shall be adjudicated by the Court following notice and a hearing.

C. **Applicable Authority**

20. Section 503(a) of the Bankruptcy Code provides that an "entity may timely file a request for payment of an administrative request." *See* 11 U.S.C. § 503(a) (emphasis added); *In re American Metallurgical Prods. Co. v. Kirkpatrick &Lockhart*, 228 B.R. 146, 154 (Bankr. W.D. Pa. 1998) (noting than an administrative expense claim may be tardily filed only for cause). Pursuant to section 105 of the Bankruptcy Code, this Court may issue any order "necessary or appropriate" to carry out, among other things, the mandate of section 503(a) of the Bankruptcy Code. See 11 U.S.C. § 105(a). The Debtors submit that for the reasons set forth above, adequate cause exists to fix the Section 503(b)(9) Bar Date as requested herein. Additionally, sections 105 and 503 of the Bankruptcy Code and Bankruptcy Rule 9007 together permit the Court to approve the proposed filing procedures set forth herein for the Section 503(b)(9) Claims (the "***Section 503(b)(9) Claims Procedures***") and to approve the form, manner, and sufficiency of notice of the Section 503(b)(9) Bar Date and the Section 503(b)(9) Claims Procedures.

21. Specifically, such approval is essential for the efficient administration of the Debtors' estates. Under section 503(b)(9) of the Bankruptcy Code, a claim is accorded administrative expense priority where such claim is for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). Furthermore, under section 507(a)(2) of the Bankruptcy Code, administrative expenses allowed under section 503(b) are granted priority status. *See id.* at § 507(a)(2).

22.     In addition, the Section 503(b)(9) Bar Date Notice proposed by the Debtors is fair, reasonable and adequate. The proposed notice period set forth herein exceeds the 21 days' notice required under Bankruptcy Rule 2002(a)(7) for the time fixed for filing proofs of claim under Bankruptcy Rule 3003(c). Moreover, all requests for administrative expense payments must be made promptly under the Bankruptcy Code. *See* 11 U.S.C. § 503(a) ("An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause."); *American Metallurgical*, 228 B.R. at 154 (noting than an administrative expense claim maybe tardily filed only for cause).

23.     Given the lack of prejudice to creditors compelled to file their Section 503(b)(9) Claims on or before the Section 503(b)(9) Bar Date, the proposed Section 503(b)(9) Claims Procedures are fair and in the best interests of the Debtors, their estates, and their creditors.

## Notice

24.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (c) those parties set forth on the Master Service List, including all Registered Users who have appeared in these cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

25.     No prior request for the relief sought in this Motion has been made.

## Conclusion

**WHEREFORE**, the Debtors respectfully request that the Court enter an order in the form attached hereto as **Exhibit "A"** (i) granting this Motion; (ii) establishing the Section 503(b)(9) Bar

Date for Section 503(b)(9) Claims; (iii) approving form, manner, and sufficiency of notice of the Section 503(b)(9) Bar Date; and (iii) granting such other and further relief as is just and proper.

Dated: September 28, 2020.

 s/ James C. Moon
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Debtors*

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                 Case No. 20-20259-RAM
                                                                       (Jointly Administered)
It'Sugar FL I LLC, *et al.*,
                                                                       Chapter 11
            Debtors.
_____/

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 503(b)(9)
OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES
FOR SUBMITTING AND RESOLVING CLAIMS RELATED TO GOODS
RECEIVED WITHIN TWENTY DAYS PRIOR TO THE PETITION DATE**

**THIS MATTER** came before the Court on _____, 2020 at ___ ___.m. upon the *Debtors' Motion Pursuant to Section 503(b)(9) of the Bankruptcy Code to Establish Procedures for Submitting and Resolving Claims Related to Goods Received Within Twenty Days Prior to the Petition Date* [ECF No. ___] (the "***Motion***"); and the Court having found that: (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C.

1

§§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

    **IT IS HEREBY ORDERED THAT**:

    1.    The Motion is **GRANTED** as set forth herein.

    2.    Any objections or other responses to the Motion not withdrawn or settled are hereby overruled in their entirety.

    3.    _____, 2020 at 4:00 p.m. (prevailing Eastern Time) shall be the Section 503(b)(9) Claim Deadline[1] for each person or entity to file a Section 503(b)(9) Claim Request against the appropriate Debtor.

    4.    All Section 503(b)(9) Claimants seeking payment of Section 503(b)(9) Claims from the Debtors will be required to submit a Section 503(b)(9) Claim Request. Section 503(b)(9) Claim Requests must set forth with specificity: (i) the amount of the Section 503(b)(9) Claim; (ii) the particular Debtor against which the Section 503(b)(9) Claim is asserted; and (iii) the value of the goods the Section 503(b)(9) Claimant contends such Debtor received within twenty (20) days before the Petition Date. Further, the Section 503(b)(9) Claim Request should include or attach documentation identifying the particular invoices for which any such Section 503(b)(9) Claim is being asserted and documentation evidencing the delivery and/or shipment of the goods. Any Section 503(b)(9) Claim Request must include a certification that the goods with respect to which the Section 503(b)(9) Claim is being filed were sold in the ordinary course of business. Finally, Section 503(b)(9) Claim Requests must: (i) be signed by the claimant or, if the

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to it in the Motion.

2

claimant is not an individual, by an authorized agent of the claimant; (ii) be in the English language; and (ii) be denominated in United States currency.

5. For any Section 503(b)(9) Claim Request to be validly and properly filed, such Section 503(b)(9) Claim Request must include an original signature and be delivered on or before the Section 503(b)(9) Claim Deadline to the Clerk of the Bankruptcy Court ("***Clerk***").

6. Any holder of a claim against a Debtor who receives notice of the Section 503(b)(9) Claim Deadline (whether such notice was actually or constructively received) and is required, but fails, to file a Section 503(b)(9) Claim Request in accordance with this Order on or before the Section 503(b)(9) Claim Deadline: (i) may be forever barred, estopped, and enjoined from asserting such claim against such Debtor (or filing a Section 503(b)(9) Claim Request with respect thereto), and such Debtor and its property may, upon confirmation of a chapter 11 plan, be forever discharged from all such indebtedness or liability with respect to such claim; and (ii) such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases or participate in any distribution from the Debtors on account of such claim or receive further notices regarding such claim; provided, however, that a claimant shall be able to vote upon, and receive distributions under, any plan of reorganization or liquidation in this case to the extent, and in such amount, as any undisputed, non-contingent and liquidated claims identified in the Schedules on behalf of such claimant.

7. The Section 503(b)(9) Bar Date Notice is approved in all respects. The Section 503(b)(9) Bar Date Notice will be served not later than five (5) business days following entry of this Order. Prior to mailing the Section 503(b)(9) Bar Date Notice, the Debtors may fill in, or cause to be filled in, any missing dates and other information, correct any typographical errors,

3

conform the provisions thereof to the provisions of this Order, and make such other, non-material changes as the Debtors deem necessary or appropriate.

8. Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors shall serve the Section 503(b)(9) Bar Date Notice, and a form Section 503(b)(9) Claim Request by first-class mail on:

    (a)    the US Trustee;

    (b)    counsel to the Official Committee of Unsecured Creditors;

    (c)    all parties that have requested notice in these chapter 11 cases; and

    (d)    the Vendor Notice Parties.

9. If the Debtors determine after the mailing date of the Section 503(b)(9) Bar Date Notice that an additional party or parties should receive the Section 503(b)(9) Bar Date Notice, the date by which a proof of claim must be filed by such party or parties shall be the later of (i) the Section 503(b)(9) Claim Deadline or (ii) the first business day that is thirty (30) days from the mailing date of an amended notice of the Section 503(b)(9) Claim Deadline to such additional party or parties.

10. The Debtors and the Clerk are authorized and empowered to take such steps and perform such acts as may be necessary or appropriate to implement and effectuate the terms of this Order.

11. The entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Section 503(b)(9) Claim Deadline established herein shall file such Proofs of Claim or interests or be forever barred from asserting such claims or interests against the Debtors or their estates.

12. The Court shall retain jurisdiction with respect to this Order and any related proceedings.

###

**Submitted By:**
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
Counsel for Debtors
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:   (305) 358-6363
Telefax:        (305) 358-1221

**Copies Furnished To:**
James C. Moon, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:  Case No. 20-20259-RAM
 (Jointly Administered)
It'Sugar FL I LLC, *et al.*,
 Chapter 11
      Debtors.
_____/

## NOTICE OF DEADLINES FOR FILING
## SECTION 503(b)(9) CLAIM REQUESTS

**PLEASE TAKE NOTICE** that on September 22, 2020 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, on _____, 2020, the Debtors filed the *Motion Pursuant to Section 503(b)(9) of the Bankruptcy Code to Establish Procedures for Submitting and Resolving Claims Related to Goods Received Within Twenty Days Prior to the Petition Date* [ECF No. ___] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that, on _____, 2020, the Court, having jurisdiction over the Debtors' chapter 11 cases, entered an order (the "Claim Deadline Order"): (i) establishing _____**, 2020 at 4:00 p.m. (prevailing Eastern Time) (the "Section 503(b)(9) Claim Deadline**") as the deadline for each person or entity, including, without limitation, individuals, partnerships, corporations, joint ventures and trusts to file a request for payment for an administrative claim pursuant to Section 503(b)(9) of the Bankruptcy Code (a "Section 503(b)(9) Claim Request") against any of the Debtors that arose prior to the Petition Date.

**A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER TO FILE A SECTION 503(b)(9) CLAIM REQUEST.**

**If you have any questions with respect to this notice (the "Claim Deadlines Notice"), you may contact the Debtors' attorney, James C. Moon, Esquire by:**

   Telephone: (305) 358-6363
   Email inquiry: jmoon@melandbudwick.com

1. **WHO MUST FILE A SECTION 503(b)(9) CLAIM REQUEST AND HOW TO FILE A SECTION 503(b)(9) CLAIM REQUEST**

**EXHIBIT B**

All parties who seek to assert an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "Section 503(b)(9) Claim") against a Debtor for goods provided to such Debtor within 20 days prior to the Petition Date (each a "Section 503(b)(9) Claimant") must submit a Section 503(b)(9) Claim Request. Attached hereto is a copy of a Section 503(b)(9) Claim Request.

Section 503(b)(9) Claim Requests must set forth with specificity: (i) the amount of the Section 503(b)(9) Claim; (ii) the particular Debtor against which the Section 503(b)(9) Claim is asserted; and (iii) the value of the goods the Section 503(b)(9) Claimant contends the Debtor received within twenty (20) days before the Petition Date. Further, the Section 503(b)(9) Claim request should include or attach documentation identifying the particular invoices for which any such Section 503(b)(9) Claim is being asserted. Any Section 503(b)(9) Claim Request must include a certification that the goods with respect to which the Section 503(b)(9) Claim is being filed were sold in the ordinary course of business. Finally, Section 503(b)(9) Claim Requests must: be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; be in the English language; and be denominated in United States currency.

For any Section 503(b)(9) Claim Request to be validly and properly filed, such Section 503(b)(9) Claim Request must include an original signature and be delivered on or before the Section 503(b)(9) Claim Deadline to the Clerk of the Bankruptcy Court.

Any holder of a Section 503(b)(9) Claim against more than one Debtor must file a separate Section 503(b)(9) Claim Request with each Debtor and all holders of claims must identify on their Section 503(b)(9) Claim Request the specific Debtor against which the Section 503(b)(9) Claim is asserted.

If you file a Section 503(b)(9) Claim Request and wish to receive a file-stamped receipt copy by return mail, you must include with your Section 503(b)(9) Claim Request an additional copy of your Section 503(b)(9) Claim Request and a self-addressed, postage-paid envelope.

**YOU SHOULD ATTACH TO YOUR COMPLETED SECTION 503(b)(9) CLAIM REQUEST COPIES OF ANY WRITINGS UPON WHICH YOUR SECTION 503(b)(9) CLAIM IS BASED.**

2. **CONSEQUENCES OF FAILURE TO FILE A SECTION 503(b)(9) CLAIM REQUEST BY THE SECTION 503(b)(9) CLAIM DEADLINE**

**Any holder of a claim who received notice of the Section 503(b)(9) Claim Deadline (whether such notice was actually or constructively received) and is required, but fails, to file a Section 503(b)(9) Claim Request in accordance with the Claim Deadline Order on or before the Section 503(b)(9) Claim Deadline may, as applicable (i) be forever barred, estopped, and enjoined from asserting such claim against such Debtor (or filing a Proof of Claim or Section 503(b)(9) Claim Request with respect thereto), and such Debtor and its property may upon confirmation of a chapter 11 plan be forever discharged from all such indebtedness or liability with respect to such claim, and (ii) such holder may not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, participate in any distribution**

**from the Debtors on account of such claim or receive further notices regarding such claim; provided, however, that a claimant shall be able to vote upon, and receive distributions under, any plan of reorganization or liquidation in this case to the extent, and in such amount, as any undisputed, non-contingent and liquidated claims identified in the Schedules on behalf of such claimant.**

3.  **EFFECT OF SUBSEQUENT NOTICE**

If the Debtors determine after the mailing date of this Section 503(b)(9) Claim Deadline Notice that an additional party or parties should appropriately receive the Section 503(b)(9) Claim Deadline Notice, the date by which a 503(b)(9) claim must be filed by such party or parties shall be the later of (i) the Section 503(b)(9) Claim Deadline or (ii) the first business day that is thirty (30) days from the mailing date of an amended notice to such additional party or parties.

       /s/ James C. Moon
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

Attorneys for Debtors

**Section 503(b)(9) Claim Request Form**

| Address for Submission of 503(b)(9) Claim Request<br><br>Clerk, US Bankruptcy Court<br>301 North Miami Avenue, Room 150<br>Miami, FL 33128 | *It's Sugar FL I LLC, et al.*<br>Chapter 11 Case No. 20-20259-RAM, etc.<br>(Jointly Administered) |
|---|---|
| **Debtor against which claim is asserted (check *only* one):**<br>☐ It's Sugar FL I LLC    ☐ It's Sugar LLC    ☐ It's Sugar Atlantic City LLC    ☐ It's Sugar FLGC LLC ||
| **NOTE:** Pursuant to an Order of the Bankruptcy Court in the above-referenced chapter 11 cases [ECF No. ___], a claim for administrative expense under 11 U.S.C. § 503(b)(9) (the "**Section 503(b)(9) Claim Request**") must be delivered on or before_____, 2020 to the Clerk of the Bankruptcy Court at the above-referenced address. This Section 503(b)(9) Claim Request Form shall be deemed filed when actually received by the Clerk of the Bankruptcy Court and may be submitted in person or by courier service, hand delivery or mail. Facsimile, e-mail, telecopy or electronic submissions will **not** be accepted. ||
| **Name and address of Creditor (and name and address where notices should be sent if different from Creditor):**<br><br><br><br><br>Telephone number: | ☐ Check if you are aware that anyone else has filed a Section 503(b)(9) Claim Request relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check if you have never received any notices from the bankruptcy court in this case. |
| **ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:** _____ | Check here if this claim:<br>    ☐    Replaces<br>    ☐    Amends<br>a previously filed claim, dated: _____ |
| **1. BASIS FOR CLAIM:** Goods sold in the ordinary course of business and received by debtor within 20 days prior to the commencement of the case. ||
| **2. DATE DEBT WAS INCURRED:** ||
| **3. TOTAL AMOUNT OF SECTION 503(b)(9) CLAIM (IN US DOLLARS):** $_____ ||
| **4. BRIEF DESCRIPTION OF CLAIM:** ||
| **5. CREDITS AND SETOFFS:** The amount of all payments on this claim have been credited and deducted for the purpose of making this Section 503(b)(9) Claim Request. In filing this Section 503(b)(9) Claim Request, claimant has deducted all amounts that claimant owes to the Debtor. ||
| **6. SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, shipping documents, bills of lading, packing slips, receiving dock acceptances, itemized statements of running accounts, or contracts. **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain why. If the documents are voluminous, attach a summary and identify from whom the Debtor may obtain a copy of the documents. ||
| **7. DATE-STAMPED COPY:** To receive acknowledgement of the filing of a paper copy of a Section 503(b)(9) Claim Request, enclose a stamped, self-addressed envelope and a date-stamped copy of your Section 503(b)(9) Claim Request form, excluding supporting documents, will be mailed to you. | |
| **8. ORDINARY COURSE CERTIFICATION:** By signing this claim form, you are certifying that the goods for which payment is sought hereby were sold to the Debtor in the ordinary course of business as required by 11 U.S.C. § 503(b)(9). ||

**EXHIBIT C**