

**ORDERED in the Southern District of Florida on September 29, 2020.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                                  Case No. 20-20259-RAM
                                                                                        (Jointly Administered)
It'Sugar FL I LLC, *et al.*,
                                                                                        Chapter 11
            Debtors.
_____/

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR
AUTHORIZATION TO (I) PAY CERTAIN PREPETITION EMPLOYEE
OBLIGATIONS AND MAINTAIN AND CONTINUE EMPLOYEE BENEFITS
AND PROGRAMS; AND (II) FOR BANKS AND OTHER FINANCIAL INSTITUTIONS
TO HONOR AND PROCESS CHECKS AND TO HONOR TRANSFERS RELATED TO
SUCH OBLIGATIONS AND SETTING FURTHER HEARING**

**THIS MATTER** came before the Court on September 25, 2020 at 1:30 p.m. upon the *Debtors' Emergency Motion for Authorization to (i) Pay Certain Prepetition Employee Obligations and Maintain and Continue Employee Benefits and Programs; and (ii) for Banks and Other Financial Institutions to Honor and Process Checks and to Honor Transfers Related to Such Obligations* [ECF No. 12] (the "***Motion***"), pursuant to 11 U.S.C. § 105(a), 363(b) and 507(a)(4), Federal Rule of Bankruptcy Procedure 6003, and Local Rules 9013-1(F) and (I) and

1

9075-1. The Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "**Hearing**"); having been advised subsequent to the Hearing that (i) Jeffrey Rubin, (ii) Maryanne Scaffidi, (iii) Anton Gladnikov and (iv) Jonathan Schwartz (collectively, "**Insiders**"), insiders of the Debtors which derived a portion of their salary from Debtor affiliates BBX Sweet Holdings, LLC or BBX Capital, have waived their entitlement to, and withdrawn their request to be paid, any outstanding prepetition wages, and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. § 1408; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the Motion and the Hearing was sufficient under the circumstances; and (e) the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein on an interim basis, it is accordingly:

**ORDERED AND ADJUDGED** as follows:

1. The Motion is **GRANTED as Amended by this Order,** *nunc pro tunc* to the Petition Date, September 22, 2020.

2. The Debtors[1] are authorized, but not directed, to pay and/or honor the Prepetition Employment Obligations (other than for the Insiders who have voluntarily waived their entitlement to, and withdrawn their request for, payment of any outstanding prepetition wages), Payroll Tax Obligations, Business Expenses, Travel Expenses, Miscellaneous Expenses, and Employee Benefit Obligations; provided however, that payments to Employees on account of any such unpaid wages and salaries shall not exceed the amounts afforded priority status by section 507(a)(4) of the Bankruptcy Code.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

3. All of the Debtors' banks are authorized and directed to receive, process, honor and pay any and all checks or electronic transfers drawn on the Debtors' payroll and general disbursement accounts related to ordinary course wages and salaries, business expenses and other compensation, including the Prepetition Employment Obligations, including any uncashed checks that were issued prior to the Petition Date with respect thereto, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable account to cover such payments.

4. The Debtors are authorized, but not directed, to continue their practices, programs and policies in effect as of the Petition Date with respect to all Prepetition Employment Obligations, Payroll Tax Obligations, Business Expenses, Travel Expenses, Miscellaneous Expenses, and Employee Benefit Obligations.

5. Nothing herein or in the Motion, nor any payments made by the Debtors pursuant to this Motion, shall be deemed an assumption or rejection of any Employee Benefit Plans, employment agreement, other program or contract, or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract between the Debtors and any Employee.

6. The Debtors, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

7. Entry of this Order is not intended nor should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. Moreover, any payment made pursuant to this Order is not intended and

should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

###

**Submitted By:**
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
MELAND BUDWICK, P.A.
Counsel for Debtors
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:    (305) 358-6363
Telefax:    (305) 358-1221

**Copies Furnished To:**
Joshua W. Dobin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.