

**ORDERED in the Southern District of Florida on September 29, 2020.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

It'Sugar FL I LLC, *et al.,*

    Debtors.
_____/

Case No. 20-20259-RAM
(Jointly Administered)

Chapter 11

**INTERIM ORDER GRANTING, AS MODIFIED AND IN PART, DEBTORS'
EMERGENCY MOTION FOR (A) AUTHORITY TO (I) MAINTAIN BANK
ACCOUNTS AND CONTINUE TO USE EXISTING BUSINESS FORMS AND
CHECKS, AND (II) CONTINUE TO USE EXISTING CASH MANAGEMENT
SYSTEM,  AND (B) WAIVER OF CERTAIN INVESTMENT
AND DEPOSIT GUIDELINES AND SETTING FINAL HEARING**

**THIS MATTER** came before the Court on September 25, 2020 at 1:30 p.m. upon the

*Debtors' Emergency Motion for (A) Authority to (I) Maintain Existing Bank Accounts and

Continue to Use Existing Business Forms and Checks, and (II) Continue to Use Existing Cash

Management System, and (B) Waiver of Certain Investment and Deposit Guidelines* [ECF No.

1

11] ("*Motion*").[1] The Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court ("*Hearing*"); and the Court finding that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper before this Court pursuant to 28 U.S.C. § 1408; (iii) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and (v) the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, it is accordingly:

**ORDERED** as follows**:**

1. The Motion is **GRANTED, as modified and in part,** on an interim basis *nunc pro tunc* to the Petition Date, September 22, 2020, as set forth herein.

2. The Court shall conduct a final hearing (**"*Final Hearing"***) on the Motion by Zoom on October 23, 2020 at 9:30 a.m. The hearing will be conducted by video conference using the services of Zoom Video Communications, Inc.

3. For instructions regarding the video conference, please refer to the General Procedures for Hearings By Video Conference on Judge Mark's web page on the Court's website, https://www.flsb.uscourts.gov/judges/judge-robert-mark.

4. To register for the video conference, click on the following link or manually enter the following link in a browser:

https://us02web.zoom.us/meeting/register/tZMtce2pqTkiGtaVtQGCtOlhoURuvTMG5ZDG

---

[1] Capitalized terms not defined in this Order shall have the meaning ascribed to such term as set forth in the Motion.

5. The Debtors require the use of certain of their existing prepetition Bank Accounts in order to continue operations in the ordinary course of its business.[2] The Debtors are permitted to continue to use their Bank Accounts maintained in their name, respectively.

6. The Debtors shall cause the BOA 2612 bank account and Chase 8816 bank account, which are the main accounts over the Store Deposit Accounts and e-commerce accounts into which receipts are swept from the Store Deposit Accounts ("**Prepetition Operating Accounts**") to become DIP Accounts in accordance with UST Guidelines. The Debtors will notify the Office of the United States Trustee once the Pre-Petition Operating Accounts are converted to DIP Accounts. The Debtors shall open a DIP Operating Account in accordance with UST Guidelines.

7. The Debtors are authorized to (a) designate, maintain and continue to use the Bank Accounts and with the account numbers existing immediately prior to the Petition Date; *provided, however,* that the Debtors may close certain such Bank Accounts and open new debtor-in-possession accounts (in accordance with UST Guidelines) as may be necessary, in the Debtors' business judgment, to facilitate the Debtors' chapter 11 case; (b) deposit funds in and withdraw funds from such Prepetition Operating Accounts by all usual means including, without limitation, checks wire transfers, automated clearinghouse transfers and other debits; and (c) treat the prepetition Bank Accounts for all purposes as debtor-in-possession accounts. The Merchant Accounts may remain open for "sweeps" to the DIP Accounts. No other transfers shall be permitted from the Merchant Accounts.

8. The Debtors are directed to maintain records of all transfers within the Bank Accounts so that all transfers and transactions shall be adequately and promptly documented in,

---

[2] A complete listing of the Bank Accounts is attached to the Motion as Schedule 1.

and readily ascertainable from, its books and records, to the same extent maintained by the Debtors prior to the Petition Date.

9. All banks with which the Debtors maintain the Bank Accounts as of the Petition Date are authorized and directed to maintain, service, and administer such Bank Accounts.

10. Subject to § 553 of the Bankruptcy Code, all banks at which any of the Debtors' accounts are maintained are prohibited from offsetting, affecting, or otherwise impeding any funds of the Debtors deposited at such bank on account of, or by reason of, any claim (as defined in § 101(5) of the Bankruptcy Code) of any such bank against the Debtors that arose before the Petition Date, absent further order of this Court or as specifically set forth herein.

11. The Debtors are authorized to continue to use their preprinted checks for the Prepetition Operating Accounts, correspondence and business forms, including, but not limited to, purchase orders, receipts, letterhead, envelopes, promotional materials and other business forms, substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' debtors-in-possession status; provided that the Debtors will add the "Debtor-in-Possession" designation to any new checks that they obtain or create post-petition.

12. It'Sugar LLC is authorized to continue paying all expenses on behalf of the Debtors consistent with the prepetition business operations.

13. The Debtors and their officers, employees, and agents are authorized to take or refrain from taking such actions as are necessary and appropriate to implement and effectuate the relief granted in this Order.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

###

**Submitted By:**
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
MELAND BUDWICK, P.A.
*Counsel for Debtors*
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:   (305) 358-6363
Telefax:       (305) 358-1221

**Copies Furnished To:**
Joshua W. Dobin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.