

**ORDERED in the Southern District of Florida on September 29, 2020.**

Robert A. Mark, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 20-20259-RAM |
| | (Jointly Administered) |
| It'Sugar FL I LLC, *et al.*, | |
| | Chapter 11 |
| Debtors. | |
| _____/ | |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION PURSUANT TO SECTIONS 105(A), 363(B), AND 503(B)(1) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO HONOR CERTAIN PREPETITION CUSTOMER PROGRAMS**

**THIS MATTER** came before the Court on September 25, 2020, 2020 at 1:30 p.m. upon the *Debtors' Emergency Motion Pursuant to Sections 105(a), 363(b), and 503(b)(1) of the Bankruptcy Code for Authorization to Honor Certain Prepetition Customer Programs* [ECF No. 13] (the "***Motion***"). The Court considered the Motion and finds that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the Motion and the hearing thereon was sufficient under the

1

circumstances; and (e) the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein. Accordingly, it is:

**ORDERED AND ADJUDGED** as follows:

1. The Motion is **GRANTED**.

2. The Debtors[1] are authorized, but not directed, pursuant to §§ 105(a), 363(b), and 503(b)(1) of the Bankruptcy Code, to continue the Customer Programs, and to provide refunds in connection with returned or reversed e-commerce sales, in the ordinary course of their business in the same manner and on the same basis as the Debtors implemented and maintained prior to commencement of their chapter 11 cases.

3. The Debtors are authorized, but not directed, to honor all prepetition obligations relating to the Customer Programs in the ordinary course of business, in the same manner and on the same basis as the Debtors honored such obligations prior to commencement of the chapter 11 cases.

4. Any requirements of Rule 6003 of the Bankruptcy Rules have been satisfied.

5. The requirements of Bankruptcy Rule 6004(a) and 6004(h) are waived and the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

6. Further, nothing in this Order or Motion shall be construed as prejudicing any rights the Debtors may have to contest the amount or basis of any prepetition or postpetition obligations relating to the Customer Programs.

---

[1] Capitalized terms used herein shall have the meanings ascribed in the Motion.

7. The Court shall retain jurisdiction over this matter to provide for such additional and further relief necessary to enforce the terms and conditions of this Order.

### 

**Submitted By:**
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
MELAND BUDWICK, P.A.
Counsel for Debtors
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:     (305) 358-6363
Telefax:          (305) 358-1221

**Copies Furnished To:**
Joshua W. Dobin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.
and to file a Certificate of Service.