UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                 Case No. 20-20259-RAM
                                                                       (Jointly Administered)
It'Sugar FL I LLC, *et al.*,
                                                                       Chapter 11
      Debtors.
_____/

**AMENDED[1] DECLARATION OF TROY TAYLOR IN SUPPORT OF AMENDED APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(B) TO (I) RETAIN ALGON CAPITAL, LLC D/B/A ALGON GROUP TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL AND (II) DESIGNATE TROY TAYLOR AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS ON AN INTERIM BASIS
NUNC PRO TUNC TO SEPTEMBER 22, 2020**

Troy Taylor submits this Declaration pursuant to 28 U.S.C. §1746, states as follows:[2]

1.    I am the president of Algon Capital, LLC d/b/a Algon Group ("*Algon*"), a restructuring and investment banking firm with completed assignments throughout the United States and internationally.

2.    I submit this declaration on behalf of Algon (the "*Declaration*") in support of the *Amended Application of Debtors Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to (I) Retain Algon Capital, LLC d/b/a Algon Group to Provide the Debtors a Chief Restructuring Officer and Certain Additional Personnel and (II) Designate Troy Taylor as Chief Restructuring Officer for the Debtors on an Interim Basis nunc pro tunc to September 22, 2020* [ECF No. 27] (the "*Application*") on the terms and conditions set forth in the Application and the engagement letter,

---

[1] Amended to add new ¶15.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

1

dated September 22, 2020, entered into between the Debtors and Algon and attached to the Application as Exhibit A (the "**Engagement Letter**"), *nunc pro tunc* to the Petition Date. Except as otherwise noted, I have personal knowledge of the matters set forth herein.[3]

3. On September 22, 2020, the Debtors engaged Algon to provide restructuring management services, including my services as Chief Restructuring Officer as set forth in the Engagement Letter. I believe that my and Algon's experience and expertise will be valuable to the Debtors' efforts to reorganize.

## QUALIFICATIONS

4. Both Algon and myself personally have extensive experience in providing restructuring services in and out of chapter 11 proceedings and have an excellent reputation for the services they have rendered on behalf of debtors and creditors throughout the United States.

5. I am the Founder and President of Algon, and I have over 30 years of experience that combines investment banking, restructuring (both in Chapter 11 and out-of-court), and senior management. I have served as the Lead Financial Advisor, Chief Restructuring Officer or Chief Executive Officer in a broad range of industries including real estate/hospitality, energy, manufacturing, and distribution. I recently led the restructuring/recapitalization of Hyperion Bank in my capacity as Vice Chairman and acted as the sole Independent Director of the Dress Barn, Inc. in connection with the wind down of approximately 650 retail locations around the country. I am also a founding investor and the Chairman of the Audit Committee for Big Rock Partners Acquisition Corp., a publicly traded company.

---

[3] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at Algon and are based on information provided by such professionals.

6. I have completed various real estate restructurings/sales for high-profile clients including The Related Group, Four Season Peninsula Papagayo Resort, One Bal Harbour Resort, BlueGreen Vacations Corporation, The Altman Companies, and Cabi Downtown LLC.

7. Algon is a national, leading financial advisory firm. The following is a representative list of Algon's advisory engagements:

| | |
|---|---|
| The Dress Barn, Inc. | • Served as sole independent director in conjunction with wind-down of retail operations<br>• Wind-down included 650 stores and related lease obligations |
| Big Rock Partners, LLC | • Financial/Restructuring Advisor in senior housing chapter 11<br>• Advisor on $69 million acquisition of 500+ bed Tampa area CCRC |
| Tradition/Port St. Lucie | • Advised institutional lender on 8,200-acre master planned community<br>• Conducted nationwide M&A process to maximize value<br>• Sold 3,028 acres to Mattamy Homes; transferred 1,222 acres to the City |
| BrightSource Energy, Inc. | • International solar thermal developer with invested capital in excess of $800 million<br>• Appointed Vice Chairman and Board Member at the request of the senior lender<br>• Debt restructuring/international M&A process |
| Peninsula Papagayo | • Advised on a successful operational and debt restructuring<br>• Increased equity value by approximately $100 million<br>• Conducted worldwide M&A process resulting in the successful sale of the resort |
| The Related Group | • $2+ billion restructuring of senior and mezzanine debt across 21 separate loans<br>• Completed consensual restructuring with 40+ domestic and foreign financial institutions<br>• Restructured Company is once again a major successful real estate developer |

3

| | |
|---|---|
| Tradition/BFC Corp. | <ul><li>Diversified NYSE holding company (NYSE: BBX)</li><li>CRO for successful restructuring on over $370 million of subsidiary level debt</li></ul> |
| One Bal Harbour | <ul><li>CRO in confirmed Chapter 11 of condo/hotel project with $700+ million in assets</li><li>Managed sale process via section 363 sale</li></ul> |
| Hyperion Bank | <ul><li>As Vice Chairman, led a management/financial restructuring</li><li>Raised $18.3 million through Rights Offering and Common Stock Offering</li></ul> |
| Cabi Downtown, LLC | <ul><li>Financial advisor on $256 million Chapter 11 Plan for major condominium project</li></ul> |
| Altman Companies | <ul><li>Completed global restructuring for leading developer and operator of apartments with over $475 million of debt</li></ul> |
| Agway Liquidating Trust | <ul><li>Advised $400 million trust on the disposition of 24 environmentally-tainted properties</li></ul> |
| Synovus Financial Corporation (NYSE: SNV) | <ul><li>Advised in divestiture of 28% equity ownership in Aeronics Corporation (AMEX: AIM)</li></ul> |
| BlueGreen Vacations Corporation (NYSE: BXG) | <ul><li>Review of strategic alternatives resulting in $29 million sale of Developer/Operator of timeshare resorts and residential parcels</li></ul> |
| Advanced Lighting Technologies, Inc. (Nasdaq: ADLT) | <ul><li>Advised the Official Equity Committee in obtaining substantial recovery in $175 million Chapter 11</li></ul> |
| Speizman Industries, Inc. (SPZN.OB) | <ul><li>Advised the Special Committee to the Board of Directors in connection with a chapter 11 petition</li></ul> |
| Mego Financial (Nasdaq: MEGO) | <ul><li>Advisor to Chapter 11/7 trustee for $185 million publicly-traded timeshare company</li><li>Developed strategy and negotiated substantial recovery for DIP lender</li></ul> |
| Village Homes | <ul><li>Restructured approximately $140 million of senior debt</li></ul> |
| Diversified Family Investment Vehicle | <ul><li>Advised on two CMBS debt restructurings of retail and office assets</li><li>Successfully negotiated agreements with CW Capital and C3</li></ul> |

4

| Investor group | • Advised investor group in purchase of PCX Corp., a division of NYSE-listed Integrated Electrical Services, Inc. |
|---|---|
| Southeastern Retirement Associates, LLC | • Advised an ad hoc committee of subordinated note holders in a $52.3 million restructuring |
| NY-based hedge fund | • Advised on valuation of $600 million of subordinated debt in a publicly-traded company |
| Arlington Ridge, LLC | • Advisor to Debtor in Chapter 11 proceedings  Held CRO position |
| PsychSolutions Inc. | • Financial advisor in sale to Youth & Family Centered Services, Inc., a portfolio company of TA Associates |
| Adama Holdings | • Advised major hedge fund investors on $500 million eastern European distressed investment |
| SolarReserve, Inc. | • Advising senior lender on maximizing recovery of $90 million loan<br>• Overseeing liquidation of assets located in US, South Africa, Chile and Australia |
| SELAF Waterfall Holding Company | • Advised a $175 million private equity firm on strategic alternatives for portfolio investment |
| Harmony Information Systems, Inc. | • Advised JMI Equity ($1.3+ billion) on the recapitalization of a portfolio company |

8.     Further, as a result of prepetition work performed on behalf of the Debtors, Algon and I personally have acquired knowledge of the Debtors and their business and we are familiar with the Debtors' financial affairs, operations and related matters.

9.     Algon will endeavor to coordinate with the other professionals retained in these cases to eliminate unnecessary duplication of work.

5

**DISINTERESTEDNESS AND ELIGIBILITY**

10. Prior to prepetition work performed in preparation for the filing, neither Algon nor myself had any connection with the Debtors. However, we have connections with the Debtors' affiliates as follows:

a) I served as CRO for Core Communities Inc. with respect to an out-of-court debt restructuring. Core Communities was a subsidiary of Woodbridge Holdings Corporation, an affiliate of BBX Capital Corp., which in turn is an affiliate of the Debtors. The representation ceased in 2014. I do not believe that this relationship affects Algon's or my disinterestedness in these cases.

b) Algon served as financial advisor to Bluegreen Vacation Corporation ("**Bluegreen**") with respect to the sale of a division of Bluegreen. The representation ceased in 2014. Bluegreen is a public company traded on the New York Stock Exchange. BBX is majority shareholder of Bluegreen. Algon refers to the Form 10-Q filed by BBX for the quarter ending June 30, 2020 for the details of a proposed spinoff transaction, previously announced in June 2020 related by BBX and Bluegreen. I do not believe that this relationship affects Algon's or my disinterestedness in these cases.

c) Algon served as financial advisor to the Altman Companies, an independently owned apartment developer for debt restructuring. The Altman Companies are currently 50% owned by BBX Capital Real Estate, an affiliate of the Debtors. The representation ceased more than 5 years prior to the Petition Date. I do not believe that this relationship affects Algon's or my disinterestedness in these cases.

d) I am currently a passive investor, and have been a passive investor in numerous partnerships sponsored by Label & Co., a niche real estate developer/home

6

builder. An affiliate of the Debtors, BBX Sky Cove LLC, a wholly owned subsidiary of BBX Capital Real Estate, is likewise a passive investor in many of the same projects. I do not believe that this relationship affects Algon's or my disinterestedness in these cases.

e) Over the last 10 years Mr. Taylor has discussed various business issues regarding real estate with senior BBX executives. These discussions included investment opportunities, restructuring of debt and/or leases and general real estate market conditions. These were all informal conversations and Mr. Taylor was not compensated.

11. In connection with the preparation of this Declaration, Algon's professionals conducted a review of their contacts with the Debtors, their affiliates, the Debtors' principals, and certain entities and individuals holding large claims against or interests in the Debtors that were reasonably known to Algon, and other interested parties that were reasonably known to Algon (collectively, the "**Conflict Parties**").

12. Based on the results of Algon's review, it was determined that, other than set forth herein, Algon does not have relationships with any of the Conflict Parties.

13. In 2014, Mark Meland, Esq. and Meland Budwick, P.A. represented Mr. Taylor in connection with an acquisition of a condominium unit in Miami Beach, Florida and ancillary real estate related services. That representation has concluded and that matter was unrelated to the Debtors.

14. In the past Meland Budwick, P.A. has represented parties in interest in matters in which Algon Capital LLC and/or Troy Taylor have served as a financial advisor and/or chief restructuring officer. None of those matters were related to the Debtors.

15. In connection with my role as vice chairman and director of BrightSource Energy ("**BrightSource**") I have been tasked with finding ways to maximize the value of the company. In

7

furtherance of that goal, I have conducted negotiations on behalf of the company with several parties, and I was recently put in contact with Jennifer Mazin, Managing Partner | Investments Renewables of Brookfield Asset Management ("**Brookfield**"), to explore strategic options. I referred Ms. Mazin to the CEO of Bright Source to determine if BrightSource should pursue further negotiations with Brookfield. I have had no further communications at this time; however, if the CEO of BrightSource determines that further exploration of opportunities with Brookfield is warranted, I may have business discussions with representatives of Brookfield in the future. However, any discussions I may have with Brookfield are wholly unrelated to the instant cases or the Debtors, and pose no actual or potential conflict.

16. As part of its diverse practice, Algon appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and restructuring consultants, who may represent claimants and parties-in-interest in these cases. Also, Algon has performed in the past, and may perform in the future, consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings. In addition, Algon has in the past, may currently and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the Debtors and these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtors herein in matters upon which Algon is to be employed, and none are in connection with these cases.

17. Algon is not a "creditor" of the Debtors within the meaning of section 101(10) of the Bankruptcy Code.

18. Based on the results of the relationship search conducted to date as described above, Algon appears to have no connection with the Debtors, their creditors, other parties-in-interest (as reasonably known to Algon) or their respective attorneys, except as disclosed in this Declaration. Further, no one involved in these cases or in Algon's business generally has any connection to the United States Trustee for the Southern District of Florida (the "***U.S. Trustee***") or any person employed in the Office of the U.S. Trustee in this District.

19. Other than as set forth in this Declaration, Algon neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of section 101(14) of the Bankruptcy Code.

20. It is Algon's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new relevant facts or relationships are discovered or arise, Algon will promptly file a supplemental disclosure in the same manner as an estate professional employed pursuant to section 327 of the Bankruptcy Code would file under Bankruptcy Rule 2014(a).

## **COMPENSATION**

21. Subject to Court approval of the Application and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable U.S. Trustee guidelines, and the Local Rules for the United States Bankruptcy Court for the Southern District of Florida, Algon will seek from the Debtors payment for compensation on a monthly flat fee for myself as Chief Restructuring Officer and on an hourly basis for all other Additional Personnel, and reimbursement of actual and necessary expenses incurred by Algon, as described in the Application. Algon's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Application.

22. To the best of my knowledge, (i) no commitments have been made or received by Algon with respect to compensation or payment in connection with these cases other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and (ii) Algon has no agreement with any other entity to share with such entity any compensation received by Algon in connection with these chapter 11 cases.

23. By reason of the foregoing, I believe Algon will be eligible for retention by the Debtors pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

24. I am authorized to submit this Declaration on behalf of Algon, and if called upon to testify, I would testify competently as to the facts set forth herein.

[Remainder of page intentionally left blank. Next page is signature page.]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This Declaration is executed by me on this 22nd day of September, 2020.

                                                                                  _____
                                                                                  Troy Taylor
                                                                                  President

suant to Section 1746, Title 28, of the United States Code, I declare under penalty of

t the foregoing is true and correct.

ed: September 22, 2020

                                              */s/ Troy Taylor*

                                        Troy Taylor
                                        Proposed Chief Restructuring Officer