

**ORDERED in the Southern District of Florida on October 1, 2020.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                           Case No. 20-20259-RAM
                                                 (Jointly Administered)

It'Sugar FL I LLC, *et al.*,
                                                 Chapter 11

    Debtors.
_____/

**INTERIM ORDER AMENDING AND SUPERCEDING INTERIM ORDER
AUTHORIZING (I) THE RETENTION OF ALGON CAPITAL, LLC D/B/A
ALGON GROUP TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING
OFFICER AND (II) THE DESIGNATION OF TROY TAYLOR AS CHIEF
RESTRUCTURING OFFICER FOR THE CHAPTER 11 DEBTORS-IN-POSSESSION
ON AN INTERIM BASIS NUNC PRO TUNC TO THE PETITION DATE
<u>AND SETTING FINAL HEARING [ECF NO. 65]</u>[1]**

THIS MATTER came before the Court for hearing in Miami, Florida on September 25,

2020 at 1:30 p.m. upon the *Amended Application of the Debtors Pursuant to 11 U.S.C. §§ 105(a)*

*and 363(b) to (I) Retain Algon Capital, LLC d/b/a Algon Group to Provide the Debtors a Chief*

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application [ECF No. 27].

*Restructuring Officer and Certain Additional Personnel and (II) Designate Troy Taylor as Chief Restructuring Officer for the Debtors, on an Interim Basis, Nunc Pro Tunc to September 22, 2020* [ECF No. 27] (the "***Application***"), pursuant to § 363(b)) of Title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "***Local Rules***"); the Court having reviewed the Application, the declaration of Troy Taylor in support of the Application, (the "***Taylor Declaration***"); the Court being satisfied based upon the representations made in the Application and the Taylor Declaration that Troy Taylor and Algon Capital, LLC d/b/a Algon Group ("***Algon***") do not hold any interest adverse to the Debtors or to the estates, due and proper notice of the Application having been provided, and after due deliberation and sufficient cause appearing therefore, it is accordingly

**ORDERED** as follows:

1.      The Application is APPROVED as modified herein.

2.      Except as otherwise set forth in this Order, Troy Taylor is authorized to act in accordance with the terms, and pursuant to the scope, of the Professional Services Agreement attached to the Application as Exhibit A (the "***Agreement***") including, without limitation, the Debtors' right to terminate the Agreement and the services of the CRO.

3.      Troy Taylor shall not act in more than one of the following capacities in the Debtor's chapter 11 case: crisis manager, financial advisor, claims agent and investor, or acquirer. For a period of three years after the conclusion of the engagement, Troy Taylor and Algon Capital LLC shall not make any investments in the Debtor or reorganized Debtor where Troy Taylor  and Algon Capital LLC has been engaged.

- 2 -

4.      The indemnification provided to Troy Taylor as stated in Section IV of the Agreement (the "*Indemnification Provision*") shall be on the same terms as provided to the Debtors' other officers and directors under respective corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officer liability policies. Notwithstanding anything contrary in the Agreement, Algon shall not be indemnified by the Debtors.

5.      The Indemnification Provision is modified as follows: The Debtors shall not have any liability or obligations for claims, liabilities, expenses, damages, or costs resulting from claims that are determined by the Court to have resulted from bad faith, gross negligence, self-dealing, willful misconduct or violations of law by Troy Taylor or partners, members, or employees of Algon.

6.      The compensation provision in section II of the Agreement (the "*Compensation Provision*") is modified as follows:

B) CRO FEE. The Client shall pay Algon a fixed fee of $90,000 per month (prorated for partial months) for Troy Taylor's services as CRO through December 2020 during which time Troy Taylor shall work no less than 294 hours performing his obligations hereunder, and $60,000 per month thereafter during which time Troy Taylor shall work no less than an average of 60 hours per month performing his obligations hereunder.

***

D) Algon Fee Cap. Algon's total monthly fees shall not exceed $145,000 per month through December 2020. Subsequent months shall not exceed $95,000 per month.

7.      In the event the Debtors seek to have Troy Taylor as CRO assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either adding new executive officers or altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

8.    No principal, employee, or independent contractor of Algon shall serve as a director of the above-captioned Debtors during the pendency of the above-captioned cases.

9.    Troy Taylor shall file with the Court, and provide notice to the U.S. Trustee, any reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts that describe the time incurred and services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall: (i) be appended to the reports; and (ii) contain detailed time entries describing the tasks performed, with such time entries identifying the time spent completing each task in 30-minute increments and the corresponding charge (time multiplied by hourly rate) for each task. All compensation shall be subject to review by the Court.

10.    Troy Taylor and Algon shall disclose any and all facts that may have a bearing on whether Troy Taylor and Algon, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

11.    Compensation for Troy Taylor and reimbursement for expenses incurred, including any fees or costs sought as a result of the Indemnification Provision as modified herein, shall require proper fee application and shall be subject to Court approval pursuant to 11 U.S.C. § 330.

12.    The Court shall conduct a final hearing (the "***Final Hearing***") on the Application on October 23, 2020, at 9:30 a.m., prevailing Eastern Time. The hearing will be conducted by video conference using the services of Zoom Video Communications, Inc.

13.    For instructions regarding the video conference, please refer to the General Procedures for Hearings By Video Conference on Judge Mark's web page on the Court's website, https://www.flsb.uscourts.gov/judges/judge-robert-mark.

14.    To register for the video conference, click on the following link or manually enter the following link in a browser:

https://us02web.zoom.us/meeting/register/tZMtce2pqTkiGtaVtQGCtOlhoURuvTMG5ZDG

15.    Any party in interest objecting to the relief sought in the Application shall serve and file written objections, which objections shall be served upon (a) the Debtors; b) Debtor's Counsel; (c) the Office of the United States Trustee for the Southern District of Florida; (d) the entities listed on the Master Service List, if any, filed pursuant to Local Bankruptcy Rule 2002-1(K); and (e) counsel to any Official Committee of Unsecured Creditors Committee, to the extent one is appointed prior to the Final Hearing (collectively, the "Notice Parties") and shall be filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida, to allow actual receipt by the foregoing no later than October 21, 2020 at 4:30 p.m., prevailing Eastern Time.

16.    Notice will be provided to all parties by mailing a copy of this Interim Order setting the Final Hearing upon all parties on the Master Service List pursuant to Local Rule 2002-1(H), Designation of Master Service List in Chapter 11 Cases.

17.    In the event the Application is not granted on a final basis, Algon shall be permitted to request compensation for services rendered in the period between the Petition Date and the Final Hearing, subject to final review and approval by this Court at the conclusion of these Chapter 11 cases.

18.    The requirements for emergency motions set forth in Local Rule 9075-1 and for entry of the relief requested earlier than the period set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Application.

19.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Application and the record.

20.     Entry of this Interim Order is without prejudice to the rights of any party-in-interest to interpose an objection to the Application, and any such objection will be considered on a de novo basis at the Final Hearing.

21.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

### 

**Submitted by:**
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
MELAND BUDWICK, P.A.
Counsel for Debtors
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telefax: (305) 358-1221

**Copies Furnished To:**
Joshua W. Dobin, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.