UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:   Case No. 20-20259-RAM
(Jointly Administered)

It'Sugar FL I LLC, *et al.*,

Chapter 11

    Debtors.
_____/

**DEBTORS' MOTION PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE FOR AN EXTENSION OF EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES**

*Hearing requested on January 11, 2021 at 10:00 a.m. along with other matters already set*

It'Sugar FL I LLC, It'Sugar LLC, It'Sugar Atlantic City LLC, and It'Sugar FLGC LLC ("**Debtors**"), pursuant to 11 U.S.C. § 1121(d), seek the entry of an order granting the Debtors sixty (60) day extensions of their exclusive right to file a plan of reorganization and to solicit acceptances, thereby (a) extending the time during which the Debtors shall have the exclusive right to file a plan of reorganization from January 20, 2021 through and including March 23, 2021; and (b) extending the time during which the Debtors shall have the exclusive right to solicit acceptances thereto for such plan from March 22, 2021 through and including May 21, 2021.

## I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 1121(d) of chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*) and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the *"Bankruptcy Rules"*).

## II.  BACKGROUND

4. On September 22, 2020 (the *"Petition Date"*), the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

5. The Debtors operate as an integrated enterprise and are known throughout the industry as It'Sugar. It'Sugar is a specialty candy retailer whose products include bulk candy, candy in giant packaging, and licensed and novelty items. It'Sugar's portfolio includes approximately 100 retail locations across 28 states.

6. The Debtors are operating their businesses and managing their affairs as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been sought or appointed.

## III.  BAR DATES FOR FILING CLAIMS

7. Pursuant to the "*Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors & Deadlines*" dated September 23, 2020 (the *"Bar Date Notice"*), the general bar date for entities to file proofs of claim was December 1, 2020 (the *"General Bar Date"*).

8. In addition, the Bar Date Notice set a deadline of March 22, 2021 for governmental units to file proofs of claim (the *"Governmental Bar Date"* and together with the General Bar Date, the *"Bar Dates"*).

9. The Governmental Bar Date falls almost two months after the current deadline of January 20, 2021 for the Debtors to file a proposed plan.

## IV. RELIEF REQUESTED

10. The Debtors request that, pursuant to section 1121(d) of the Bankruptcy Code, the Court enter an order extending the Debtors' exclusive deadline to file a plan of reorganization and solicit acceptances, without prejudice to the right of the Debtors to seek further extensions of such periods, as follows:

    a) extending the time during which the Debtors shall have the exclusive right to file a plan of reorganization from January 20, 2021 through and including March 23, 2021; and

    b) extending the time during which the Debtors shall have the exclusive right to solicit acceptances to said plan from March 22, 2021 through and including May 21, 2021.

## V. BASIS FOR RELIEF REQUESTED

11. Section 1121 of the Bankruptcy Code is the statutory predicate for determining the time period within which only the debtor in possession may file a plan of reorganization and solicit acceptances thereto. Pursuant to § 1121(b), a debtor is given the exclusive right to file a plan of reorganization until the expiration of one hundred-twenty (120) days following the date of the order for relief (the *"Exclusivity Period"*), unless the Exclusivity Period is extended by order of the Bankruptcy Court. In addition, § 1121(c)(3) of the Bankruptcy Code provides that a debtor in possession is given the exclusive right to solicit acceptances of its plan for one hundred-eighty (180) days following the date of the order for relief (the *"Acceptance Period"*), unless the Acceptance Period is extended by order of the Bankruptcy Court.

3

12. Pursuant to § 1121(d)(1) of the Bankruptcy Code, upon the request of a party in interest and after notice and a hearing, this Court may, for cause shown, lengthen the Exclusivity Period and the Acceptance Period. Section 1121(d)(1) states, in pertinent part:

> …on request of a party in interest made within the respective period specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause … increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

13. The term "cause" is undefined in the Bankruptcy Code. However, the legislative history indicates it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See In re McLean Indus.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (citing H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), reprinted in U.S.C.C.A.N. 1978, pp. 5963, 6190) (noting that Congress intended to give bankruptcy courts flexibility to protect a debtor's interests by allowing unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest). As will be shown below, the Debtors have demonstrated sufficient cause to extend the Exclusivity Period to March 23, 2021 and the Acceptance Period to May 21, 2021.

14. In determining whether cause exists to extend the exclusive periods, courts generally consider a variety of factors to assess the facts and circumstances of each case. *See In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (stating that the decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact specific); *McLean Indus.*, 87 B.R. at 834 (identifying the factors used by courts to determine whether cause exists to extend exclusivity); *In re Dow Corning Corp.*, 208 B.R. 661, 664, 670 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996). The factors cited by courts include, without limitation:

4

    (a)    the size and complexity of the debtor's case;

    (b)    the fact that the debtor is paying its bills as they come due;

    (c)    the existence of good-faith progress towards reorganization;

    (d)    the existence of an unresolved contingency; and

    (e)    a finding that the debtor is not seeking to extend exclusivity to pressure creditors "to accede to [the debtors'] reorganization demands."

*See, e.g., In re Borders Group, Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011) (citing factors and granting debtor's motion to extend exclusive periods by 120 days); *Express One Int'l*, 194 B.R. at 100 (citing *In re Grant Traverse Development Co., Ltd.*, 147 B.R. 418 (Bankr. W.D. Mich. 1992) (citing factors and granting debtor's third request that extended exclusivity for one year); *McLean Indus.*, 87 B.R. at 834 (citing factors and approving second, 90-day extension request of debtor that had few creditors and where the case had been pending for less than a year); *see also In re Adelphia Comm. Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006) (citing factors and denying motion to terminate exclusivity); Under all of these factors, cause exists to extend the Exclusivity Period to March 23, 2021 and the Acceptance Period to May 21, 2021.

15.    The most common basis upon which courts grant an extension of the exclusivity periods is the size and complexity of the chapter 11 case. *See, e.g., Express One Int'l*, 194 B.R. at 100. Here, the magnitude of these chapter 11 cases satisfies the first factor courts look to when deciding whether sufficient cause exists for granting an extension of the Exclusivity Period and Acceptance Period. These cases are complex, involving four Debtors with operations spanning various states in the United States with hundreds of creditors and thousands of customers. As of the Petition Date, the Debtors also employed approximately 600 employees.

16.    In order for the Debtors to provide adequate information regarding expected distributions to creditors in the disclosure statement, the Debtors submit that it is necessary to

extend the Exclusivity Period and Acceptance Period to provide the Debtors sufficient time to review and analyze the filed claims. Given the number of legal and business issues facing the Debtors in this reorganization due to the size, nature, and national scope of the Debtors' business, it is clear that the Debtors' cases are complex.

17. Second, cause may be shown to extend the exclusivity periods where the debtor is paying its debts as they become due. *See, e.g., In re Service Merchandise Co.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000); *In re Crescent Manufacturing*, 122 B.R. 979, 982 (Bankr. N.D. Ohio 1990); *McLean Indus., Inc.*, 87 B.R. at 834. The Debtors submit that they are paying their postpetition obligations in a timely fashion. The Debtors have been managing their business effectively and preserving the value of their assets for the benefit of all creditors. Accordingly, the Debtors submit that cause exists to extend the Exclusivity Period to March 23, 2021 and the Acceptance Period to May 21, 2021.

18. Third, the Debtors have made good faith progress towards their reorganization. The Debtors are in meaningful discussions and negotiations with many landlords regarding lease modifications which will greatly enhance the Debtors' reorganization efforts. The Debtors need additional time to continue and finalize these negotiations as part of the plan process.

19. A court may grant an extension of exclusivity where the case has been pending for a relatively brief period of time. Here, the Debtors' bankruptcy cases are a little over three months old. In addition, it is worth noting, in other cases of equal or lesser size and complexity in this District, courts have routinely granted similar extensions on the debtor's initial request for an extension of the exclusive periods. *See, e.g., In re Viva Investments Limited Liability Company*, Case No. 15-11753-PGH (Bankr. S.D. Fla. June 10, 2015) (court grants initial request to extend debtors' exclusive period to file a plan and disclosure statement by 90 days); *In re*

*Florida Gaming Centers, Inc.,* Case No. 13-29597-RAM (Bankr. S.D. Fla. Dec. 16, 2013) (court grants initial request to extend debtors' exclusivity period to file a plan and disclosure statement by 120 days); *In re Meadows of Jupiter Florida Condo, LLC et al.*, Case No. 10-43458-PGH (Bankr. S.D. Fla. May 18, 2011) (court grants request to extend exclusivity period to file a plan and disclosure statement by an additional 90 days); and *In re Gulfstream International Group, Inc., et al.*, Case NO. 10-44131-JKO (Bankr. S.D. Fla. March 22, 2011) (court grants request to extend exclusive periods for an additional 120 days); *In re LP Watch Group, Inc., et al.*, Case No. 10-29919-JKO (Bankr. S.D. Fla. December 3, 2010) (initial exclusivity periods extended by 90 days); and *In re Arch Aluminum & Glass Co, Inc., et al.,* Case No. 09-36232-JKO (Bankr. S.D. Fla. April 19, 2010) (court grants request to extend exclusive periods for 180 days). Accordingly, the Debtors submit that cause exists to extend the Exclusivity Period through and including March 23, 2021 and the Acceptance Period through and including May 21, 2021.

20.     The Debtors are not seeking to extend the Exclusivity Period and the Acceptance Period in order to pressure their creditors into accepting a plan that they may find unacceptable, and no party in interest will be prejudiced by the relief requested herein. This is the Debtors' first request for an extension of the exclusive periods. The requested extension is reasonable given the Debtors' progress to date and the current posture of these chapter 11 cases. The Debtors are not seeking this extension to delay the reorganization for some speculative event. Rather, the proposed extensions of the Exclusivity Period and Acceptance Period will advance the Debtors' efforts to confirm a reorganization plan as expeditiously as possible and bring these cases to a resolution.

21.     The Debtors have behaved in a manner consistent with their fiduciary obligations to their creditor constituencies, evidencing proper motive in seeking extensions of the

Exclusivity Period and the Acceptance Period. Instead of prejudicing any party in interest, the requested extension will afford the Debtors an opportunity to propose a realistic and viable chapter 11 plan.

22.     Therefore, it is respectfully submitted that the Debtors and their estates would be prejudiced if the Exclusivity Period and Acceptance Period are allowed to expire. The negotiations of possible lease modifications to include in the plan likely are and will continue to be time consuming and complex. Termination of exclusivity and the possibility of the filing of third-party plans will only make the effort for a consensual plan of reorganization more difficult.

23.     The Debtors submit that they have acted in good faith during these chapter 11 cases and believe that they have a realistic chance of confirming a plan of reorganization. The requested extension of the Exclusivity Period and the Acceptance Period is not unduly burdensome or prejudicial to any parties in interest in these cases. Accordingly, the Debtors request a 60-day extension of the Exclusivity Period and Acceptance Period.

24.     Extending the Exclusivity Period and Acceptance Period will not harm or prejudice the Debtors' creditors or other parties in interest. Rather, an extension of the exclusive periods will increase the likelihood of a greater distribution to the Debtors' stakeholders by facilitating an orderly, efficient and cost-effective plan process for the benefit of all creditors. Termination of the Exclusivity Period and Acceptance Period, on the other hand, could give rise to the threat of multiple plans and a contentious confirmation process, resulting in increased administrative expenses and consequently diminishing returns to the Debtors' creditors. Moreover, it could significantly delay, if not completely undermine, the Debtors' ability to confirm any plan in these cases. In an abundance of caution, and in a balance of the equities, the Debtors respectfully request that cause exists for the entry of an order extending the Exclusivity

Period and Acceptance Period for a period of 60 days each, through March 23, 2021 and May 21, 2021, respectively.

**WHEREFORE**, the Debtors respectfully request the entry of an Order, extending the exclusive period within which the Debtors may file a plan through and including March 23, 2021 pursuant to 11 U.S.C. § 1121(d)(1), and the corresponding solicitation period through and including May 21, 2021, as well as granting any further relief which the Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on December 22, 2020, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing upon the Registered Users set forth on the attached **Exhibit 1** and via U.S. Mail upon the parties listed on the Manual Notice List. A copy will be served by mail along with the Notice of Hearing once docketed and a certificate of service will be filed.

 s/ Joshua W. Dobin
Joshua W. Dobin, Esquire
Florida Bar No. 93696
jdobin@melandbudwick.com
Meaghan E. Murphy, Esquire
Florida Bar No. 102770
mmurphy@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard, Ste 3200
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Debtors in Possession*

**EXHIBIT 1**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Joaquin J Alemany**   joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- **Scott Andron**   sandron@broward.org, swulfekuhle@broward.org
- **Joseph H Baldiga**   bankrupt@mirickoconnell.com
- **Brian S Behar**   bsb@bgglaw.net
- **David M Blau**   dblau@clarkhill.com
- **Michael S Budwick**   mbudwick@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **David S Catuogno**   david.catuogno@klgates.com, caitlin.conklin@klgates.com
- **Andrew S Conway**   aconway@taubman.com
- **Ryan E Davis**   rdavis@whww.com, thiggens@whww.com;thiggens@ecf.courtdrive.com
- **Joshua W Dobin**   jdobin@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;ltannenbaum@ecf.courtdrive.com;jdobin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Daniel M Eliades**   Daniel.eliades@klgates.com, caitlin.conklin@klgates.com
- **Kate Foley**   kfoley@mirickoconnell.com
- **Robert C Furr**   ltitus@furrcohen.com, atty_furrcohen@bluestylus.com;cworkinger@furrcohen.com;staff1@furrcohen.com
- **Daniel Gielchinsky**   dan@dyglaw.com
- **Ronald E Gold**   rgold@fbtlaw.com, eseverini@fbtlaw.com;khardison@fbtlaw.com
- **Eric S. Golden**   egolden@burr.com, jmorgan@burr.com
- **Ilyse M. Homer**   ihomer@bergersingerman.com, efile@bergersingerman.com;mdiaz@bergersingerman.com;efile@ecf.inforuptcy.com
- **Jeannie Kim**   jekim@sheppardmullin.com, dgatmen@sheppardmullin.com
- **Ian J Kukoff**   ian.kukoff@blaxgray.com, kukoff.assistant@blaxgray.com;isabel.colleran@blaxgray.com
- **David Kupetz**   dkupetz@sulmeyerlaw.com
- **Robert L LeHane**   kdwbankruptcydepartment@kelleydrye.com
- **Ilan Markus**   imarkus@barclaydamon.com, docketing@barclaydamon.com
- **Orfelia M Mayor**   ecf@mayorbankruptcy.com, mayor.orfeliar100728@notify.bestcase.com
- **James C. Moon**   jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Kevin S Neiman**   kevin@ksnpc.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov

- **Chad S Paiva**  trustee.paiva@gmail.com, michaelbollingpa@gmail.com,sramirez.fbp@gmail.com
- **Kristen N Pate**  bk@brookfieldpropertiesretail.com
- **Hampton Peterson**  legalservices@PBCTax.com
- **Michael S Provenzale**  michael.provenzale@lowndes-law.com, anne.fisher@lowndes-law.com
- **Heather L. Ries**  hries@foxrothschild.com, ralbert@foxrothschild.com
- **Grace E. Robson**  grobson@mrthlaw.com, mrthbkc@gmail.com,lgener@mrthlaw.com,grobson@ecf.courtdrive.com
- **Javier A Roldan Cora**  javier.roldancora@klgates.com
- **Steven D Schneiderman**  Steven.D.Schneiderman@usdoj.gov
- **Eric J Silver**  esilver@stearnsweaver.com, rross@stearnsweaver.com;larrazola@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com;Atty_arrazola@bluestylus.com
- **Louis G Spencer**  louis@alexanderricks.com, dana@alexanderricks.com
- **Ronald M Tucker**  rtucker@simon.com, cmartin@simon.com;bankruptcy@simon.com
- **Michael S Waskiewicz**  mwaskiewicz@burr.com, sguest@burr.com
- **Gillian D Williston**  gillian.williston@troutman.com, fslecfintake@troutman.com;ethan.ostroff@troutman.com;richard.hagerty@troutman.com;carter.nichols@troutman.com

**Manual Notice List**

**Ricki S. Friedman**
1 Huckleberry Lane
Hewlett Harbor, NY 11557

**Steven W. Golden**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024

**Leslie C. Heilman**
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, DE 19801-3034

**Michael R. Herz**
Fox Rothschild LLP
49 Market Street
Morristown, NJ 07960

**Indianola Pecan House Inc**
PO Box 367

Indianola, MS 38751

**Paul J. Labov**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024

**Robert LeHane**
Kelly Drye & Warren LLP
101 Park Avenue, 29th Floor
New York, NY 10178

**Miami-Dade County Tax Collector**
Peter K. Cam, Tax Collector
c/o Alexis Gonzalez
200 NW 2nd Avenue, Suite 430
Miami, FL 33128

**Minnesota Department of Revenue**
POB 64447-BKY
St Paul, MN 55164-0447

**NEST International, Inc.**
Donald K Ludman, Esq
6 North Broad Street #100
Woodbury, NJ 08096

**Ernie Zachary Park**
13215 E Penn St #510
Whittier, CA 90602

**Playvisions Inc**
19180- 144th Ave NE
Woodinville, WA 98072

**Laurel D. Roglen**
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, DE 19801-3034

**Bradford J. Sandler**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024

**Bradsford J. Sandler**
Pachulski Stang Ziehl & Jones LLP
919 North Market Street
17th Floor
Wilmington, DE 19801

**Stribbons**
2921 W Cypress Creek Rd #101
Ft. Lauderdale, FL 33309

**Troy Taylor**
c/o Algon Group
2457 Collins Ave PH 2
Miami Beach, FL 33140

**Tokidoki LLC**
5655 W Adams Blvd
Los Angeles, CA 90016

**Michael J. Viscount**
Fox Rothschild LLP
1301 Atlantic Avenue, Suite 400
Atlantic City, NJ 08401-7212

**Sean T. Wilson**
Kelley Drye & Warren LLP
101 Park Avenue, 27th Floor
New York, NY 10178

**Hayley R. Winograd**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024