UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

It'Sugar FL I LLC, *et al*.,

       Debtors.

_____/

Case No. 20-20259-RAM
(Jointly Administered)

Chapter 11

## APPLICATION OF THE DEBTORS FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BRIAN R. KOPELOWITZ, ESQ. AND THE LAW FIRM OF KOPELOWITZ OSTROW, P.A. AS SPECIAL COUNSEL *NUNC PRO TUNC* TO OCTOBER 1, 2020

It'Sugar FL I LLC, It'Sugar LLC, It'Sugar Atlantic City LLC, and It'Sugar FLGC LLC (collectively, "***It'Sugar***" or "***Debtors***"), by and through undersigned counsel, respectfully requests an Order of the Court, pursuant to § 327(e) of Title 11 of the United States Code, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida, authorizing the employment and retention of Brian R. Kopelowitz, Esquire ("***Special Counsel***") and the Law Firm of Kopelowitz Ostrow, P.A. (the "***Firm***") *nunc pro tunc* to October 1, 2020 to represent the Debtors in this case as its special counsel, and states:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Florida (the "***Court***") has jurisdiction over the Debtors, property of the Debtors' estates and this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

1

2.      This Application is authorized by 11 U.S.C. §§ 327(e) and 330 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Local Rules 2014-1 and 2016-1.

3.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.      The Debtors operate as a single business and are known throughout the industry as It'Sugar. It'Sugar is a specialty candy retailer whose products include bulk candy, candy in giant packaging, and licensed and novelty items. It'Sugar's portfolio includes approximately 100 retail locations across 28 states.

5.      On September 22, 2020 (the "*Petition Date*"), each of the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code. Each Debtor continues to operate its business and manage its properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

## RELIEF REQUESTED

6.      The Debtors desire to employ and retain Special Counsel and the Firm *nunc pro tunc* to October 1, 2020 as its special counsel for the purpose of negotiating several ongoing distribution agreements and license agreements with respect to It'Sugar fulfillment and It'Sugar locations in New Jersey and New York. The Firm formerly represented the Debtors in various contractual and lease transactions.

7.      The Debtors desire to retain Special Counsel and the Firm to represent them in the negotiation of several ongoing distribution and license agreements as set forth in the Engagement Letter attached hereto as "**Exhibit A**" because: (a) Special Counsel has extensive experience and knowledge relating to same, (b) Special Counsel is very familiar with the Debtors' businesses

especially as it relates to the scope of proposed employment, and (c) the Debtors believe Special Counsel is both able and uniquely qualified to represent them in these Chapter 11 Cases for the limited purposes described below.

8.      The professional services Special Counsel and the Firm may be required to render, in a special counsel role, include but are not limited to ("***Professional Services***"):

9.      Negotiating several ongoing distribution agreements and license agreements with respect to It'Sugar fulfillment and It'Sugar locations in New Jersey and New York. The Debtors believe that Special Counsel and the Firm are duly qualified to perform the requested Professional Services.

10.      The Firm's proposed compensation shall continue at the Firm's previously agreed upon hourly rates with the Debtors at $375.00 for partners, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

11.      No agreement exists, nor will any be made, to share any compensation received by the Firm for its services with any other person or firm, except as permitted by 11 U.S.C. § 504(b) and Bankruptcy Rule 2016.

12.      No promises have been made to or received by the Firm as to payment or compensation in connection with these bankruptcy cases other than in accordance with the provisions of the United States Bankruptcy Code an applicable Bankruptcy Rules.

13.      To the best of the Debtor's knowledge, and as set forth in the proposed attorney's declaration ("***Kopelowitz Declaration***") attached to this motion as **Exhibit B** Special Counsel and the Firm do not have an adverse interest with respect to the matter on which Special Counsel and the Firm are to be employed as required by 11 U.S.C. § 327(e).

14. The Firm intends to apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred on or after the Petition Date in connection with this Chapter 11 case on an hourly basis, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the United States Trustee for the Southern District of Florida and any further orders of this Court.

## **NUNC PRO TUNC RELIEF IS APPROPRIATE**

15. Pursuant to the Debtors' request, Special Counsel and the Firm have agreed to serve as special counsel on and after October 1, 2020 with assurances that the Debtors would seek approval of its employment and retention *nunc pro tunc* to October 1, 2020 so that the Firm may be compensated for its pre-Application services. The Debtors believe that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as provided in this Application, because Special Counsel and the Firm have provided, and continue to provide, valuable services to the Debtors' estates in the interim period.

16. The Debtors further request authority for Special Counsel and the Firm to maintain time records in support of any application for compensation and reimbursement of costs with respect to the Debtors on a consolidated basis without the necessity for tracking time separately as to each Debtor inasmuch as It'Sugar LLC pays for each of the Debtors' expenses.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

WHEREFORE, the Debtor respectfully requests entry of an order in the form attached hereto as **Exhibit C** (i) authorizing the employment and retention of Special Counsel and the Firm *nunc pro tunc* to October 1, 2020, as special counsel to the Debtors in these chapter 11 cases on a general retainer, pursuant to 11 U.S.C. §§ 327(e) and 330; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: December 23, 2020.

 s/ James C. Moon
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Debtors*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on December 23, 2020, via the Court's Notice of Electronic Filing upon Registered Users set forth on the attached **Exhibit 1** and via U.S. Mail upon the parties listed on the attached Manual Notice List and upon the parties listed on the Master Service List, attached as **Exhibit 2**.

 s/ James C. Moon
James C. Moon, Esquire

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Joaquin J Alemany**    joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- **Scott Andron**    sandron@broward.org, swulfekuhle@broward.org
- **Joseph H Baldiga**    bankrupt@mirickoconnell.com
- **Brian S Behar**    bsb@bgglaw.net
- **David M Blau**    dblau@clarkhill.com
- **Michael S Budwick**    mbudwick@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;mbudwick@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **David S Catuogno**    david.catuogno@klgates.com, caitlin.conklin@klgates.com
- **Andrew S Conway**    aconway@taubman.com
- **Ryan E Davis**    rdavis@whww.com, thiggens@whww.com;thiggens@ecf.courtdrive.com
- **Joshua W Dobin**    jdobin@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;ltannenbaum@ecf.courtdrive.com;jdobin@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Daniel M Eliades**    Daniel.eliades@klgates.com, caitlin.conklin@klgates.com
- **Kate Foley**    kfoley@mirickoconnell.com
- **Robert C Furr**    ltitus@furrcohen.com, atty_furrcohen@bluestylus.com;cworkinger@furrcohen.com;staff1@furrcohen.com
- **Daniel Gielchinsky**    dan@dyglaw.com
- **Ronald E Gold**    rgold@fbtlaw.com, eseverini@fbtlaw.com;khardison@fbtlaw.com
- **Eric S. Golden**    egolden@burr.com, jmorgan@burr.com
- **Ilyse M. Homer**    ihomer@bergersingerman.com, efile@bergersingerman.com;mdiaz@bergersingerman.com;efile@ecf.inforuptcy.com
- **Jeannie Kim**    jekim@sheppardmullin.com, dgatmen@sheppardmullin.com
- **Ian J Kukoff**    ian.kukoff@blaxgray.com, kukoff.assistant@blaxgray.com;isabel.colleran@blaxgray.com
- **David Kupetz**    dkupetz@sulmeyerlaw.com
- **Robert L LeHane**    kdwbankruptcydepartment@kelleydrye.com
- **Ilan Markus**    imarkus@barclaydamon.com, docketing@barclaydamon.com

Exhibit 1

- **Orfelia M Mayor**    ecf@mayorbankruptcy.com, mayor.orfeliar100728@notify.bestcase.com
- **James C. Moon**    jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Kevin S Neiman**    kevin@ksnpc.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Chad S Paiva**    trustee.paiva@gmail.com, michaelbollingpa@gmail.com,sramirez.fbp@gmail.com
- **Kristen N Pate**    bk@brookfieldpropertiesretail.com
- **Hampton Peterson**    legalservices@PBCTax.com
- **Michael S Provenzale**    michael.provenzale@lowndes-law.com, anne.fisher@lowndes-law.com
- **Heather L. Ries**    hries@foxrothschild.com, ralbert@foxrothschild.com
- **Grace E. Robson**    grobson@mrthlaw.com, mrthbkc@gmail.com,lgener@mrthlaw.com,grobson@ecf.courtdrive.com
- **Javier A Roldan Cora**    javier.roldancora@klgates.com
- **Steven D Schneiderman**    Steven.D.Schneiderman@usdoj.gov
- **Eric J Silver**    esilver@stearnsweaver.com, rross@stearnsweaver.com;larrazola@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com;Atty_arrazola@bluestylus.com
- **Louis G Spencer**    louis@alexanderricks.com, dana@alexanderricks.com
- **Ronald M Tucker**    rtucker@simon.com, cmartin@simon.com;bankruptcy@simon.com
- **Michael S Waskiewicz**    mwaskiewicz@burr.com, sguest@burr.com
- **Gillian D Williston**    gillian.williston@troutman.com, fslecfintake@troutman.com;ethan.ostroff@troutman.com;richard.hagerty@troutman.com;carter.nichols@troutman.com

## Manual Notice List

**Ricki S. Friedman**
1 Huckleberry Lane
Hewlett Harbor, NY 11557

**Steven W. Golden**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024

**Leslie C. Heilman**
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, DE 19801-3034

**Michael R. Herz**
Fox Rothschild LLP
49 Market Street
Morristown, NJ 07960

**Indianola Pecan House Inc**
PO Box 367
Indianola, MS 38751

**Paul J. Labov**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024

**Robert LeHane**
Kelly Drye & Warren LLP
101 Park Avenue, 29th Floor
New York, NY 10178

**Miami-Dade County Tax Collector**
Peter K. Cam, Tax Collector
c/o Alexis Gonzalez
200 NW 2nd Avenue, Suite 430
Miami, FL 33128

**Minnesota Department of Revenue**
POB 64447-BKY
St Paul, MN 55164-0447

**NEST International, Inc.**
Donald K Ludman, Esq
6 North Broad Street #100
Woodbury, NJ 08096

**Ernie Zachary Park**
13215 E Penn St #510
Whittier, CA 90602

**Playvisions Inc**
19180- 144th Ave NE
Woodinville, WA 98072

**Laurel D. Roglen**
Ballard Spahr LLP
919 North Market Street, 11th Floor
Wilmington, DE 19801-3034

**Bradford J. Sandler**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024

**Bradsford J. Sandler**
Pachulski Stang Ziehl & Jones LLP
919 North Market Street
17th Floor
Wilmington, DE 19801

**Stribbons**
2921 W Cypress Creek Rd #101
Ft. Lauderdale, FL 33309

**Troy Taylor**
c/o Algon Group
2457 Collins Ave PH 2
Miami Beach, FL 33140

**Tokidoki LLC**
5655 W Adams Blvd
Los Angeles, CA 90016

**Michael J. Viscount**
Fox Rothschild LLP

1301 Atlantic Avenue, Suite 400
Atlantic City, NJ 08401-7212

**Sean T. Wilson**
Kelley Drye & Warren LLP
101 Park Avenue, 27th Floor
New York, NY 10178

**Hayley R. Winograd**
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue
34th Floor
New York, NY 10017-2024

**U.S. Trustee:** *(Notice provided via NEF)*
Office of The United States Trustee
51 SW First Avenue, Room 1204
Miami, FL 33130

**Debtors-in-Possession:** *(via U.S. Mail)*
It'Sugar FL I LLC
19501 Biscayne Blvd
Suite 1313
Aventura, FL 33180

It'Sugar LLC, It'Sugar Atlantic
City LLC and It'Sugar FLGC LLC
4960 Conference Way N, Ste 100
Boca Raton, FL 33431

**Debtor-in-Possession's Attorney:**
*(Notice provided via NEF)*
Michael S. Budwick, Esquire
Joshua W. Dobin, Esquire
James C. Moon, Esquire
Meland Budwick, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131

**Secured Creditors:** *(via U.S. Mail)*
SHL Holdings, Inc.
401 E Las Olas Blvd
Ste 800
Fort Lauderdale, FL 33301

Avon Brothers, Inc. dba
Avon Contractors
5021 Industrial Rd
Farmingdale, NJ 07727

R Baker & Son All
Industrial Svcs Inc NJ
190 Boundary Rd
Marlboro, NJ 07746

**United States and its agencies:**
*(via U.S. Mail)*
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Services
Insolvency Unit
7850 S.W. 6th Court
Mail Stop 5730
Plantation, FL 33324

**Notice of Appearances:**
*(Notice provided via NEF
Upon Registered Users)*

*Attorneys for Brookfield Properties Retail,
Inc.*
Kristen N. Pate, Esq.
Brookfield Properties Retail, Inc., as Agent
350 N. Orleans Street, Suite 300
Chicago, IL 60654-1607

*Attorneys for Anne M. Gannon,
Constitutional Tax Collector*
Hampton Peterson, Esq.
Palm Beach County Tax Collector's Office
P.O. Box 3715
West Palm Beach, Florida 33402-3715

*Attorneys for Simon Property Group*
Ronald M. Tucker, Esq.
225 West Washington Street
Indianapolis, Indiana 46204

*Attorneys for 117 Duval, LLC*
Daniel Y. Gielchinsky, Esq.
Daniel Y. Gielchinsky, P.A.
1132 Kane Concourse, Suite 204
Bay Harbor Islands, Florida 33154

Exhibit 2

## MASTER SERVICE LIST PER LOCAL RULE 2002-1(H)

*Attorneys for Taubman Landlords*
Andrew S. Conway, Esq.
200 East Long Lake Road
Suite 300
Bloomfield Hills, Michigan 48304

*Attorneys for SHL Holdings, Inc.*
Eric J. Silver, Esq.
Stearns Weaver Miller
Weissler Alhadeff & Sitterson, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130

*Attorneys for Broward County, Florida*
Andrew J. Meyers, Esq.
Broward County Attorney
Governmental Center, Suite 423
115 South Andrews Avenue
Fort Lauderdale, Florida 33301

*Attorneys for DRM Opco, LLC*
*and Vestar RW Tempe Marketplace, LLC*
David M. Blau, Esq.
c/o Clark Hill, PLC
151 S. Old Woodward Ave., Ste. 200
Birmingham, MI 48009

*Attorneys for Westfield, LLC, Pyramid*
*Management Group, LLC*
Niclas A. Ferland, Esq.
Ilan Markus, Esq.
Barclay Damon LLP
545 Long Wharf Drive, 9th Floor
New Haven, CT 06511

*Attorneys for Westfield, LLC, Pyramid*
*Management Group, LLC*
Kevin Newman, Esq.
Barclay Damon LLP
80 State Street
Albany, NY 12207

*Attorneys for IMI Huntsville LLC*
Eric S. Golden, Esq.
Burr & Forman LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801

*Attorneys for Erst 1542 Third Avenue, LLC*
Brian S. Behar, Esquire
Behar, Gutt & Glazer, P.A.
Dcota Suite A -350
1855 Griffin Road
Fort Lauderdale, Fl 33004

*Attorneys for Broadway Mercer Assoc.*
Daniel M. Eliades, Esq.
David S. Catuogno, Esq.
K&L GATES LLP
One Newark Center, Tenth Floor
1085 Raymond Boulevard
Newark, New Jersey 07102

*Attorneys for The Macerich Company and*
*Federal Realty Investment Trust*
Joaquin J. Alemany, Esq.
Florida Bar No. 662380
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131

*Attorneys for The Macerich Company and*
*Federal Realty Investment Trust*
Leslie C. Heilman, Esquire
Laurel D. Roglen, Esquire
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801-3034

## MASTER SERVICE LIST PER LOCAL RULE 2002-1(H)

*Attorneys for The Macerich Company and*
*Federal Realty Investment Trust*
Dustin P. Branch, Esquire
BALLARD SPAHR LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

*Attorneys for The Macerich Company and*
*Federal Realty Investment Trust*
David L. Pollack, Esquire
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

*Attorneys for Domain Northside Retail*
*Property Owner LP*
Kevin S. Neiman, Esq.
Law Offices of Kevin S. Neiman, pc
999 18th Street, Suite 1230 S
Denver, CO 80202

*Attorneys for Shopcore Properties, L.P.,*
*Tanger Properties Limited Partnership and*
*Turnberry Associates*
Robert L. LeHane, Esq.
Sean T. Wilson, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

*Attorneys for Washington Prime Group, Inc.*
Ronald E. Gold, Esq.
Erin P. Severini, Esq.
Kendal Hardison, Esq.
Frost Brown Todd LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202

*Attorneys for MV Rolling Oaks Retail, LLC*
Michael S. Provenzalem Esq.
Lowndes, Drosdick, Doster, Kantor and
Reed, P.A.
215 N. Eola Drive
Orlando, Florida 32801

*Attorneys for Hill Partners, Inc. as agent*
*For MCA Promenade Owner, LLC*
Chad S. Paiva, Esq.
Fender, Bolling, and Paiva, P.A.
6526 S. Kanner Highway, #376
Stuart, FL 34997

*Attorneys for Liberty Center LLC*
Gillian D. Williston, Esq.
Troutman Pepper Hamilton Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462

*Attorneys for Daytona Beach Property*
*Holdings Retail, LLC*
Ryan E. Davis, Esq.
Winderweedle, Haines, Ward
& Woodman, P.A.
329 Park Avenue North
Second Floor
Winter Park, FL 32789

*Attorneys for Downtown Delray*
*Holdings, LLC*
Robert C. Furr, Esq.
Furr and Cohen, P.A.
2255 Glades Road
Suite 301E
Boca Raton, FL 33431

*Attorneys for Victory Retail I, L.P.*
Louis G. Spencer, Esq.
Alexander Ricks PLLC
1420 E. 7th Street, Suite 100
Charlotte, NC 28204

## MASTER SERVICE LIST PER LOCAL RULE 2002-1(H)

*Attorneys for Shopcore Properties, LP,*
*Tanger Properties Limited Partnership and*
*Turnberry Associates*
Grace E. Robson, Esq.
Markowitz Ringel Trusty & Hartog, PA
101 NE Third Ave., Suite 1210
Fort Lauderdale, FL 33301

*Pro Hac Vice Counsel for Shopcore*
*Properties, LP, Tanger Properties Limited*
*Partnership and Turnberry Associates*
Sean T. Wilson, Esq.
Robert L. LeHane, Esq.
Kelley Drye & Warren LLP
101 Park Avenue, 27th Floor
New York, NY 10178

*Attorneys for Victory Retail I, L.P.*
Louis G. Spencer, Esq.
Alexander Ricks PLLC
1420 E. 7th Street, Suite 100
Charlotte, NC 28204

*Attorneys for Irvine Company, LLC*
Ernie Zachary Park, Esq.
Bewley, Lassleben & Miller, LLP
13215 E. Penn St., Suite 510
Whittier, CA 90602

*Attorneys for Market Street South, LLC*
*and Legacy Place Properties, LLC*
Joseph H. Baldiga, Esq.
Kate P. Foley, Esq.
Mirick, O'Connell, DeMallie
& Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581

*Attorneys for Official Committee*
*of Unsecured Creditors*
Heather L. Ries, Esquire
Michael J. Viscount, Jr., Esquire
Michael R. Herz, Esquire
Fox Rothschild LLP
777 South Flagler Drive
Suite 1700 West Tower
West Palm Beach, FL 33401

*Attorneys for Official Committee*
*of Unsecured Creditors*
Bradford J. Sandler, Esquire
Paul J. Labov, Esquire
Steven W. Golden, Esquire
Hayley R. Winograd, Esquire
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024

*Attorneys for Singer Coney, LLC*
Ilyse M. Homer, Esq.
Berger Singerman LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131

*Attorneys for Jay Paul Company*
Sheppard Mullin Richter & Hampton LLP
Attn: Douglas Van Gessel
Attn: Jeannie Kim
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109

*Attorneys for Jack's Candy Company*
*and Consolidated Service Distributors, Inc.*
David S. Kupetz, Esq.
SULMEYERKUPETZ
333 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071

## MASTER SERVICE LIST PER LOCAL RULE 2002-1(H)

*Attorneys for BBMK Contracting, LLC*
Ian J. Kukoff, Esq.
Blaxberg, Grayson, Kukoff & Forteza, P.A.
25 S.E. Second Avenue
Miami, Florida 33131

**Request for Service:**
*(Via U.S. Mail)*

Miami-Dade County Tax Collector
Peter K. Cam, Tax Collector
c/o Alexis Gonzalez
200 NW 2nd Avenue, Suite 430
Miami, FL 33128

**Committee Members:**
*(via U.S. Mail)*

Ronald M. Tucker
Vice President /Bankruptcy Counsel
Simon Property Group, Inc., and its affiliates
225 West Washington Street
Indianapolis, IN 46204

Minaz Ahamed. CEO
Jack's Candy Company
777 S. Central Ave.
Los Angeles, CA 90021

Julie Minnick Bowden
National Bankruptcy Director
Brookfield Properties Retail, Inc.
350 N. Orleans St., Suite #300
Chicago, IL 60654

Kevin Gottlieb
KRG Enterprises, Inc,
9901 Blue Grass Road
Philadelphia, PA 19114

Les Stier
Nassau Candy Distributors, Inc.
530 W. John St.
Hicksville, NY 11801

**KO** LAWYERS

**KOPELOWITZ OSTROW**
FERGUSON WEISELBERG GILBERT

One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301

Telephone: 954.525.4100
Facsimile: 954.525.4300

October 1, 2020

IT'SUGAR FL I, LLC
IT'SUGAR LLC
IT'SUGAR ATLANTIC CITY, LLC
IT'SUGAR FLGC, LLC
Attention: Anton Gladnikov
4960 Conference Way North, Suite 100
Boca Raton, FL 33431

  **Re:**   *Engagement as Counsel*

Dear Mr. Gladnikov:

  Thank you for retaining Kopelowitz Ostrow, P.A. to represent IT'SUGAR FL I, LLC, IT'SUGAR LLC, IT'SUGAR ATLANTIC CITY, LLC, and IT'SUGAR FLGC, LLC with respect to ongoing contractual needs for pending retail and distribution programs. We look forward to serving your needs in this matter and establishing a mutually satisfactory relationship.

  The purpose of this letter is to confirm our engagement as counsel, subject to bankruptcy court approval, and to provide you with certain information concerning our fees, billing and collection policies, and other terms that will govern our relationship. Although we do not wish to be overly formal in our relationship with you, we have found it a helpful practice to confirm with our clients the nature and terms of our representation. Attached to this letter are our standard terms of engagement, the receipt of which you acknowledge by your signature below. Please review our standard terms of engagement and let me know if you have any questions concerning our policies.

  We will bill you on a discounted hourly basis for our services rendered on your behalf in the amount of $375.00.

  We will issue monthly bills for our services rendered including any costs that have been incurred. Our invoices are due when issued. Should the bills exceed the amount on deposit, any overage is due at the time the bill is issued.

  If the terms described above and in the attached terms of engagement are satisfactory, please so indicate by signing this letter and returning the signed letter to me.

MIAMI - FORT LAUDERDALE - BOCA RATON  Exhibit A

Thank you again for the trust and confidence you are placing with our firm.  We look forward to working with you to bring these matters to a successful conclusion.

Sincerely,

BRIAN R. KOPELOWITZ
For the Firm

Approved this 1st day of October, 2020.

By: _____
    IT'SUGAR FL I, LLC

By: _____
    IT'SUGAR LLC

By: _____
    IT'SUGAR ATLANTIC CITY, LLC

By: _____
    IT'SUGAR FLGC, LLC

# TERMS OF ENGAGEMENT

We appreciate your decision to retain KOPELOWITZ OSTROW P.A. as your legal counsel.  This document explains how we work, our obligations to you, your obligations to us, what we will do on your behalf, and how our charges will be determined and billed.

Our engagement and the services that we will provide to you are limited to the matter identified in the accompanying letter.  Any changes in the scope of our representation as described in the letter must be approved in writing.  We will provide services of a strictly legal nature related to the matters described in that letter.  You will provide us with the factual information and materials we require to perform the services identified in the letter, and you will make such business or technical decisions and determinations as are appropriate.  You will not rely on us for business, investment, or accounting decisions, or expect us to investigate the character or credit of persons or entities with whom you may be dealing, unless otherwise specified in the letter.

## Confidentiality and Related Matters

As a matter of professional responsibility, we are required to preserve the confidences and secrets of our clients.  This professional obligation and the legal privilege for attorney-client communications exist to encourage candid and complete communication between a client and his lawyer.  We can perform beneficial services for a client only if we are aware of all information that might be relevant to our representation.  Consequently, we trust that our attorney-client relationship with you will be based on mutual confidence and unrestrained communication to facilitate our proper representation of you.

## Fees and Billing

When establishing fees for services that we render, we are guided primarily by the time and labor required, although we also consider other appropriate factors, such as the novelty and difficulty of the legal issues involved; the legal skill required to perform the particular assignment; time-saving use of resources (including research, analysis, data and documentation) that we have previously developed and stored electronically or otherwise in quickly retrievable form; the fee customarily charged by comparable firms for similar legal services; the amount of money involved or at risk and the results obtained; and the time constraints imposed by either the client or the circumstances. The firm generally requires a retainer in an amount that is appropriate with respect to the proposed representation.  We generally will apply our services rendered to your fee deposit.  When the fee deposit is at or near exhaustion, we may ask you to replenish the deposit, and you agree to do so.  Alternatively, and unless otherwise agreed, the retainer may be applied to the last statement rendered in connection with the representation, with any unused portion being returned to you.  We record and bill our time in one-tenth hour (six minute) increments.

**Out-of-Pocket Expenses.**  In addition to legal fees, our statements may include out-of-pocket expenses that we have advanced on your behalf and our internal charges (which may exceed direct costs and allocated overhead expenses) for certain support activities.  Alternatively, we may charge for such internal charges as a percentage of the fees charged.  Although we typically do not advance expenses when outside service providers are required, advanced expenses generally may include such items as travel, postage that is distinct from regular U.S. mail, filing, recording, certification, and registration fees charged by governmental bodies.  Our internal charges typically include such items as overnight courier services, certain charges for terminal time for computer research and complex document production.  We may request an advance cost deposit (in addition to the advance fee deposit) when we expect that we will be required to incur substantial costs on behalf of the client.  You agree that if required to travel in connection with your matter, we may arrange "first class" accommodations and transportation.

During the course of our representation, it may be appropriate to hire third parties to provide services on your behalf.  These services may include such things as consulting or testifying experts, investigators, providers of computerized litigation support, and court reporters.  Because of the legal "work product" protection afforded to services that an attorney requests from third parties, in certain situations our firm may assume responsibility for retaining the appropriate service providers.  Even if we do so, however, you will be responsible for paying all fees and expenses directly to the service providers or reimbursing us for these expenses.  You agree that we may instruct the foregoing service providers to bill you directly for their services rendered.

**Billing.**  We bill periodically through-out the engagement for a particular matter, and our periodic statements are due when rendered.  If our fees are based primarily on the amount of our time devoted to the matter, our statements will be rendered monthly. In instances in which we represent more than one person with respect to a matter, each person that we represent is jointly and severally liable for our fees and expenses with respect to the representation.  Our statements contain a concise summary of each matter for which legal services are rendered and a fee is charged.

If our statements are not paid in a timely manner, we reserve the right to discontinue services.  You agree we may assert an attorney's lien on your file if we are not timely paid, thereby retaining all documents provided to us in connection with your matter until payment is received or adequate assurance of payment (acceptable to us in our sole discretion) is received.  You also agree that if we are not timely paid or are discharged from your matter, we may assert a "charging lien" on your file as a lien against proceeds which may be recovered by you or on your behalf.  If our statement has not been paid within 30 days from the date of the statement, we impose an interest charge of 1.25 percent per month (a 15 percent annual percentage rate) from the 30th day after the date of the statement until it is paid in full.  Interest charges apply to specific monthly statements on an individual statement basis. Any payments made on past due statements are applied first to the oldest outstanding statement.  We are entitled to attorneys' fees and expenses if collection activities are necessary.  We will be paid in full if discharged from any matter we are handling for you.

You agree that we are authorized to and may receive settlement monies on your behalf, and that we may deduct from those funds the amount of your outstanding bills and costs which have been incurred in connection with the matter for which the monies were received (and any other matter on which we may be working for you) before remitting the balance of those settlement monies to you. Additionally, if we are holding monies in trust for your benefit, you authorize us to apply those trust monies to any of your outstanding invoices before remitting the balance of the funds in trust to you.

***Questions About Our Bills.*** We invite you to discuss with us any questions that you have concerning a fee charged for any matter. We want you to be satisfied with the quality of our services and the reasonableness of the fees that we charge for those services. We will attempt to provide as much billing information as you require and in such customary form that you desire.

***Your File.*** You agree that we may dispose of any and all files we have maintained in connection with any matter we handle for you so long as we maintain the file for at least one year after our representation of you is concluded. If you want your file and/or any papers within it, you agree that it is and will be your obligation to contact us and to request that your file be delivered to you at our offices, or you will pre-pay us for delivery of your file to such location as you may request. If you do not contact us, you agree that we can consider your file to have been abandoned by you, and that we are not required to give you any notice regarding the disposal of your file and that we may dispose of it and everything within it.

### Termination

Upon completion of the matter to which this representation applies, or upon earlier termination of our relationship, the attorney-client relationship will end unless you and we have expressly agreed to a continuation with respect to other matters. We hope, of course, that such a continuation will be the case. The representation is terminable at will by either of us. The termination of the representation will not terminate your obligation to pay fees and expenses incurred prior to the termination.

\*      \*      \*      \*      \*

Your agreement to this engagement constitutes your acceptance of the foregoing terms and conditions. If any of them is unacceptable to you, please advise us now so that we can resolve any differences and proceed with a clear, complete, and consistent understanding of our relationship.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Chapter 11

IT'SUGAR FL I LLC,                         Case No. 20-20259-RAM
IT'SUGAR LLC,                              Case No. 20-20261-RAM
IT'SUGAR ATLANTIC CITY LLC,                Case No. 20-20263-RAM
IT'SUGAR FLGC LLC,                         Case No. 20-20264-RAM
                                           (Joint Administration *pending*)

                    Debtors.
_____/

## DECLARATION OF BRIAN R. KOPELOWITZ

Brian R. Kopelowitz, being duly sworn, says:

1.      I am an attorney admitted to practice in the State of Florida and the United States

District Court for the Southern District of Florida.

2.      I am a shareholder and employed by the law firm of Kopelowitz Ostrow, P.A.

(**"KO"**) with offices located at One West Las Olas Boulevard, Suite 500, Fort Lauderdale, Florida

33301.

3.      I am familiar with the matters set forth herein and make this declaration

(**"Declaration"**) in support of the application (**"Application"**) of It'Sugar FL I LLC; It'Sugar LLC;

II'Sugar Atlantic City LLC; and It'Sugar FLGC LLC ("**Debtors**") for authority to employ and

retain KO as attorneys for the Debtors for the purpose of negotiating several ongoing distribution

agreements and license agreements with respect to It'Sugar fulfillment and It'Sugar locations in

New Jersey and New York locations. KO proposes to charge its normal hourly rates in effect from

time to time (less a 25% discount to be applied to each invoice consistent with pre-petition billing)

and in accordance with KO's normal reimbursement policies, in compliance with Bankruptcy

Code sections 327(e), 328(a) and 330, and to provide disclosure required under Rules 2014(a),

1

Exhibit B

2016 and 5002 of the Federal Rules of Bankruptcy Procedure ("***Bankruptcy Rules***") and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida ("***Local Rules***").

4.    KO has served as counsel to the Debtors since April, 2019 for various contractual and lease transactions.  As such, KO is familiar with the Debtors' business and financial affairs and is well qualified to provide the services required by the Debtors.

5.    To the best of my knowledge and information, no member of KO has an interest materially adverse to the interests of the Debtors' estates or to any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, as specified in subparagraph (C) of Section 101(14) of the Bankruptcy Code, or for any other reason.

6.    KO neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

7.    KO discloses the following "connections":

  a)    In the past, and ongoing, KO has represented BBX Capital, Inc. ("BBX") and its subsidiaries, Heartwood 47, LLC, BBX Sweet Holdings, LLC, and Florida Asset Resolution Group, LLC, in various real estate litigation matters, as well as various contract reviews, and other general legal needs as requested by BBX Capital Corp. and its subsidiaries.  Some of those matters are ongoing, but are not related to Debtors.

  b)    From time to time, Brian Kopelowitz has represented BBX officers Seth Wise and Jarett Levan in various personal legal matters.  These representations have concluded and those matters were, at all times, unrelated to the Debtors.

  c)    From time to time, KO has represented BBX Sweet Holdings, LLC in various commercial lease negotiations, and for general legal needs, as requested by BBX Sweet Holdings, LLC.   Additionally, KO represented BBX Sweet Holdings, LLC with respect to the acquisition of Anastasia Confections in Orlando, Florida.

  d)    BBX Capital Florida LLC owns BBX Sweet Holdings LLC, which owns It'Sugar Holdings LLC, which owns 90% of the common membership interest It'Sugar LLC, which owns the other Debtors.

e) KO has purchased products from Hoffman's Chocolates as seasonal gifts. In the aggregate, these purchases were for nominal amounts.

8. Neither I nor our firm has or will represent any other entity in connection with these cases, and neither I nor our firm will accept any fee from any other party or parties in this case, except the Debtors, unless otherwise authorized by the Court.

9. Prepetition, KO was paid the following amounts from the Debtor, It'Sugar LLC:

| | | |
|---|---|---|
| a) | October 23, 2019 | $525.00 |
| b) | November 22, 2019 | $37.50 |
| c) | January 20, 2020 | $13,251.50 |
| d) | February 19, 2020 | $787.50 |
| e) | May 4, 2020 | $6,712.50 |
| f) | May 26, 2020 | $5,304.75 |
| g) | June 15, 2020 | $6,975.00 |
| h) | September 24, 2020 | $300.00 |

10. The professional fees and costs incurred by KO in the course of its representation of the Debtors in these cases shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331 and Bankruptcy Rule 2014 and 2016.

11. There is no agreement of any nature, other than the engagement agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by KO, nor any member or associate thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

12. No attorney at KO holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

13. No attorney at KO is or has served as an officer, director or employee of the Debtors within two years before the Petition Date.

14.     No attorney at KO is in control of the Debtors.

15.     No attorney at KO is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within two years before the Petition Date.

16.     No attorney at KO has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within three years before the Petition Date.

17.     No attorney at KO has any other interest, direct or indirect, that may be affected by the proposed representation.

18.     Except as set forth herein, no attorney at KO has had or presently has any material connection with the captioned Debtors, the Debtors' creditors, any other party in interest or their respective attorneys and accountants, the United States trustee, or any person employed in the Office of the United States trustee, or any matters in which the firm is to be engaged, except that I, KO, or our attorneys, (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of such parties may be involved; and (ii) may represent or may have represented certain of the Debtors' creditors, in matters unrelated to these cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _12/23/20_ , 2020.

BRIAN R. KOPELOWITZ

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 20-20259-RAM
                                                          (Jointly Administered)
It'Sugar FL I LLC, *et al.,*

    Debtors.                                              Chapter 11

_____/

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BRIAN R.
KOPELOWITZ, ESQ. AND THE LAW FIRM OF KOPELOWITZ OSTROW, P.A.
AS SPECIAL  COUNSEL *NUNC PRO TUNC* TO OCTOBER 1, 2020**

    **THIS MATTER** came before the Court on _____, at _____. upon the hearing

to consider the *Application of the Debtors for an Order Authorizing the Employment and*

*Retention of Brian R. Kopelowitz, Esquire and the Law Firm of Kopelowitz Ostrow, P.A. as*

*Special Counsel Nunc Pro Tunc to October 1, 2020* [ECF No. ___] (the ***"Application"***), pursuant

to § 327(e) of Title 11 of the United States Code (the ***"Bankruptcy Code"***), Rules 2014(a), 2016

and 6003 of the Federal Rules of Bankruptcy Procedure (the ***"Bankruptcy Rules"***) and Rules

2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern

1

Exhibit C

District of Florida (the *"Local Rules"*); the Court having reviewed the Application, the declaration of Brian R. Kopelowitz, Esq. in support of the Application, (the **"Kopelowitz Declaration"**); the Court being satisfied based upon the representations made in the Application and the Kopelowitz Declaration that (a) Brian R. Kopelowitz, Esquire ("**Special Counsel**") and the Law Firm of Kopelowitz Ostrow P.A. (the "**Firm**") does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed and Local Rule 2014-1; due and proper notice of the Application having been provided, and after due deliberation and sufficient cause appearing therefore, it is accordingly

      **ORDERED AND ADJUDGED** as follows:

1.    The Application is **GRANTED** *nunc pro tunc* to October 1, 2020.

2.    It'Sugar FL I LLC, It'Sugar LLC ("**ITS** or **Sugar**"), It'Sugar Atlantic City LLC, and It'Sugar FLGC LLC (collectively, the "**Debtors**") are authorized to employ and retain the Firm as their special counsel in these Chapter 11 cases in accordance with the terms and conditions set forth in the Application and this Order.

3.    The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the Southern District of Florida and any other applicable procedures and orders of the Court.

4.    Time records in support of any application for compensation and reimbursement of costs may be maintained by the Firm with respect to the Debtors on a consolidated basis without the necessity for tracking time separately as to each Debtor.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation of this Order.

###

**Submitted By:**
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
Counsel for Debtors
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:      (305) 358-6363
Telefax:          (305) 358-1221

**Copies Furnished To:**
James C. Moon, Esquire, is directed to serve copies of this Order on all parties in interest and to
file a Certificate of Service.